B1 (Official Form 1) (4/10)

| United States Bankruptcy Court<br>**Southern District of New York** | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**TerreStar Networks Inc.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): **32-0003931** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>**12010 Sunset Hills Road**<br>**6th Floor**<br>**Reston, VA**                            ZIPCODE **20190** | Street Address of Joint Debtor (No. & Street, City, State & Zip Code):<br><br><br>ZIPCODE |
| County of Residence or of the Principal Place of Business:<br>**Fairfax** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address)<br><br>ZIPCODE | Mailing Address of Joint Debtor (if different from street address):<br><br>ZIPCODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br><br>ZIPCODE | |

| **Type of Debtor**<br>(Form of Organization)<br>(Check one box.)<br>☐ Individual (includes Joint Debtors)<br>  *See Exhibit D on page 2 of this form.*<br>☑ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | **Nature of Business**<br>(Check one box.)<br>☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☑ Other  **Mobile Communications** | **Chapter of Bankruptcy Code Under Which the Petition is Filed (Check one box.)**<br>☐ Chapter 7            ☐ Chapter 15 Petition for<br>☐ Chapter 9                Recognition of a Foreign<br>☑ Chapter 11              Main Proceeding<br>☐ Chapter 12          ☐ Chapter 15 Petition for<br>☐ Chapter 13              Recognition of a Foreign<br>                                    Nonmain Proceeding |
|---|---|---|
| | **Tax-Exempt Entity**<br>(Check box, if applicable.)<br>☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code). | **Nature of Debts**<br>(Check one box.)<br>☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or house-hold purpose."     ☑ Debts are primarily business debts. |

| **Filing Fee (Check one box)**<br>☑ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (Applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (Applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | **Chapter 11 Debtors**<br>**Check one box:**<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☑ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>**Check if:**<br>☐ Debtor's aggregate noncontingent liquidated debts owed to non-insiders or affiliates are less than $2,343,300 *(amount subject to adjustment on 4/01/13 and every three years thereafter).*<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>**Check all applicable boxes:**<br>☐ A plan is being filed with this petition<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |
|---|---|

**Statistical/Administrative Information**

☑ Debtor estimates that funds will be available for distribution to unsecured creditors.
☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| ☐ 1-49 | ☐ 50-99 | ☐ 100-199 | ☐ 200-999 | ☑ 1,000-5,000 | ☐ 5,001-10,000 | ☐ 10,001-25,000 | ☐ 25,001-50,000 | ☐ 50,001-100,000 | ☐ Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☑ $500,000,001 to $1 billion | ☑ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☑ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**TerreStar Networks Inc.** |
|---|---|

**Prior Bankruptcy Case Filed Within Last 8 Years** (If more than two, attach additional sheet)

| Location<br>Where Filed: | Case Number: | Date Filed: |
|---|---|---|
| Location<br>Where Filed: | Case Number: | Date Filed: |

**Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet)

| Name of Debtor:<br>**See Attached Schedule 1** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A**<br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | **Exhibit B**<br>(To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by § 342(b) of the Bankruptcy Code.<br><br>X _____<br>    Signature of Attorney for Debtor(s)                    Date |
|---|---|

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☑ No  **The Debtor has attached Exhibit "C" to show additional comments.**

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

   ☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

   ☐ Exhibit D also completed and signed by the joint debtor is attached a made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☐ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☑ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____

(Name of landlord or lessor that obtained judgment)

_____

(Address of landlord or lessor)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| **Voluntary Petition** | Name of Debtor(s): |
| *(This page must be completed and filed in every case)* | **TerreStar Networks Inc.** |

## Signatures

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct. | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition. |
| [If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under Chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United State Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. | (Check only one box.) |
| [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b). | ☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached. |
| I request relief in accordance with the chapter of title 11, United States Code, specified in this petition. | ☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached. |
| X _____ <br> Signature of Debtor | X _____ <br> Signature of Foreign Representative |
| X _____ <br> Signature of Joint Debtor | _____ <br> Printed Name of Foreign Representative |
| _____ <br> Telephone Number (If not represented by attorney) | _____ <br> Date |
| _____ <br> Date | |

| **Signature of Attorney\*** | **Signature of Non-Attorney Petition Preparer** |
|---|---|
| X */s/Ira S. Dizengoff* <br> Signature of Attorney for Debtor(s) | I declare under penalty of perjury that: 1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; 2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); 3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached. |
| **Ira S. Dizengoff 2565687** <br> **Akin Gump Strauss Hauer & Feld, LLP** <br> **One Bryant Park** <br> **New York, NY 10036** <br> **(212) 872-1000  Fax: (212) 872-1002** <br> **idizengoff@akingump.com** | |
| | _____ <br> Printed Name and title, if any,  of Bankruptcy Petition Preparer |
| | _____ <br> Social Security Number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.) |
| October 19, 2010 <br> Date | _____ <br> Address |
| \*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | |

| **Signature of Debtor (Corporation/Partnership)** | X _____ |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor. | Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose social security number is provided above. |
| The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition. | _____ <br> Date |
| X _____ <br> Signature of Authorized Individual | Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual: |
| **Jeffrey Epstein** <br> Printed Name of Authorized Individual | |
| **President, CEO** <br> Title of Authorized Individual | If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person. |
| October 19, 2010 <br> Date | *A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.* |

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**Schedule 1**

<u>Pending Bankruptcy Cases Filed by the Debtor or Affiliates of the Debtor</u>

On October 19, 2010, each of the entities listed below (collectively the "***Debtors***") filed a petition in this Court for relief under chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***").  The Debtors have moved for procedural consolidation and joint administration of their chapter 11 cases under the chapter 11 case number assigned to TerreStar Networks Inc.

- TerreStar New York Inc.
- TerreStar Networks Inc.
- Motient Communications Inc.
- Motient Holdings Inc.
- Motient License Inc.
- Motient Services Inc.
- Motient Ventures Holdings Inc.
- MVH Holdings Inc.
- TerreStar License Inc.
- TerreStar National Services Inc.
- TerreStar Networks (Canada) Inc.
- TerreStar Networks Holdings (Canada) Inc.
- 0887729 B.C. Ltd.

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)
Ira S. Dizengoff
Arik Preis
Ashleigh L. Blaylock

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| TERRESTAR NETWORKS INC., *et al.*,[1] | Case No. 10-[_____]( ) |
| Debtors. | Joint Administration Requested |

## EXHIBIT C TO VOLUNTARY PETITION

1.      Identify and briefly describe all real or personal property owned by or in possession of the debtor that, to the best of the debtor's knowledge, poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

      The Debtor does not believe it owns or possesses any real or personal property that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety.  To the extent the Debtor has an interest in such property, to the best of the Debtor's knowledge, the Debtor is in compliance with all applicable laws, including, without limitation, all environmental laws and regulations.

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are: TerreStar New York Inc. (6394); TerreStar Networks Inc. (3931); Motient Communications Inc. (3833); Motient Holdings Inc. (6634); Motient License Inc. (2431); Motient Services Inc. (5106); Motient Ventures Holding Inc. (6191); MVH Holdings Inc. (9756); TerreStar License Inc. (6537); TerreStar National Services Inc. (6319); TerreStar Networks Holdings (Canada) Inc. (1337); TerreStar Networks (Canada) Inc. (8766) and 0887729 B.C. Ltd. (1345).

2.  With respect to each parcel of real property or item of personal property identified in question 1, describe the nature and location of the dangerous condition, whether environmental or otherwise, that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

  The Debtor is not aware of any real or alleged dangerous conditions existing on or related to any real or personal property owned or possessed by the Debtor.

**TERRESTAR NETWORKS INC.**
**MOTIENT VENTURES HOLDING INC.**
**TERRESTAR LICENSE INC.**
**MVH HOLDINGS INC.**
**MOTIENT HOLDINGS INC.**
**TERRESTAR NEW YORK INC.**
**TERRESTAR NATIONAL SERVICES INC.**
**MOTIENT LICENSE INC.**
**MOTIENT COMMUNICATIONS INC.**
**MOTIENT SERVICES INC.**
**0887729 B.C. LTD.**

## OMNIBUS SECRETARY'S CERTIFICATE

### October 17, 2010

Douglas Brandon, Secretary of each of the entities listed above (each a "***Company***," and collectively, the "***Companies***"), does hereby certify, solely in his capacity as an officer of such Company and not in his individual capacity, as follows:

True and correct copies of the resolutions duly adopted by the board of directors of the Companies (including any authorized committee thereof, the "***Board***") on October 15, 2010 are attached as <u>Annex A</u> (the "***Resolutions***"). The Resolutions constitute the only actions taken by the Board relating to (i) the filing by the Companies of a voluntary petition for relief under the provisions of chapter 11 of title 11 of the United States Code, (ii) the entry by the Companies into a Debtor-in-Possession Credit, Security & Guaranty Agreement and (iii) the entry by the Companies into the Plan Support Agreement.

[Signature page follows]

IN WITNESS WHEREOF, the undersigned has hereunto set his hand on behalf of each Company listed above as of the date first set forth above.

By: _____

Name:   Douglas Brandon

Title:    Secretary

 

The undersigned hereby certifies on behalf of each Company listed above that the person set forth above is the duly elected Secretary of each Company and that the signature set forth above his name is his genuine signature.

By: _____

Name:  Vincent Loaicono

Title:   Chief Financial Officer

**ANNEX A**

**Resolution**

**RESOLUTIONS OF**
**THE BOARD OF DIRECTORS OF**
**TERRESTAR NETWORKS INC.**

A quorum of the directors of TerreStar Networks Inc., a Delaware corporation (the "Company"), being present at a telephonic meeting of the Board of Directors (the "Board") of the Company held on October 15, 2010, the following resolutions were unanimously adopted by all of the directors present:

>WHEREAS, the Board has reviewed the materials presented by its financial, legal and other advisors and has held numerous discussions (including without limitation with management and such advisors) regarding such materials and the liabilities and liquidity situation of the Company, the strategic alternatives available to it and the impact of the foregoing on the Company's businesses and operations; and

>WHEREAS, such discussions included a full consideration of the strategic alternatives available to the Company;

>NOW, it is hereby:

**I.      Voluntary Petition Under the Provisions of**
**Chapter 11 of the United States Bankruptcy Code**

**RESOLVED**, that in the best judgment of the Board of the Company, it is desirable and in the best interests of the Company, its shareholders, creditors, and other stakeholders and parties in interest (including, without limitation the direct and indirect subsidiaries of the Company), that the Company file or cause to be filed both a voluntary petition for relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and a corresponding foreign recognition proceeding (the "Recognition Proceeding") in the Ontario Superior Court of Justice (Commercial List) under Part IV of the Companies' Creditors Arrangement Act (the "CCAA"), including the appointment of the Company as the foreign representative of each of the chapter 11 debtors in connection with the Recognition Proceeding (the "Foreign Representative"); and

**RESOLVED**, that the officers of the Company (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and they hereby are, authorized and empowered to execute and file on behalf of the Company all petitions, schedules, lists and other motions, papers or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action

necessary to maintain the ordinary course operation of the Company's business; and

**RESOLVED**, that the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Akin Gump Strauss Hauer & Feld LLP ("Akin Gump") as general bankruptcy counsel to represent and assist the Company and its subsidiaries in carrying out their duties under the Bankruptcy Code and to take any and all actions to advance the Company's and its subsidiaries' rights and obligations, including filing any pleadings; and, in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the chapter 11 case and cause to be filed an appropriate application for authority to retain the services of Akin Gump; and

**RESOLVED**, that the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Fraser Milner Casgrain LLP ("Fraser Milner") (i) as general Canadian counsel to represent and assist the Company and its subsidiaries in carrying out their duties under the CCAA and to take any and all actions to advance the Company's and its subsidiaries' rights and obligations, including filing any pleadings in the Recognition Proceeding, and (ii) as counsel to represent and assist the Foreign Representative in carrying out its duties under the CCAA and to take any and all actions to advance the Foreign Representative's rights and obligations, including filing any pleadings in the Recognition Proceedings; and, in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Recognition Proceeding, and cause to be filed an appropriate application for authority to retain the services of Fraser Milner; and

**RESOLVED**, that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Deloitte & Touche Inc. ("Deloitte") as information officer to assist the Company and its subsidiaries in carrying out their duties under the CCAA in connection with the Recognition Proceeding; and, in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements with, and pay appropriate retainers to, Deloitte and its legal counsel, prior to and immediately upon filing of the Recognition Proceeding; and

**RESOLVED**, that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Blackstone Advisory Partners L.P. ("Blackstone") as investment banker and financial advisor to represent and assist the Company and its subsidiaries in carrying out their duties under the Bankruptcy Code and to take any and all actions to advance the Company's and its subsidiaries' rights and obligations; and, in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the chapter 11 case and cause to be filed an appropriate application for authority to retain the services of Blackstone; and

**RESOLVED**, that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of The Garden City Group, Inc. ("Garden City") as notice, claims and balloting agent to represent and assist the Company and its subsidiaries in carrying out their duties under the Bankruptcy Code and to take any and all actions to advance the Company's and its subsidiaries' rights and obligations; and, in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the chapter 11 case and cause to be filed an appropriate application for authority to retain the services of Garden City; and

**RESOLVED**, that the Authorized Officers be, and they hereby are, authorized and directed to employ any other professionals as they deem necessary or appropriate in their sole discretion to assist the Company and its subsidiaries in carrying out their duties under the Bankruptcy Code and the CCAA, as applicable, including without limitation the execution of appropriate retention agreements, payment of appropriate retainers prior to or immediately upon the filing of the chapter 11 case and/or the Recognition Proceeding, the filing of appropriate applications for authority to retain the services of any other professionals as they shall in their sole discretion deem necessary or desirable; and

## II. <u>Debtor in Possession Financing</u>

**RESOLVED**, that the form, terms and provisions of Debtor-in-Possession Credit, Security & Guaranty Agreement (the "DIP Loan Agreement" and, together with each other document, instrument or agreement executed by the Company and any other Loan Parties (defined below) in connection therewith the "DIP Loan Documents"), among TerreStar Networks Inc., as debtor and debtor in possession in a case to be filed under chapter 11 of the

Bankruptcy Code, and its affiliates or subsidiaries that are signatories thereto (each a "Guarantor" and collectively, the "Loan Parties"), each of which Loan Parties will be a debtor and debtor in possession in a case to be filed under chapter 11 of the Bankruptcy Code (each a "Case" and collectively, the "Cases"), The Bank of New York Mellon (the "DIP Agent") and each of the other financial institutions from time to time party to the DIP Loan Agreement (together with DIP Agent, the "DIP Lenders"), which DIP Loan Documents (a) provide TerreStar Networks Inc. with commitments of up to $75 million on a junior secured super-priority priming lien basis, (b) require all of TerreStar Networks Inc.'s obligations therein to be guaranteed by the Loan Parties, and (c) provide for the proceeds therefrom to be used to, among other things, pay (i) post-petition operating expenses of the Loan Parties and their subsidiaries incurred in the ordinary course of business in accordance with the Agreed Budget (as defined in the DIP Loan Documents), (ii) certain other costs and expenses of administration of the Cases to be specified in the loan documentation and (iii) any other costs and expenses approved by the DIP Lenders representing 50% or more of the sum of all loans outstanding under the DIP Loan Agreement, in substantially the form of the draft submitted to the Board, be, and the same hereby are in all respects approved, and any Authorized Officer or other officer of the Company is hereby authorized and empowered, in the name of and on behalf of the Company, to execute and deliver each of the DIP Loan Documents to which the Company is a party, each in the form or substantially in the form thereof submitted to the Board of the Company, with such changes, additions and modifications thereto as the officer of the Company executing the same shall approve, such approval to be conclusively evidenced by such officer's execution and delivery thereof; and

**RESOLVED**, that the Company, as debtor and debtor in possession under the Bankruptcy Code shall be, and hereby is, authorized to incur the Obligations (as defined in the DIP Loan Documents) in accordance with the terms of the DIP Loan Agreement and undertake any and all related transactions contemplated thereby (collectively, the "Financing Transactions"); and

**RESOLVED**, that each and every officer, including the Authorized Officers, of the Company be, and each of them, acting alone, hereby is authorized, directed and empowered from time to time in the name and on behalf of the Company to take any and all such actions, and to execute and deliver or cause to be executed and delivered under seal of the Company or otherwise, any and all

such other documents, agreements, certificates, writings and instruments to be delivered in connection with the DIP Loan Documents (including, without limitation, any amendments, supplements or modifications to the DIP Loan Documents and such other documents, agreements, certificates, writings and instruments to be delivered in connection therewith), and to grant the security interests in or liens on any real or personal property of the Company now or hereafter acquired as contemplated by the DIP Loan Documents, with full authority to indorse, assign or guarantee any of the foregoing in the name of the Company, in each case, as any such officer may deem necessary or advisable to carry out the intent and purposes of the immediately foregoing resolution, and his or her execution and delivery thereof to be conclusive evidence that he or she deems in necessary or advisable, his or her execution and delivery thereof to be conclusive evidence of his or her authority, to so act and his or her approval thereof; and

**RESOLVED**, that the Authorized Officers be, and they hereby are, authorized and directed, and each of them, acting alone, hereby is, authorized, directed and empowered in the name of, and on behalf of, the Company, as debtor and debtor in possession, to take such actions and execute and deliver (a) the DIP Loan Documents and such agreements, certificates, instruments, guaranties, notices and any and all other documents as the Authorized Officers may deem necessary or appropriate to facilitate the Financing Transactions (collectively, the "Financing Documents"); (b) such other instruments, certificates, notices, assignments and documents as may be reasonably requested by the DIP Agent; and (c) such forms of deposit, account control agreements, officer's certificates and compliance certificates as may be required by the DIP Loan Documents or any other Financing Document; and

**RESOLVED**, that the Authorized Officers and each other officer of the Company be, and each of them hereby is, authorized and empowered to authorize the DIP Agent to file any Uniform Commercial Code (the "UCC") financing statements and any necessary assignments for security or other documents in the name of the Company that the DIP Agent deems necessary or convenient to perfect any lien or security interest granted under the DIP Loan Documents, including any such UCC financing statement containing a super-generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of

trust in respect of real property of the Company and such other filings in respect of intellectual and other property of the Company, in each case as the DIP Agent may reasonably request to perfect the security interests of the DIP Agent under the DIP Loan Documents; and

**RESOLVED**, that the Company will obtain benefits from the incurrence of the proceeds of the Loans (as defined in the DIP Loan Agreement) by the Loan Parties under the DIP Loan Agreements and the other DIP Loan Documents, which are necessary and appropriate to the conduct, promotion and attainment of the business of the Company; and

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and empowered to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the Financing Documents, which shall in their sole judgment be necessary, proper or advisable to perform the Company's obligations under or in connection with the DIP Loan Documents or any of the other Financing Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and empowered to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Loan Documents or any of the Financing Documents which shall in their sole judgment be necessary, proper or advisable; and

**RESOLVED**, that all acts and actions taken by the Authorized Officers prior to the date hereof with respect to the transactions contemplated by the DIP Loan Documents and any of the other Financing Documents be, and hereby are, in all respects confirmed, approved and ratified; and

### III.   Plan Support Agreement

**RESOLVED**, that the Plan Support Agreement by and among TerreStar Networks Inc. and certain of its affiliates and EchoStar Corporation, a Delaware corporation, and each other document, instrument or agreement executed in connection therewith (collectively, the "Plan Support Agreement"), substantially in the form of the draft which has been reviewed by the Board or explained to the Board, and the Company's performance of its obligations under the Plan Support Agreement, is hereby, in all respects, authorized and approved and is in the best interests of the

Company, its shareholders, creditors and other stakeholders and parties in interest; and

**RESOLVED**, that any Authorized Officer and such other employees of the Company as the Authorized Officers shall designate from time to time, and any employees or agents (including counsel) designated by or directed by any such officers be, and each hereby is, authorized, empowered and directed, in the name and on behalf of the Company to cause the Company to execute and deliver the Plan Support Agreement in the name and on behalf of the Company, substantially in the form of the draft which has been reviewed by the Board or explained to the Board, with such changes therein and modifications and amendments thereto as any Authorized Officer may in his, her or their sole discretion approve, which approval shall be conclusively evidenced by his, her or their execution thereof; and

**RESOLVED**, that any Authorized Officer and such other employees of the Company as the Authorized Officers shall designate from time to time, and any employees or agents (including counsel) designated by or directed by any such officers be, and each hereby is, authorized and empowered to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the Plan Support Agreement, which shall in their sole judgment be necessary, proper or advisable; and

## IV. <u>Further Actions and Prior Actions</u>

**RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the officers of the Company or their designees shall be, and each of them, acting alone, hereby is, authorized, directed and empowered, in the name of, and on behalf of, the Company, to take or cause to be taken any and all such further actions, to execute and deliver any and all such agreements, certificates, instruments and other documents and to pay all expenses, including filing fees, in each case as in such officer or officers shall determine in his or their sole discretion to be necessary or desirable to fully carry out the intent and accomplish the purposes of the Resolutions adopted herein or to fully accomplish any and all actions taken in connection with the chapter 11 filing and/or Recognition Proceeding contemplated thereby; and

**RESOLVED**, that all acts, actions and transactions relating to the matters contemplated by the foregoing Resolutions done in the name of and on behalf of the Company, which acts would have

been approved by the foregoing Resolutions except that such acts were taken before these resolutions were certified, are hereby in all respects approved and ratified.

100147161 v10

**List of the Debtors' 30 Largest Unsecured Claims on a Consolidated Basis**

Pursuant to Local Rule 1007-2(a)(4), the following provides information with respect to the holders of the 30 largest unsecured claims against the Debtors on a consolidated basis.

The information contained herein shall not constitute an admission of liability by, nor is it binding on, the Debtors. The Debtors reserve all rights to assert that any debt or claim listed herein is a disputed claim or debt, and to challenge the priority, nature, amount or status of any such claim or debt. In the event of any inconsistencies between the summaries set forth below and the respective corporate and legal documents relating to such obligations, the descriptions in the corporate and legal documents shall control. The schedule estimates outstanding claim amounts (including principal and interest) as of October 15, 2010.

| No. | Holder of Claim | Name of Person Familiar with Debtors' Account/Mailing Address/Phone Number/Fax Number | Amount of Claim | Nature of Claim | Contingent/ Unliquidated/ Disputed Claim |
|---|---|---|---|---|---|
| 1. | U.S. Bank National Association, in its capacity as Indenture Trustee for the 6.5% Senior Exchangeable Notes | EP-MN-WS3C 60 Livingston Avenue, St. Paul, MN 55107-1419 Ph: 651-495-3814 Fax: 651-495-8097 | $178,578,322 | Note holder Claim | Disputed |
| 2. | Space Systems/Loral Inc. | 3825 Fabian Way Palo Alto, CA 94303-4604 Ph:: 650 852-8563 Fax: 650-852-4060 | $35,647,804 | Vendor | Disputed |
| 3. | Elektrobit, Inc | 22745 29th Drive SE SUI, Suite 200 Bothell, WA 98201 PH: 425 869-2001 Fax: 425 686 3102 | $25,659,839 | Vendor | Disputed |
| 4. | Hughes Networks System LLC | 11717 Exploration Lane GERMANTOWN, MD 20876 PH: 301 428-5500 | $4,513,861 | Vendor | Disputed |

| No. | Holder of Claim | Name of Person Familiar with Debtors' Account/Mailing Address/Phone Number/Fax Number | Amount of Claim | Nature of Claim | Contingent/ Unliquidated/ Disputed Claim |
|---|---|---|---|---|---|
| | | Fax: 301 548 1155 | | | |
| 5. | Infineon Technologies AG | AM Campeon 1-12 Neubiberg, Germany 85579 PH: 49 89 234 65555 Fax: (+49) 911-37 88 10 00 | $2,937,180 | Vendor | Disputed |
| 6. | Qualcomm | 5775 Morehouse Dr. San Diego, CA 92121 PH: 858-845-1452 Fax: 858-845-5553 | $2,280,850 | Vendor | Disputed |
| 7. | Comneon GMBH | Suedwestpark 2-4 Nuremburg 90449 PH: 49-2-911-37-88-0 Fax: 011 49 911 3788-1000 | $1,686,271 | Vendor | Disputed |
| 8. | ATC Technologies | 10802 Parkridge Blvd c/o SkyTerra LP RESTON, VA 20191 PH : 781-926-4500 Fax : 781-926-4555 | $1,381,197 | Vendor | Disputed |
| 9. | Nokia Siemens Network | 1950 N Stemmons Fwy Suite 5010 Dallas, TX 75207 PH: 214-763-6318 Fax: 972-374-3806 | $1,000,008 | Vendor | Disputed |
| 10. | Alcatel - Lucent | 3400 M/S SS01 West Plano Parkway Plano, TX 75082 PH: 484-242-3321 | $990,000 | Vendor | Disputed |

| No. | Holder of Claim | Name of Person Familiar with Debtors' Account/Mailing Address/Phone Number/Fax Number | Amount of Claim | Nature of Claim | Contingent/ Unliquidated/ Disputed Claim |
|---|---|---|---|---|---|
| | | Fax: 484-242-3160 | | | |
| 11. | Van Vlissingen and Co. | One Overlook Point Suite 100 Lincolnshire, IL 60069 PH: 847-634-2300 Fax: 847-634-9598 | $444,210 | Vendor | Disputed |
| 12. | Jefferies & Company, Inc | 520 Madison Avenue New York, NY 10022 PH: 212-284-2300 Fax: | $350,000 | Professional | Disputed |
| 13. | RKF Engineering, LLC | 1229 19th Street, NW Washington, DC 20036 PH: 202-463-1567 Fax: 202-463-0344 | $277,792 | Vendor | Disputed |
| 14. | Data Sales Co., Inc. | 3450 W Burnsville Parkway, Burnsville, MN 55337 PH: 952-890-8838 Fax: 952-890-8917 | $242,177 | Vendor | Disputed |
| 15. | Telx-Dallas LLC | 2323 Bryant St. Dallas, TX 75201 PH: 347-562-0213 Fax: 212-480-8384 | $106,059 | Vendor | Disputed |
| 16. | Databank Holdings | 400 S Akard Street, Suite 100 Dallas, TX 75202 Ph: 214-720-2266 Fax: 214-720-2275 | $81,159 | Vendor | Disputed |
| 17. | Intrado Inc. | 1601 Dry Creek Drive, | $62,500 | Vendor | Disputed |

| No. | Holder of Claim | Name of Person Familiar with Debtors' Account/Mailing Address/Phone Number/Fax Number | Amount of Claim | Nature of Claim | Contingent/ Unliquidated/ Disputed Claim |
|---|---|---|---|---|---|
| | | Longmont, CO 80503-6493 Ph: 800-269-4165 | | | |
| 18. | Shaffer, Wilson, Sarver, & Gray | 1821 Michael Faraday Dr #302, Reston, VA 20190-5346<br><br>Ph: 703-471-6803 Fax: 703-742-3975 | $34,322 | Vendor | Disputed |
| 19. | Telesat Canada | 1601 Telesat Court Ottawa, ON K1B5P4<br><br>Ph: 613-748-0123 Fax: 613-748-8712 | $28,504 | Vendor | Disputed |
| 20. | Sonoran Systems Inc. | 2983 East Vaughn Ave, Gilbert, AZ 85234<br><br>PH: 702-228-9054 Fax: 702-442-4743 | $19,200 | Vendor | Disputed |
| 21. | John Gilsenan | 206 Pond View Drive Bethany Beach, DE 19930 PH: (302) 539-5873 | $16,139 | Vendor | Disputed |
| 22. | BCI Northwood Flex, LLC | PO Box 540478 North Salt Lake, UT 84054 PH: 801-677-6400 Fax: 801-677-6416 | $15,634 | Vendor | Disputed |
| 23. | Ruder Finn | 301 East 57th New York, NY 10022 PH: 212-593-6400 Fax: 212-715-1658 | $10,000 | Vendor | Disputed |
| 24. | Neustar | 46000 Center Oak Plaza, Sterling, VA 20165<br><br>PH: 571-434-5400 | $9,995 | Vendor | Disputed |

| No. | Holder of Claim | Name of Person Familiar with Debtors' Account/Mailing Address/Phone Number/Fax Number | Amount of Claim | Nature of Claim | Contingent/ Unliquidated/ Disputed Claim |
|---|---|---|---|---|---|
| | | Fax: 703-738-7588 | | | |
| 25. | Forum Financial Service | 275 W. Campbell Road, Suite 320 Richardson, TX 75080 PH: 972 690-9444 Fax: 972-690-9464 | $7,421 | Vendor | Disputed |
| 26. | Thomson Reuters | 195 Broadway, New York, NY 10007 Ph: 617-249-1814 Fax: 617-249-1814 | $5,475 | Vendor | Disputed |
| 27. | Oxford Global Resource | 100 Cummings Center Suite 206L Beverly, MA 01915 PH: 800-724-8844 Fax: 817-490-5039 | $4,200 | Vendor | Disputed |
| 28. | Telus | PO Box 7575 Vancouver, Ontario Canada V6B 8N9 Ph:403-699-0335 Fax: 886-341-6525 | $3,325 | Vendor | Disputed |
| 29. | Bell Canada | PO Box 3650 Station Don Mills, Toronto, Ontario Canada M3C 3X9 Ph: 888-875-1843 Fax: 416-542-6786 | $1,795 | Vendor | Disputed |
| 30. | RE&M Solutions, Inc. | Estate Unite #370, Dallas, TX 75238 Ph: 214-341-7308 Fax: 214-221-9271 | $1,168 | Vendor | Disputed |

**DECLARATION CONCERNING LIST OF THE DEBTORS' 30
LARGEST UNSECURED CLAIMS ON A CONSOLIDATED BASIS**

Under 28 U.S.C. § 1746, I, Vincent Loaicono, authorized officer of the debtor in this case, declare under penalty of perjury that I have reviewed the foregoing List of the Debtors' 30 Largest Unsecured Claims on a Consolidated Basis and that it is true and correct to the best of my knowledge, information, and belief, with reliance on appropriate corporate officers.

Dated: October 18, 2010

*/s/Vincent Loiacono*
Vincent Loiacono
Chief Financial Officer

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)
Ira S. Dizengoff
Arik Preis
Ashleigh L. Blaylock

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TERRESTAR NETWORKS INC., *et al.*,[1] | ) | Case No. 10-[_____] ( ) |
| | ) | |
| Debtors. | ) | Joint Administration Requested |
| | ) | |

<u>**CORPORATE OWNERSHIP STATEMENT**</u>

In accordance with rule 1007(a)(1) of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 1007-3, attached hereto is an organizational chart reflecting all of the ownership interests of the above-captioned debtors, as debtors in possession (collectively, the "***Debtors***"), in each Debtor and ownership interests in non-Debtor affiliates and subsidiaries.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: TerreStar New York Inc. (6394); TerreStar Networks Inc. (3931); Motient Communications Inc. (3833); Motient Holdings Inc. (6634); Motient License Inc. (2431); Motient Services Inc. (5106); Motient Ventures Holding Inc. (6191); MVH Holdings Inc. (9756); TerreStar License Inc. (6537); TerreStar National Services Inc. (6319); TerreStar Networks Holdings (Canada) Inc. (1337); TerreStar Networks (Canada) Inc. (8766) and 0887729 B.C. Ltd. (1345).

## DECLARATION CONCERNING CORPORATE OWNERSHIP STATEMENT

Under 28 U.S.C. § 1746, I, Jeffrey W. Epstein, declare as follows under penalty of perjury: I have reviewed the foregoing and that it is true and correct to the best of my knowledge, information, and belief, with reliance on appropriate corporate officers.

Dated: October 18, 2010

Jeffrey Epstein
President

# Organizational Chart of TerreStar Corporation



*Entities owning more than 10% of the Common Stock of TerreStar Corporation include: (i) Harbinger Capital Partners and (ii) EchoStar Corporation