AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)
Ira S. Dizengoff
Arik Preis
Ashleigh L. Blaylock

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| TERRESTAR NETWORKS INC., *et al.*,[1] | ) | Case No. 10-[_____] (   ) |
| | ) | |
| Debtors. | ) | Joint Administration Requested |
| | ) | |

## MOTION FOR ENTRY OF AN ORDER AUTHORIZING TERRESTAR NETWORKS INC. TO ACT AS FOREIGN REPRESENTATIVE PURSUANT TO 11 U.S.C. § 1505

The above-captioned debtors and debtors in possession (collectively, the "***Debtors***") seek entry of an order, substantially in the form attached hereto as <u>Exhibit A</u>, authorizing TerreStar Networks, Inc. to act as the foreign representative on behalf of the Debtors' estates in any judicial or other proceedings in a foreign country, including the "Canadian Proceedings" (as defined herein). In support of this motion, the Debtors submit the Declaration of Jeffrey W. Epstein, Chief Executive Officer of TerreStar Networks Inc., in Support of First Day Pleadings

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: TerreStar New York Inc. (6394); TerreStar Networks Inc. (3931); Motient Communications Inc. (3833); Motient Holdings Inc. (6634); Motient License Inc. (2431); Motient Services Inc. (5106); Motient Ventures Holding Inc. (6191); MVH Holdings Inc. (9756); TerreStar License Inc. (6537); TerreStar National Services Inc. (6319); TerreStar Networks Holdings (Canada) Inc. (1337); TerreStar Networks (Canada) Inc. (8766) and 0887729 B.C. Ltd. (1345).

(the "***First Day Declaration***").  In further support of this motion, the Debtors respectfully state as follows:

## Jurisdiction

1.     The Court has jurisdiction over the Motion under 28 U.S.C. § 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.     Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The statutory bases for the relief requested herein are sections 105 and 1505 of title 11 of the United States Code (the "***Bankruptcy Code***").

## Background

4.     On October 19, 2010 (the "***Petition Date***"), each of the Debtors filed a petition with this Court under chapter 11 of the Bankruptcy Code.  The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases and no statutory committees have been appointed or designated.

5.     Contemporaneously with the filing of this motion, the Debtors have sought procedural consolidation and joint administration of these chapter 11 cases under the case of TerreStar Networks Inc. ("***TSN***").  A description of the Debtors' business, the reasons for filing these chapter 11 cases and the relief sought from this Court to allow for a smooth transition into operations under chapter 11 is set forth in the First Day Declaration, which is being filed contemporaneously with this motion.

## Basis for Relief

6.     As further described in the First Day Declaration, in addition to their operations in the United States, the Debtors also have certain assets and limited operations in Canada.  In connection with the commencement of these chapter 11 cases, the Debtors have filed chapter 11

petitions for three Debtors incorporated in Canada: TerreStar Networks Holdings (Canada) Inc., TerreStar Networks (Canada) Inc. and 0887729 B.C. Ltd., (collectively, the **"Canadian Debtors"**). TSN, as the proposed Foreign Representative (defined below), will shortly seek ancillary relief in Canada on behalf of all Debtors, pursuant to the Companies' Creditors Arrangement Act (Canada) R.S.C. 1985, c. C-36 as amended (the "**CCAA**") in the Ontario Superior Court of Justice (Commercial List) (the "**Canadian Court**") in Toronto, Ontario, Canada. The purpose of the ancillary proceeding is to request that the Canadian Court recognize these chapter 11 cases as a "foreign main proceeding" under the applicable provisions of the CCAA (the **"Canadian Proceedings"**) in order to, among other things, protect the Debtors' assets and operations in Canada.

7. To commence the Canadian Proceedings, the Debtors need authority for a Debtor entity to act as the "foreign representative" of the Debtors' estates (the "**Foreign Representative**") and therefore the Debtors seek to appoint TSN as Foreign Representative. Specifically, section 46 of the CCAA provides:

> (1) **Application for recognition of a foreign proceeding**. — A foreign representative may apply to the court for recognition of the foreign proceeding in respect of which he or she is a foreign representative.

> (2) **Documents that must accompany application**. — . . . the application must be accompanied by . . . *(b)* a certified copy of the instrument, however designated, authorizing the foreign representative to act in that capacity or a certificate from the foreign court affirming the foreign representative's authority to act in that capacity . . .

Companies' Creditors Arrangement Act, R.S.C., Ch. C-36, § 46 (1985) (Can.).

8. For TSN to be recognized as the Foreign Representative of the Debtors in the Canadian Proceedings and thereby apply to have these chapter 11 cases recognized by the Canadian Court, an order of this Court must be entered authorizing TSN to act as Foreign Representative in the Canadian Proceedings. If the order is granted, TSN will be able to file

such order with the Canadian Court as the instrument authorizing TSN to act as the Foreign Representative pursuant to section 46 of the CCAA.[2]

**Relief Requested**

9.      The Debtors request that TSN be authorized to act as the Foreign Representative on behalf of the Debtors' estates in any judicial or other proceedings in a foreign country, including in the Canadian Proceedings.

**Supporting Authority**

10.     Section 1505 of the Bankruptcy Code provides that:

> A trustee or another entity (including an examiner) may be authorized by the court to act in a foreign country on behalf of an estate created under section 541.  An entity authorized to act under this section may act in any way permitted by the applicable foreign law.

11 U.S.C. § 1505.

11.     Further, section 1107 of the Bankruptcy Code provides in relevant part:

> (a) Subject to any limitations on a trustee serving in a case under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights, other than the rights to compensation under section 330 of this title, and powers, and shall perform all the functions and duties . . . of a trustee serving in a case under this chapter.

11 U.S.C. § 1107.

12.     Although the Debtors believe that section 1107 of the Bankruptcy Code confers upon TSN, as a debtor in possession, sufficient rights, powers and duties to act as a Foreign Representative of the Debtors' estates, to avoid any possible confusion or doubt regarding this

---

[2]      The Debtors have proposed that Deloitte & Touche Inc. ("***D&T Canada***") be appointed by the Canadian Court as information officer in the Canadian Proceedings (the "***Information Officer***").  The Information Officer will serve as an officer of the Canadian Court and report to the Canadian Court from time to time (including at the hearing of the initial application) on the status of the chapter 11 cases, the proposed restructuring of the Debtors, the Canadian Proceedings and any other information that may be material to the Canadian Court.  The Information Officer and its counsel will be compensated by TSN in accordance with the terms of the initial order of the Canadian Court.

authority and to comply with the requirements of section 46 of the CCAA, the Debtors seek entry of an order under section 1505 of the Bankruptcy Code explicitly authorizing TSN to act as the Foreign Representative of the Debtors' estates in the Canadian Proceedings and in any other judicial or other proceeding in a foreign country.

13.     Authorizing TSN to act as Foreign Representative on behalf of the Debtors' estates in the Canadian Proceedings will allow coordination of these chapter 11 cases and the Canadian Proceedings, and provide an effective mechanism to protect and maximize the value of the Debtors' assets.  Similar relief has been granted by bankruptcy courts in other chapter 11 cases where a debtor has foreign assets and/or operations requiring recognition proceedings in this jurisdiction and others.  *See, e.g., In re Chemtura Corp.*, No. 09-11233 (Bankr. S.D.N.Y. Aug. 9, 2010); *In re Japan Airlines Corp.,* No. 10-10198 (Bankr. S.D.N.Y. Feb. 17, 2010); *Lehman Bros. Holdings Inc.*, Case No. 08-13555 (Bankr. S.D.N.Y. Aug. 27, 2009); *In re MES Int'l, Inc.*, No. 09-14109 (Bankr. D. Del. April 7, 2010); *In re TLC Vision (USA) Corporation*, No. 09-14473 (Bankr. Del. Dec. 22, 2009).  Copies of these orders are attached hereto as collective Exhibit B.

### Motion Practice

14.     This motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated, and a discussion of their application to this motion.  Accordingly, the Debtors submit that this motion satisfies Rule 9013-1(a) of the Local Rules of Bankruptcy Procedure for the Southern District of New York.

### Notice

15.     The Debtors have provided notice of this Motion to:  (a) the Office of the United States Trustee for the Southern District of New York; (b) the entities listed on the Consolidated List of Creditors Holding the 30 Largest Unsecured Claims filed pursuant to Bankruptcy Rule

1007(d); (c) The Bank of New York Mellon as agent for the Debtors' proposed postpetition debtor-in-possession financing; (d) Emmet, Marvin & Martin LLP as counsel to the agent for the Debtors' proposed postpetition debtor-in-possession financing; (e) U.S. Bank National Association as Collateral Agent for the Debtors' purchase money credit facility and Harbinger Capital Partners Master Fund I, Ltd., Harbinger Capital Partners Special Situations Fund, L.P. and EchoStar Corporation as Lenders thereunder; (f) Weil, Gotshal & Manges LLP as counsel to Harbinger Capital Partners Master Fund I, Ltd. and Harbinger Capital Partners Special Situations Fund, L.P. in their capacity as Lenders under the Debtors' purchase money credit facility; (g) Willkie Farr & Gallagher LLP as counsel to EchoStar Corporation in its capacity as Lender under the Debtors' purchase money credit facility and Initial Lender under the Debtors' proposed postpetition debtor-in-possession financing; (h) U.S. Bank National Association as Indenture Trustee for the Debtors' 15% Senior Secured Notes; (i) U.S. Bank National Association as Indenture Trustee for the Debtors' 6.5% Senior Exchangeable Notes; (j) Quinn Emanuel Urquhart & Sullivan, LLP as counsel to an *Ad Hoc* group of the Debtors' 6.5% Senior Exchangeable Notes; (k) the Internal Revenue Service; (l) the Securities and Exchange Commission; (m) the United States Attorney for the Southern District of New York; and (n) the Federal Communications Commission. In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

WHEREFORE, the Debtors respectfully request for the reasons set forth herein and in the First Day Declaration that the Court (a) enter an order in substantially the form attached hereto as Exhibit A, authorizing TSN to act as the Foreign Representative on behalf of the Debtors' estates in any judicial or other proceedings in a foreign country, including in the Canadian Proceedings; and (b) grant such other and further relief as the Court deems appropriate.

New York, New York
Dated: October 19, 2010

/s/ Ira S. Dizengoff
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)

Ira S. Dizengoff
Arik Preis
Ashleigh L. Blaylock

*Proposed Counsel to the Debtors and Debtors in Possession*

## **Exhibit A**

Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TERRESTAR NETWORKS INC., *et al.*,[1] | ) | Case No. 10-[_____] (   ) |
| | ) | |
| Debtors. | ) | Joint Administration Requested |
| | ) | |

## ORDER AUTHORIZING TERRESTAR NETWORKS INC.
## TO ACT AS FOREIGN REPRESENTATIVE PURSUANT TO 11 U.S.C. § 1505

Upon the motion (the "***Motion***")[2] of the above-captioned debtors (collectively, the

"***Debtors***") for entry of an order authorizing TerreStar Networks Inc. (***"TSN"***) to act as the

Foreign Representative on behalf of the Debtors' estates in any judicial or other proceedings in a

foreign country, including in the Canadian Proceedings, and upon the First Day Declaration; and

it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and it

appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it

appearing that venue of this proceeding and this Motion in this Court is proper pursuant to 28

U.S.C. §§ 1408 and 1409; and it appearing that the relief requested is in the best interests of the

Debtors' estates, their creditors, and other parties in interest; and notice of the Motion appearing

to be adequate and appropriate under the circumstances; and any objections to the requested

relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient

cause appearing therefore, it is hereby ORDERED that:

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: TerreStar New York Inc. (6394); TerreStar Networks Inc. (3931); Motient Communications Inc. (3833); Motient Holdings Inc. (6634); Motient License Inc. (2431); Motient Services Inc. (5106); Motient Ventures Holding Inc. (6191); MVH Holdings Inc. (9756); TerreStar License Inc. (6537); TerreStar National Services Inc. (6319); TerreStar Networks Holdings (Canada) Inc. (1337); TerreStar Networks (Canada) Inc. (8766) and 0887729 B.C. Ltd. (1345).

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

1.        The Motion is granted.

2.        TSN is hereby authorized to act as the Foreign Representative on behalf of the Debtors' estates in any judicial or other proceeding held in a foreign country, including in the Canadian Proceedings.  As Foreign Representative, TSN shall be authorized and shall have the power to act in any way permitted by applicable foreign law, including, but not limited to: (i) seeking recognition of these chapter 11 cases in the Canadian Proceedings; (ii) requesting that the Canadian Court lend assistance to this Court in protecting the property of the Debtors' estates; and (iii) seeking any other appropriate relief from the Canadian Court that TSN deems just and proper in the furtherance of the protection of the Debtors' estates.

3.        This Court requests the aid and assistance of the Canadian Court to recognize these cases as a "foreign main proceeding" and TSN as a "foreign representative" pursuant to the CCAA and to recognize and give full force and effect in all provinces and territories of Canada to this Order.

4.        The Debtors are authorized to take all actions they determine necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

5.        The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated:        _____, 2010                    _____
        New York, New York                              United States Bankruptcy Judge

# **Exhibit B**

## **Copies of Recognition Orders**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CHEMTURA CORPORATION, *et al.*,[1] | ) | Case No. 09-11233 (REG) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CHEMTURA CANADA CO./CIE, | ) | Case No. 10-14283 (REG) |
| | ) | |
| Debtor. | ) | Joint Administration Requested |
| | ) | |

## ORDER AUTHORIZING CHEMTURA CANADA CO./CIE TO ACT AS FOREIGN REPRESENTATIVE IN CONNECTION WITH ITS CCAA PROCEEDING

Upon the motion (the "**Motion**")[2] of Chemtura Canada, together with the Original

Debtors, for entry of an order authorizing Chemtura Canada to act as the Foreign Representative

on behalf of Chemtura Canada's estate in the CCAA Proceeding; and it appearing that the relief

requested in the Motion is in the best interests of the Debtors' estates, their creditors and all other

parties in interest; and it appearing that no other or further notice need be provided; and the

---

[1]    The original Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal
taxpayer-identification number, are:  Chemtura Corporation (3153); A&M Cleaning Products, LLC (4712);
Aqua Clear Industries, LLC (1394); ASCK, Inc. (4489); ASEPSIS, Inc. (6270); BioLab Company Store, LLC
(0131); BioLab Franchise Company, LLC (6709); Bio-Lab, Inc. (8754); BioLab Textile Additives, LLC (4348);
CNK Chemical Realty Corporation (5340); Crompton Colors Incorporated (3341); Crompton Holding
Corporation (3342); Crompton Monochem, Inc. (3574); GLCC Laurel, LLC (5687); Great Lakes Chemical
Corporation (5035); Great Lakes Chemical Global, Inc. (4486); GT Seed Treatment, Inc. (5292); HomeCare
Labs, Inc. (5038); ISCI, Inc. (7696); Kem Manufacturing Corporation (0603); Laurel Industries Holdings, Inc.
(3635); Monochem, Inc. (5612); Naugatuck Treatment Company (2035); Recreational Water Products, Inc.
(8754); Uniroyal Chemical Company Limited (Delaware) (9910); Weber City Road LLC (4381); and WRL of
Indiana, Inc. (9136).  The last four digits of Chemtura Canada Co./Cie's taxpayer-identification number are
5047.

[2]    Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the
Motion.

Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and upon the arguments and testimony presented at the hearing before the Court, and any objections to the Motion having been withdrawn, resolved or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is **ORDERED** that:

1.      The Motion is granted to the extent set forth herein.

2.      Chemtura Canada is hereby authorized to act as the Foreign Representative on behalf of Chemtura Canada's estate in the CCAA Proceeding.  As Foreign Representative, Chemtura Canada shall be authorized and shall have the power to act in any way permitted by applicable foreign law, including the authority to seek recognition of its chapter 11 case in the CCAA Proceeding.

3.      This Court requests the aid and assistance of the Canadian Court to recognize this case as a "foreign proceeding" and Chemtura Canada as a "foreign representative" under the CCAA and requests that the Canadian Court recognize and give full effect in all provinces and territories of Canada to this Order.

4.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

K&E 17498860.1

5.    The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

New York, New York                          *s/ Robert E. Gerber*
Date:  ***August 9, 2010***                 Honorable Robert E. Gerber
                                            United States Bankruptcy Judge

3

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 15 |
| | ) |
| JAPAN AIRLINES CORPORATION, <u>et al.</u>, | ) Case No. 10-10198 (JMP) |
| Debtors in a Foreign Proceeding[1] | ) |
| | ) |
| Debtors. | ) |
| | ) Jointly Administered |

## ORDER PURSUANT TO
## 11 U.S.C. §§ 1504, 1515, 1517 AND 1520 RECOGNIZING
## <u>FOREIGN REPRESENTATIVE AND FOREIGN MAIN PROCEEDING</u>

Upon the *Verified Petition for Recognition and Chapter 15 Relief* (the "<u>Petition</u>")[2]

seeking (a) recognition of the Foreign Representative as the "foreign representative" as defined

in section 101(24) of the Bankruptcy Code of the above-captioned debtors (collectively, the

"<u>Debtors</u>"); and (b) recognition of the Debtors' reorganization proceedings under Japanese law

currently pending before the Tokyo District Court, Civil Department No. 8 (the

"<u>Japan Proceeding</u>"), as a foreign main proceeding pursuant to sections 1515 and 1517 of 11

U.S.C. §§ 101-1532 (the "<u>Bankruptcy Code</u>"); and upon the hearing on the Petition and this

Court's review and consideration of the Petition, the Katayama Declaration, and the

Nishi Declaration; IT IS HEREBY FOUND AND DETERMINED THAT:[3]

---

[1] The Debtors in these chapter 15 cases are: Japan Airlines Corporation, Japan Airlines International Co., Ltd., and JAL Capital Co., Ltd. The location of the Debtors' corporate headquarters and the service address for all of the Debtors is: JAL Building, 2-4-11 Higashi Shinagawa, Shinagawa-ku, Tokyo, Japan, Attn: Legal Department.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Petition.

[3] The findings and conclusions set forth herein and in the record of the hearing on the Petition constitute this Court's findings of facts and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"). To the extent any of the findings of fact herein constitute conclusions of law, they are adopted as such. To the extent any of the conclusions of law herein constitute findings of fact, they are adopted as such.

1.      This Court has jurisdiction to consider the Petition and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501.

2.      The consideration of the Petition and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1410(1) and (3).

4.      Good, sufficient, appropriate and timely notice of the filing of the Petition and the hearing on the Petition has been given by the Foreign Representative, pursuant to Bankruptcy Rules 1011(b) and 2002(q), to:  (a) the Office of the United States Trustee: (b) the Securities and Exchange Commission; (c) the Federal Aviation Administration; (d) the Federal Transit Administration; (e) all parties to litigation currently pending in the United States in which the Debtor is a party; (f) United States Department of Justice; (g) the indenture trustees for the Debtors' unsecured bonds; (h) the depository institution for the Debtors' American depository receipts; (i) the administrative agents for the Debtors' prepetition credit facilities; (j) the Debtors' aircraft lessors; (k) all airport authorities at which the Debtors have operations; and (l) all other parties against whom the Debtors are seeking preliminary relief pursuant to section 1519 of the Bankruptcy Code.

5.      No objections or other responses were filed that have not been overruled, withdrawn or otherwise resolved.

6.      The Chapter 15 Cases were properly commenced pursuant to sections 1504, 1509, and 1515 of the Bankruptcy Code.

7.      The Foreign Representative is a "person" pursuant to section 101(41) of the Bankruptcy Code and is the "foreign representative" of the Debtors as such term is defined in

section 101(24) of the Bankruptcy Code, and the Foreign Representative has satisfied the requirements of section 1515 of the Bankruptcy Code and Bankruptcy Rule 1007(a)(4).

8. The Japan Proceeding is pending in Japan, where the Debtors' "center of main interests," as referred to in section 1517(b)(1) of the Bankruptcy Code, of the Debtors is located, and accordingly, the Japan Proceeding is a "foreign main proceeding" pursuant to section 1502(4) of the Bankruptcy Code, and is entitled to recognition as a foreign main proceeding pursuant to section 1517(b)(l) of the Bankruptcy Code.

9. The Foreign Representative is the duly appointed foreign representative of the Debtors within the meaning of section 101(24) of the Bankruptcy Code.

10. The Foreign Representative is entitled to all the relief provided pursuant to sections 1520 and 1521(a)(4) and (5) of the Bankruptcy Code without limitation, because those protections are necessary to effectuate the purposes of chapter 15 of the Bankruptcy Code and to protect the assets of the Debtors and the interests of the Debtors' creditors.

BASED ON THE FOREGOING FINDINGS OF FACT AND AFTER DUE DELIBERATION AND SUFFICIENT CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Petition is granted.

2. The Japan Proceeding is recognized as a foreign main proceeding pursuant to section 1517(a) and 1517(b)(l) of the Bankruptcy Code, and all the effects of recognition as set forth in section 1520 of the Bankruptcy Code shall apply.

3. Upon entry of this Order: pursuant to section 1520 of the Bankruptcy Code, the Japan Proceeding shall be given its full force and effect; and, among other things:

      a. the protections of sections 361 and 362 of the Bankruptcy Code apply with respect to the Debtors and the property of the Debtors in the territorial jurisdiction of the United States;

b.      all persons and entities are enjoined from seizing, attaching and/or enforcing or executing liens or judgments against the Debtors' property in the United States or from transferring, encumbering or otherwise disposing of or interfering with the Debtors' assets or agreements in the United States without the express consent of the Foreign Representative; and

c.      all persons and entities are enjoined from commencing or continuing, including the issuance or employment of process of, any judicial, administrative or any other action or proceeding involving or against the Debtors or their assets or proceeds thereof that are located in the United States, or to recover a claim or enforce any judicial, quasi-judicial, regulatory, administrative or other judgment, assessment, order, lien or arbitration award against the Debtors or their assets or proceeds thereof that are located in the United States.

4.     Notwithstanding anything to the contrary in the immediately preceding paragraph 3, any party may move the Court for relief from the restrictions of such paragraph for good cause shown.

5.     The Foreign Representative and the Debtors shall be entitled to the full protections and rights enumerated under section 1521(a)(4) and (5) of the Bankruptcy Code, and accordingly, the Foreign Representative:

a.      is entrusted with the administration or realization of all or part of the Debtors' assets located in the United States; and

b.      has the right and power to examine witnesses, take evidence or deliver information concerning the Debtors' assets, affairs, rights, obligations, or liabilities.

6.     The Foreign Representative is hereby established as the representative of the Debtors with full authority to administer the Debtors' assets and affairs in the United States, including, without limitation, making payments on account of the Debtors' prepetition and postpetition obligations.

7.     The banks and financial institutions with which the Debtors maintain bank accounts or on which checks are drawn or electronic payment requests made in payment of

prepetition or postpetition obligations are authorized and directed to continue to service and administer the Debtors' bank accounts without interruption and in the ordinary course and to receive, process, honor and pay any and all such checks, drafts, wires and automatic clearing house transfers issued, whether before or after the Petition Date and drawn on the Debtors' bank accounts by respective holders and makers thereof and at the direction of the Foreign Representative or the Debtors, as the case may be.

8.      The Foreign Representative having confirmed that it has elected in accordance with applicable Japanese insolvency law to assume, accept, validate and perform the Debtors' obligations under the Debtors' interline agreements and clearinghouse agreements and billing and settlement agreements administered by the International Air Transport Association ("IATA"), the IATA Clearing House, Airlines Clearing House, Inc. and Universal Air Travel Plan, Inc. (collectively, the "Industry Agreements"), the Debtors and the Foreign Representative, as the case may be, are authorized to perform in accordance with the Industry Agreements, including without limitation (a) to honor and pay outstanding prepetition and postpetition claims arising in the ordinary course of business under the Industry Agreements, and (b) to process customary payments and transfers and to honor customary transfer requests made by Debtors and other participants pursuant to the Industry Agreements.   Notwithstanding anything to the contrary contained in this Order or in the Court's January 19, 2010 *Order to Show Cause with Temporary Restraining Order*, the provisions of sections 362 and 1520 of the Bankruptcy Code are hereby modified, *nunc pro tunc* to January 19, 2010, solely to the extent necessary to permit performance of, and under, the Industry Agreements by the Debtors and other parties to such agreements and by financial institutions involved in implementing such agreements.

9.     The Foreign Representative is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

10.     The Foreign Representative, the Debtors and their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or local rules of this Court.

11.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12.     This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through the Chapter 15 Cases, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

Dated: New York, New York
        February 17, 2010

_s/ James M. Peck_
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------------x
:
In re                                        :        **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :        **08-13555 (JMP)**
:
                        **Debtors.**             :        **(Jointly Administered)**
:
:
---------------------------------------------------------------------x

### ORDER AUTHORIZING THE DEBTORS TO ACT AS THE FOREIGN REPRESENTATIVE OF THEIR ESTATES IN THE UNITED KINGDOM

Upon the motion, dated August 5, 2009 (the "Motion"), of Lehman

Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced

chapter 11 cases, other than Lehman Brothers Special Financing Inc. ("LBSF"), as

debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to section 1505

of title 11 of the United States Code (the "Bankruptcy Code") for authorization to act as

the foreign representatives of their estates in the United Kingdom, to seek recognition of

their chapter 11 cases on behalf of their estates, and to request that the High Court of

Justice, England and Wales ("High Court") lend assistance to this Court in protecting the

property of the Debtors' estates, and to seek any other appropriate relief from the High

Court that the High Court deems just and proper, all as more fully described in the

Motion; and the Court having jurisdiction to consider the Motion and the relief requested

therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61

Referring to Bankruptcy Judges for the Southern District of New York Any and All

Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration

of the Motion and the relief requested therein being a core proceeding pursuant to 28

U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered February 13, 2009 governing case management and administrative procedures [Docket No. 2837] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a Certificate of No Objection having been filed; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, in accordance with the purpose of chapter 15 of the Bankruptcy Code and the UNCITRAL Model Law on Cross-Border Insolvency, to provide effective mechanisms for dealing with cases of cross-border insolvency so as to promote the objectives of (a) cooperation between courts involved in cases of cross-border insolvency; (b) greater legal certainty for trade and investment; (c) fair and efficient administration of cross-border insolvencies that protects the interests of all creditors and other interested persons, including the Debtors; (d) protection and maximization of the value of the debtor's assets; and (e) facilitation of the rescue of

financially troubled businesses, thereby protecting investment and preserving employment; the Debtors are hereby authorized (a) to act as the foreign representatives of their estates in the United Kingdom, (b) to seek recognition of their chapter 11 cases on behalf of their estates, (c) to request that the High Court lend assistance to this Court in protecting the property of their estates, and (d) to seek any other appropriate relief from the High Court that the High Court deems just and proper in the furtherance of the protection of the Debtors' estates; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 9014 are satisfied; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: New York, New York
        August 27, 2009

_____*s/ James M. Peck*_____
Honorable James M. Peck
United States Bankruptcy Judge

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MES INTERNATIONAL, INC., *et al.*, [1] | ) Case No. 09-14109 (PJW) |
| | ) |
| Debtors | ) Jointly Administered |
| | ) |
| | ) Related to Docket No. 480 |
| | ) |

## ORDER GRANTING DEBTORS' MOTION PURSUANT TO SECTION 1505 OF THE BANKRUPTCY CODE FOR AUTHORIZATION OF GSI GROUP INC. TO ACT AS THE FOREIGN REPRESENTATIVE OF ITS ESTATE IN CANADA

Upon the motion (the "Motion") of the above-captioned debtors and debtors-in-possession (the "Debtors") seeking entry of an order authorizing GSI Group Inc. to act as the foreign representative of its bankruptcy estate pursuant to Section 1505 of the Bankruptcy Code; and due and sufficient notice of the Motion having been given; and it appearing that the relief requested by the Motion is in the best interest of the Debtors' estates, the Debtors' creditors and other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein; and the Court having reviewed the Motion; and after due deliberation and sufficient cause appearing therefore;

IT IS HEREBY ORDERED THAT:

1.    The Motion is GRANTED.

2.    In accordance with the purpose of chapter 15 of the Bankruptcy Code and the UNCITRAL Model Law on Cross-Border Insolvency, to provide effective mechanisms for dealing with cases of cross-border insolvency so as to promote the objectives of (a) cooperation between

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: MES International, Inc. (1964); GSI Group Inc. (0412); and GSI Group Corporation (9358). The Debtors' headquarters is located at 125 Middlesex Turnpike, Bedford, MA 01730.

courts involved in cases of cross-border insolvency; (b) greater legal certainty for trade and investment; (c) fair and efficient administration of cross-border insolvencies that protects the interests of all creditors and other interested persons, including the Debtors; (d) protection and maximization of the value of the Debtor's assets; and (e) facilitation of the rescue of financially troubled businesses, thereby protecting investment and preserving employment; GSI Group Inc. is hereby authorized (a) to act as the foreign representative of the Debtors' estates in Canada, (b) to seek recognition of its Chapter 11 Case on behalf of its estate, (c) to request that the Canadian Court lend assistance to this Court in protecting the property of the Debtors' estates, and (d) to seek any other appropriate relief from the Canadian Court that the Canadian Court deems just and proper in the furtherance of the protection of the Debtors' estates.

3.    The notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy rule 9014 are satisfied.

4.    The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: April 7, 2010

_____
HONORABLE PETER J. WALSH
UNITED STATES BANKRUPTCY JUDGE



# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TLC Vision (USA) Corporation, *et al.,*[1] | ) | Case No. 09-14473 (KG) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Re: Docket No. 8** |

## ORDER AUTHORIZING TLC VISION CORPORATION
## TO ACT AS FOREIGN REPRESENTATIVE PURSUANT TO 11 U.S.C. § 1505

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and

debtors in possession (collectively, the "Debtors") for entry of an order authorizing TLC Vision

Corporation ("TLC Vision") to act as a foreign representative (the "Foreign Representative") on

behalf of the Debtors' estates in any judicial or other proceedings in any foreign country, and

upon the Gries Declaration; the Court finds that: (A) it has jurisdiction over the matters raised in

the Motion pursuant to 28 U.S.C. § 1334; (B) this is a core proceeding pursuant to 28 U.S.C. §

157(b)(2); (C) the relief requested in the Motion is in the best interests of the Debtors' estates,

their creditors, and other parties in interest; and (D) due and sufficient notice of the Motion was

given; and upon the record herein and after due deliberation and cause appearing therefor:

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted.

2.      TLC Vision is hereby authorized to act as the Foreign Representative on behalf of

the Debtors' estates in any judicial or other proceeding held in a foreign country.  As Foreign

---

[1] The Debtors in the cases, along with the last four digits of each Debtor's federal tax identification number and address, are: TLC Vision (USA) Corporation (6220) 16305 Swingley Ridge Road, Chesterfield, MO 63017; TLC Vision Corporation (1150) 5280 Solar Drive, Suite 300, Mississauga, Ontario, L4W 5M8; and TLC Management Services, Inc. (0374) 1209 Orange Street, Wilmington, DE 19801.

[2] Each capitalized term used but not otherwise defined herein shall have the meaning given to it in the Motion.

Representative, TLC Vision shall be authorized and shall have the power to act in any way permitted by applicable foreign law.

3.      This Court requests the aid and assistance of the Ontario Superior Court of Justice (Commercial List), the Court of Queen's Bench of New Brunswick and/or the Supreme Court of Nova Scotia (collectively, the "Canadian Courts") to recognize this case as a "foreign main proceeding" and TLC Vision as a "foreign representative" pursuant to the Companies' Creditors Arrangement Act (Canada) and to recognize and give full force and effect in all provinces and territories of Canada to this Order.

4.      The Debtors are authorized to take all actions they determine necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

5.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: December 22, 2009
       Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE