AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)
Ira S. Dizengoff
Arik Preis
Ashleigh L. Blaylock

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| TERRESTAR NETWORKS INC., *et al.*,[1] | Case No. 10-[_____] ( ) |
| Debtors. | Joint Administration Requested |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER GRANTING
AN EXTENSION OF TIME TO FILE SCHEDULES AND STATEMENTS**

The above-captioned debtors and debtors in possession (collectively, the "***Debtors***") seek entry of an order substantially in the form attached hereto as Exhibit A, granting the Debtors additional time within which to file their (a) statements of financial affairs, (b) schedules of assets and liabilities, (c) schedules of current income and expenditures, (d) statements of executory contracts and unexpired leases and (e) lists of equity security holders (collectively, the "***Schedules and Statements***"). In support of this motion, the Debtors submit the Declaration of Jeffrey W. Epstein, Chief Executive Officer of TerreStar Networks Inc., in Support of First Day

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: TerreStar New York Inc. (6394); TerreStar Networks Inc. (3931); Motient Communications Inc. (3833); Motient Holdings Inc. (6634); Motient License Inc. (2431); Motient Services Inc. (5106); Motient Ventures Holding Inc. (6191); MVH Holdings Inc. (9756); TerreStar License Inc. (6537); TerreStar National Services Inc. (6319); TerreStar Networks Holdings (Canada) Inc. (1337); TerreStar Networks (Canada) Inc. (8766) and 0887729 B.C. Ltd. (1345).

Pleadings (the "*First Day Declaration*"). In further support of this motion, the Debtors respectfully state as follows:

## Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are section 521 of title 11 of the United States Code (the "*Bankruptcy Code*") and Rules 1007(c) and 9006(b) of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*").

## Background

4. On October 19, 2010 (the "*Petition Date*"), each of the Debtors filed a petition with this Court under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases and no statutory committees have been appointed or designated.

5. Contemporaneously with the filing of this motion, the Debtors have sought procedural consolidation and joint administration of these chapter 11 cases under the case of TerreStar Networks Inc. A description of the Debtors' business, the reasons for filing these chapter 11 cases and the relief sought from this Court to allow for a smooth transition into operations under chapter 11 is set forth in the First Day Declaration, which is being filed contemporaneously with this motion.

## Basis for Relief

6. The Debtors have begun compiling information that will be required to complete the Schedules and Statements. Nevertheless, as a consequence of the complexity of the Debtors'

business operations and the geographical spread of the Debtors' operations, the Debtors have not yet finished gathering such information. The Debtors, together with their non-Debtor affiliates, hold an aggregate of approximately $1.4 billion in assets and approximately $1.6 billion in liabilities as indicated in their most recent audited balance sheet. The Debtors estimate that they have approximately 1,500 creditors on a combined basis.

7. Given the numerous critical operational matters that the Debtors' accounting and legal personnel must address in the early days of these chapter 11 cases and the volume of information that must be prepared and included in the Schedules and Statements, the Debtors anticipate that they will be unable to complete their Schedules and Statements within the 14 days required under Bankruptcy Rule 1007. The Debtors respectfully submit that focusing the attention of key accounting and legal personnel on vital operational and restructuring issues during the critical first weeks after filing these chapter 11 cases, rather than on preparing Schedules and Statements, will help the Debtors make a smooth transition into chapter 11 and, therefore, ultimately will maximize the value of the Debtors' estates for the benefit of creditors and all parties in interest. Accordingly, the Debtors seek a 30-day extension of time, through and including December 2, 2010, to file their Schedules and Statements with the Court.

## Relief Requested

8. By this motion, the Debtors seek entry of an order pursuant to Bankruptcy Rules 1007 and 9006(b) extending the time for the Debtors to file their Schedules and Statements for an additional 30 days, through and including December 2, 2010, without prejudice to the Debtors' ability to request additional time should it become necessary. The Debtors will work with the Office of the United States Trustee for the Southern District of New York (the "*U.S. Trustee*") and any statutory committee appointed in these chapter 11 cases to make sufficient

financial data and creditor information available to permit at least an initial section 341 meeting to be timely held, if scheduled before the filing of the Schedules and Statements.

**Supporting Authority**

9. Pursuant to section 521 of the Bankruptcy Code and Bankruptcy Rules 1007(a) and (c), the Debtors would be required to file the Schedules and Statements within fourteen (14) days after the Petition Date absent the requested relief. Pursuant to Bankruptcy Rules 1007(a)(5) and (c), and 9006(b), this Court has authority to extend the time required for filing of the Schedules and Statements "for cause."

10. In other large chapter 11 cases, courts in this district have regularly granted relief similar to that requested herein. *See*, *e.g.*, *In re Uno Restaurant Holdings Corp.,* No. 10-10209 (Bankr. S.D.N.Y. Jan. 20, 2010) (granting 30-day extension); *In re ION Media Networks, Inc.,* No. 09-13125 (Bankr. S.D.N.Y. June 2, 2009) (granting 21-day extension); *In re Chemtura Corp.,* No. 09-11233 (Bankr. S.D.N.Y. Apr. 11, 2009) (granting 30-day extension).

11. Like the debtors in the cases cited above, the Debtors require extra time to prepare and file their Schedules and Statements. Preparing and finalizing the Schedules and Statements within the next two weeks would unnecessarily distract management's and the professionals' attention from the Debtors' business operations and reorganization efforts, including preservation of creditor and vendor relationships, at a sensitive time. Moreover, creditors and other parties in interest will not be prejudiced by the proposed extension of the filing deadline because, even under the extended deadline, the Schedules and Statements would be filed in advance of any planned claims bar date in these chapter 11 cases. In addition, preparing the Schedules and Statements in a rush likely would be counterproductive because amendments to the Schedules and Statements would likely be required if they were filed before the Debtors received and processed prepetition invoices from vendors. Accordingly, the Debtors submit that

their request for a 30-day extension of time to file the Schedules and Statements is consistent with precedent and is appropriate and warranted under the circumstances.

**Motion Practice**

12. This motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated, and a discussion of their application to this motion. Accordingly, the Debtors submit that this motion satisfies Local Rule 9013-1(a).

**Notice**

13. The Debtors have provided notice of this Motion to: (a) the Office of the United States Trustee for the Southern District of New York; (b) the entities listed on the Consolidated List of Creditors Holding the 30 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (c) The Bank of New York Mellon as agent for the Debtors' proposed postpetition debtor-in-possession financing; (d) Emmet, Marvin & Martin LLP as counsel to the agent for the Debtors' proposed postpetition debtor-in-possession financing; (e) U.S. Bank National Association as Collateral Agent for the Debtors' purchase money credit facility and Harbinger Capital Partners Master Fund I, Ltd., Harbinger Capital Partners Special Situations Fund, L.P. and EchoStar Corporation as Lenders thereunder; (f) Weil, Gotshal & Manges LLP as counsel to Harbinger Capital Partners Master Fund I, Ltd. and Harbinger Capital Partners Special Situations Fund, L.P. in their capacity as Lenders under the Debtors' purchase money credit facility; (g) Willkie Farr & Gallagher LLP as counsel to EchoStar Corporation in its capacity as Lender under the Debtors' purchase money credit facility and Initial Lender under the Debtors' proposed postpetition debtor-in-possession financing; (h) U.S. Bank National Association as Indenture Trustee for the Debtors' 15% Senior Secured Notes; (i) U.S. Bank National Association as Indenture Trustee for the Debtors' 6.5% Senior Exchangeable Notes; (j) Quinn Emanuel Urquhart & Sullivan, LLP as counsel to an *Ad Hoc* group of the Debtors' 6.5% Senior

Exchangeable Notes; (k) the Internal Revenue Service; (l) the Securities and Exchange Commission; (m) the United States Attorney for the Southern District of New York; and (n) the Federal Communications Commission. In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter an order, substantially in the form attached hereto as Exhibit A, granting the Debtors an extension of 30 days pursuant to Bankruptcy Rule 1007(c) within which to file Schedules and Statements and (b) grant such other further relief as is just and proper.

New York, New York
Dated: October 19, 2010

*/s/ Ira S. Dizengoff*
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)

Ira S. Dizengoff
Arik Preis
Ashleigh L. Blaylock

*Proposed Counsel to the Debtors and Debtors in Possession*

# EXHIBIT A

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) Chapter 11 )  |
| TERRESTAR NETWORKS INC., *et al.*,[1] | ) Case No. 10-[_____] ( ) ) |
| Debtors. | ) Joint Administration Requested ) |

**ORDER GRANTING DEBTORS AN EXTENSION OF TIME
WITHIN WHICH TO FILE SCHEDULES AND STATEMENTS**

Upon the motion (the "***Motion***")[2] of the above-captioned debtors (collectively, the "***Debtors***") for entry of an order granting the Debtors additional time within which to file their Schedules and Statements; and upon the First Day Declaration; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and this Motion in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and notice of the Motion appearing to be adequate and appropriate under the circumstances; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: TerreStar New York Inc. (6394); TerreStar Networks Inc. (3931); Motient Communications Inc. (3833); Motient Holdings Inc. (6634); Motient License Inc. (2431); Motient Services Inc. (5106); Motient Ventures Holding Inc. (6191); MVH Holdings Inc. (9756); TerreStar License Inc. (6537); TerreStar National Services Inc. (6319); TerreStar Networks Holdings (Canada) Inc. (1337); TerreStar Networks (Canada) Inc. (8766) and 0887729 B.C. Ltd. (1345).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

1. The Motion is granted to the extent set forth herein.

2. The Debtors are granted an extension of 30 days, through and including December 2, 2010, to file the Schedules and Statements pursuant to Rule 1007(c) of the Federal Rules of Bankruptcy Procedure. Such extension is without prejudice to the Debtors' right to file a motion seeking a further extension pursuant to Bankruptcy Rule 1007(c).

3. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

4. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

New York, New York
Dated: _____, 2010

_____
United States Bankruptcy Judge