AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)
Ira S. Dizengoff
Arik Preis
Ashleigh L. Blaylock

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| TERRESTAR NETWORKS INC., *et al.*,[1] | ) Case No. 10-[_____] ( ) |
| Debtors. | ) Joint Administration Requested |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (A) AUTHORIZING, BUT NOT DIRECTING, DEBTORS TO CONTINUE TO ADMINISTER INSURANCE COVERAGE AND (B) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR ALL RELATED CHECKS AND ELECTRONIC PAYMENT REQUESTS**

The above-captioned debtors and debtors in possession (collectively, the "***Debtors***") seek entry of an order, substantially in the form attached hereto as Exhibit A, (a) authorizing, but not directing, the Debtors to continue to administer their prepetition insurance coverage policies and practices and (b) authorizing financial institutions to honor all related checks and electronic payment requests. In support of this motion, the Debtors submit the Declaration of Jeffrey W.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: TerreStar New York Inc. (6394); TerreStar Networks Inc. (3931); Motient Communications Inc. (3833); Motient Holdings Inc. (6634); Motient License Inc. (2431); Motient Services Inc. (5106); Motient Ventures Holding Inc. (6191); MVH Holdings Inc. (9756); TerreStar License Inc. (6537); TerreStar National Services Inc. (6319); TerreStar Networks Holdings (Canada) Inc. (1337); TerreStar Networks (Canada) Inc. (8766) and 0887729 B.C. Ltd. (1345).

Epstein, Chief Executive Officer of TerreStar Networks Inc., in Support of First Day Pleadings (the "*First Day Declaration*"). In further support of this motion, the Debtors respectfully state as follows:

## Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a), 363, 1107 and 1108 of title 11 of the United States Code (the "*Bankruptcy Code*").

## Background

4. On October 19, 2010 (the "*Petition Date*"), each of the Debtors filed a petition with this Court under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases and no statutory committees have been appointed or designated.

5. Contemporaneously with the filing of this motion, the Debtors have sought procedural consolidation and joint administration of these chapter 11 cases under the case of TerreStar Networks Inc. A description of the Debtors' business, the reasons for filing these chapter 11 cases and the relief sought from this Court to allow for a smooth transition into operations under chapter 11 is set forth in the First Day Declaration, which is being filed contemporaneously with this motion.

## Basis for Relief

6. In connection with the operation of the Debtors' business and the management of their properties, the Debtors maintain a comprehensive insurance program that provides coverage

related to, among other things, satellite in-orbit activities (the "**Satellite Policy**"), property liability, general liability, directors and officers' liability, employment practices liability[2] and business automobile liability (collectively, the "**Insurance Programs**").[3] A detailed list of the Debtors' policies in effect under the Insurance Programs is attached hereto as <u>Exhibit B</u> (collectively, the "**Policies**"). Last year the Debtors' annual premiums together with the associated taxes and fees for the insurance programs (the "**Insurance Premiums**") totaled approximately $4,007,345.89.

7. Debtor TerreStar Networks Inc. is the named insured under the Satellite Policy, which is provided by a consortium of 21 insurers listed on <u>Exhibit B</u>. The current Satellite Policy covers the period from July 1, 2010 to June 30, 2011 and has a limit of $200 million for in-orbit coverage. The Debtors paid a premium of approximately $3,149,189.00 for the Satellite Policy which included all satellite in-orbit coverage fees and all broker fees payable to Aon Inc., the Debtors' insurance broker for the Satellite Policy. The full premium payment of $3,149,189.00 was paid on July 28, 2010.

8. The Debtors employ several insurance agents including Marsh USA, Edgewood Partners, Armfield, Harrison & Thomas, Inc. and International Space Brokers (together, the "**Insurance Agents**") to assist with the procurement and negotiation of their Insurance Programs.

---

[2] The workers compensation insurance policies, along with the Debtors' medical, dental and vision benefits are described in further detail in the Debtors' Motion for Entry of Interim and Final Orders (A) Authorizing, but not Directing, Debtors (I) To Pay Certain Prepetition Wages and Reimbursable Employee Expenses, (II) To Pay and Honor Employee Medical and Other Benefits and (III) To Continue Employee Benefits Programs and (B) Authorizing Financial Institutions Honor All Related Checks and Electronic Payment Requests (the "**Employee Wages and Benefits Motion**"). The Debtors do not seek authority to continue to administer their prepetition insurance coverage policies and practices related to workers' compensation, medical, dental and vision benefits under this motion but rather request such authority as part of the Employee Wages and Benefits Motion filed contemporaneously herewith.

[3] The Insurance Programs provide coverage to the Debtors as well as certain of the Debtors' non-debtor affiliates.

All broker fees incurred by the Debtors in connection with the Insurance Programs are absorbed into the Insurance Premiums. No separate broker fees are paid to the Insurance Agents.

9. The Insurance Programs are essential to the preservation of the value of the Debtors' business, property and assets. Failure to pay premiums for the Policies when due may harm the Debtors' estates in several ways, including the loss of insurance coverage and subsequent need to obtain replacement insurance on an emergency basis, likely at a higher price. The Debtors do not believe that there are any outstanding prepetition Insurance Premium obligations as of the Petition Date; however, several of the Debtors' directors and officers' insurance policies (the "**D&O Policies**") will expire in the coming months.

10. The Debtors do not believe that they need Court approval to maintain their existing Policies or to amend, extend or renew them in the ordinary course of business. Nonetheless, in an exercise of prudence, the Debtors seek entry of an order authorizing them, in their discretion, to pay prepetition Insurance Premium obligations, if any are discovered to exist, which are necessary or appropriate to maintain insurance coverage in current effect and, at their sole discretion, to amend, extend or renew the necessary insurance coverage.

**Relief Requested**

11. By this motion, the Debtors seek entry of an order, pursuant to sections 105(a), 363, 1107 and 1108 of the Bankruptcy Code, (a) authorizing, but not directing, the Debtors to (i) continue to pay prepetition Insurance Premium obligations, if any are discovered to exist, which are necessary or appropriate to maintain insurance coverage in current effect, and (ii) at their sole discretion, to amend, extend or renew insurance coverage in current effect and (b) authorizing financial institutions to receive, process, honor and pay all checks presented for payment and electronic payment requests relating to the foregoing.

**Supporting Authority**

A.   **Ample Authority Exists to Continue to Maintain Insurance Coverage.**

12.   Courts have generally acknowledged that it is appropriate to authorize the payment (or other special treatment) of prepetition obligations in appropriate circumstances. *See, e.g., In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (granting authority to pay prepetition wages); *see also Armstrong World Indus., Inc. v. James A. Phillips, Inc., (In re James A. Phillips, Inc.)*, 29 B.R. 391, 398 (S.D.N.Y. 1983) (granting authority to pay prepetition claims of suppliers who were potential lien claimants). In authorizing payments of certain prepetition obligations, courts have relied on several legal theories, rooted in sections 1107(a), 1108 and 363(b) of the Bankruptcy Code.

13.   Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, debtors in possession are fiduciaries "holding the bankruptcy estate[s] and operating the business[es] for the benefit of [their] creditors and (if the value justifies) equity owners." *In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002). Implicit in the fiduciary duties of any debtor in possession is the obligation to "protect and preserve the estate, including an operating business's going-concern value." *Id.* Some courts have noted that there are instances in which a debtor can fulfill this fiduciary duty "only. . . by the preplan satisfaction of a prepetition claim." *Id.* The *CoServ* court specifically noted that the preplan satisfaction of prepetition claims would be a valid exercise of the debtor's fiduciary duty when the payment "is the only means to effect a substantial enhancement of the estate. . . ." *Id.*

14.   Consistent with the debtor's fiduciary duties, courts have also authorized payment of prepetition obligations under section 363(b) of the Bankruptcy Code where a sound business purpose exists for doing so. *See, e.g., In re Tropical Sportswear Int'l Corp.*, 320 B.R. 15, 17-18 (Bankr. M.D. Fla. 2005) (authorizing payment to critical vendors for prepetition amounts and

finding that a sound business justification existed for payment because the vendors would not do business with the debtors absent the critical vendor status, and the disfavored creditors were not any worse off due to the critical vendor order); *Ionosphere Clubs*, 98 B.R. at 175 (Bankr. S.D.N.Y. 1989) (finding that a sound business justification existed to justify payment of prepetition wages); *see also Armstrong,* 29 B.R. at 397 (S.D.N.Y. 1983) (relying on section 363 to allow contractor to pay prepetition claims of suppliers who were potential lien claimants because the payments were necessary for general contractors to release funds owed to debtors).

15. In addition, the Court may authorize payment of prepetition claims in appropriate circumstances based on section 105(a) of the Bankruptcy Code. Section 105(a), which codifies the inherent equitable powers of the bankruptcy court, empowers the bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Under section 105(a), courts may permit pre-plan payments of prepetition obligations when essential to the continued operation of the debtor's business. Specifically, the Court may use its power under section 105(a) to authorize payment of prepetition obligations pursuant to the "necessity of payment" rule (also referred to as the "doctrine of necessity").

16. The "doctrine of necessity" or the "necessity of payment" rule originated in railway cases and was first articulated in *Miltenberger v. Logansport, C.&S.W.R. Co.*, 106 U.S. 286 (1882). The doctrine was expanded to non-railroad debtors in the mid-century, *see Dudley v. Mealey*, 147 F.2d 268, 271 (2d Cir. 1945) (holding, in a hotel reorganization case, that the court was not "helpless" to apply the rule to supply creditors of non-railroad debtors where the alternative was the cessation of operations), and has long been recognized as precedent within the Second Circuit. *Ionosphere Clubs,* 98 B.R. at 176.

17. Courts also have permitted postpetition payment of prepetition claims pursuant to section 105(a) in other situations, such as if nonpayment of a prepetition obligation would trigger a withholding of goods or services essential to the debtors' business reorganization plan. *See In re UNR Indus.*, 143 B.R. 506, 520 (Bankr. N.D. Ill. 1992) (permitting the debtor to pay prepetition claims of suppliers or employees whose continued cooperation is essential to the debtors' successful reorganization); *Ionosphere Clubs*, 98 B.R. at 177 (finding that section 105 empowers bankruptcy courts to authorize payment of prepetition debt when such payment is needed to facilitate the rehabilitation of the debtor).

18. This flexible approach is particularly critical where a prepetition creditor provides vital goods or services to a debtor that would be unavailable if the debtor did not satisfy its prepetition obligations. In *In re Structurlite Plastics Corp.*, 86 B.R. 922, 931 (Bankr. S.D. Ohio 1988), the bankruptcy court stated that "a bankruptcy court may exercise its equity powers under §105(a) [of the Bankruptcy Code] to authorize payment of pre-petition claims where such payment is necessary 'to permit the greatest likelihood of survival of the debtor and payment of creditors in full or at least proportionately.'" (citation omitted) The court explained that "a *per se* rule proscribing the payment of pre-petition indebtedness may well be too inflexible to permit the effectuation of the rehabilitative purposes of the Code." *Id.* at 932.

19. The Debtors submit that it is in the best interests of their estates to continue to maintain the Policies and to pay any outstanding prepetition Insurance Premiums necessary to do so, as well as to revise, extend, supplement or change insurance coverage, as necessary, pursuant to section 363(b)(1) of the Bankruptcy Code.

20. Courts in this district and others regularly grant relief similar to that requested herein. *See, e.g.*, *In re Uno Restaurant Holdings Corp.,* No. 10-10209 (Bankr. S.D.N.Y. Feb. 17,

2010) (authorizing the debtors to maintain their insurance policies and to pay outstanding prepetition amounts); *In re ION Media Networks, Inc.,* No. 09-13125 (Bankr. S.D.N.Y. June 23, 2009) (same); *In re DBSD North America Inc.,* No. 09-13061 (Bankr. S.D.N.Y. June 15, 2009) (same); *In re Chemtura Corp.,* No. 09-11233 (Bankr. S.D.N.Y. Apr. 13, 2009) (same).

**B.    Cause Exists to Authorize the Debtors' Financial Institutions to Honor Checks and Electronic Fund Transfers.**

21.    The Debtors represent that they have sufficient availability of funds to pay the amounts described herein in the ordinary course of business by virtue of cash reserves, expected cash flows from ongoing business operations and anticipated access to debtor-in-possession financing.  Contemporaneously with the filing of this motion, the Debtors have filed a motion seeking approval of a debtor-in-possession financing facility in an amount up to $75 million with Bank of New York Mellon, as administrative agent for the Debtors' proposed postpetition lenders.  Also, under the Debtors' existing cash management system, the Debtors represent that checks or wire transfer requests can be readily identified as relating to an authorized payment made pursuant to a Policy.  Accordingly, the Debtors believe that checks or wire transfer requests, other than those relating to authorized payments, will not be honored inadvertently and that all applicable financial institutions should be authorized, when requested by the Debtors, to receive, process, honor and pay any and all checks or wire transfer requests in respect of the Insurance Programs.

**Reservation Of Rights**

22.    Nothing contained herein is intended or should be construed as an admission as to the validity of any claim against the Debtors, a waiver of the Debtors' rights to dispute any claim, or an approval or assumption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.  The Debtors expressly reserve their rights to contest claims related to the

Policies under applicable non-bankruptcy law. Likewise, if this Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

### Waiver of Bankruptcy Rule 6004(a) and 6004(h)

23. To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14 day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h). Pursuant to Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." As set forth above, the payments proposed herein are essential to prevent potentially irreparable damage to the Debtors' operations, value, and ability to reorganize. Accordingly, the Debtors submit that ample cause exists to justify a waiver of the 14 day stay imposed by Bankruptcy Rule 6004(h), to the extent it applies.

### Motion Practice

24. This motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated, and a discussion of their application to this motion. Accordingly, the Debtors respectfully submit that this motion satisfies Rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York.

### Notice

25. The Debtors have provided notice of this Motion to: (a) the Office of the United States Trustee for the Southern District of New York; (b) the entities listed on the Consolidated List of Creditors Holding the 30 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (c) The Bank of New York Mellon as agent for the Debtors' proposed postpetition

debtor-in-possession financing; (d) Emmet, Marvin & Martin LLP as counsel to the agent for the Debtors' proposed postpetition debtor-in-possession financing; (e) U.S. Bank National Association as Collateral Agent for the Debtors' purchase money credit facility and Harbinger Capital Partners Master Fund I, Ltd., Harbinger Capital Partners Special Situations Fund, L.P. and EchoStar Corporation as Lenders thereunder; (f) Weil, Gotshal & Manges LLP as counsel to Harbinger Capital Partners Master Fund I, Ltd. and Harbinger Capital Partners Special Situations Fund, L.P. in their capacity as Lenders under the Debtors' purchase money credit facility; (g) Willkie Farr & Gallagher LLP as counsel to EchoStar Corporation in its capacity as Lender under the Debtors' purchase money credit facility and Initial Lender under the Debtors' proposed postpetition debtor-in-possession financing; (h) U.S. Bank National Association as Indenture Trustee for the Debtors' 15% Senior Secured Notes; (i) U.S. Bank National Association as Indenture Trustee for the Debtors' 6.5% Senior Exchangeable Notes; (j) Quinn Emanuel Urquhart & Sullivan, LLP as counsel to an *Ad Hoc* group of the Debtors' 6.5% Senior Exchangeable Notes; (k) the Internal Revenue Service; (l) the Securities and Exchange Commission; (m) the United States Attorney for the Southern District of New York; and (n) the Federal Communications Commission. In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter an order, substantially in the form attached hereto as <u>Exhibit A</u>, (i) authorizing, but not directing, the Debtors to continue to pay prepetition Insurance Premium obligations, if any are discovered to exist, necessary or appropriate to maintain insurance coverage in current effect and, at their sole discretion, to amend, extend or renew insurance coverage in current effect and (ii) authorizing financial institutions to honor all related checks and electronic payment requests and (b) grant such other further relief as is just and proper.

New York, New York
Dated: October 19, 2010

*/s/ Ira S. Dizengoff*
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)
Ira S. Dizengoff
Arik Preis
Ashleigh L. Blaylock

*Proposed Counsel to the Debtors and Debtors in Possession*

# EXHIBIT A

**Proposed Order**

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| TERRESTAR NETWORKS INC., *et al.*,[1] | ) Case No. 10-[_____] ( ) |
| | ) |
| Debtors. | ) Joint Administration Requested |
| | ) |

## ORDER (A) AUTHORIZING, BUT NOT DIRECTING, DEBTORS TO CONTINUE TO ADMINISTER INSURANCE COVERAGE AND (B) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR ALL RELATED CHECKS AND ELECTRONIC PAYMENT REQUESTS

Upon the motion (the "***Motion***")[2] of the above-captioned debtors (collectively, the "***Debtors***") for entry of an order (a) authorizing, but not directing, the Debtors to (i) continue to administer insurance coverage currently in effect and pay any prepetition premiums, taxes and fees related to their insurance Policies and (ii) revise, extend, supplement or change insurance coverage as needed, including authorizing the Debtors to enter into new insurance policies through renewal of the Policies or purchase of new policies and (b) authorizing financial institutions to honor all related checks and electronic payment requests; and upon the First Day Declaration; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and this Motion in this Court

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: TerreStar New York Inc. (6394); TerreStar Networks Inc. (3931); Motient Communications Inc. (3833); Motient Holdings Inc. (6634); Motient License Inc. (2431); Motient Services Inc. (5106); Motient Ventures Holding Inc. (6191); MVH Holdings Inc. (9756); TerreStar License Inc. (6537); TerreStar National Services Inc. (6319); TerreStar Networks Holdings (Canada) Inc. (1337); TerreStar Networks (Canada) Inc. (8766) and 0887729 B.C. Ltd. (1345).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and notice of the Motion appearing to be adequate and appropriate under the circumstances; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The Motion is granted to the extent set forth herein.

2. The Debtors are authorized, but not directed, in their sole discretion, to continue to administer insurance coverage currently in effect and pay any prepetition Insurance Premiums related to the Policies to the extent that the Debtors determine in their discretion that such payments are necessary or appropriate.

3. The Debtors are authorized, but not directed, to revise, extend, supplement or change insurance coverage as needed, including entering into new insurance policies, through renewal of the Policies or purchase of new policies.

4. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

5. Notwithstanding the possible applicability of Rules 6004(a) and 6004(h) of the Federal Rules of Bankruptcy Procedure or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor and pay all such checks and electronic payment requests when presented for payment, and that all such banks and financial institutions are authorized to

rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order.

7. Notwithstanding any provision herein to the contrary, the Debtors shall not be authorized to make any payments under this Order from any amounts loaned to the Debtors pursuant to the debtor-in-possession financing unless such payments or disbursements are included in the budget contained therein or otherwise authorized to be paid pursuant to the debtor-in-possession financing agreement.

8. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

New York, New York  
Date: _____, 2010

_____  
United States Bankruptcy Judge

# EXHIBIT B

**Schedule of Insurance Policies**

# TERRESTAR NETWORKS INC., SCHEDULE OF INSURANCE POLICIES
# AS OF OCTOBER 19, 2010

| Type of Policy | Insurance Company | Term | Annual Premium | Subject to Audit |
|---|---|---|---|---|
| **Commercial Package – United States** | Great Northern | 4/1/2010 - 4/1/2011 | $63,841.00 | Yes |
| **Commercial Package - Canada** | Chubb Ins. Company of Canada | 4/1/2010 - 4/1/2011 | $13,930.00 | Yes |
| **Hired/Non-owned auto** | Great Northern | 4/1/2010 - 4/1/2011 | $1,297.00 | Yes |
| **Umbrella** | Federal Insurance Company | 4/1/2010 - 4/1/2011 | $8,361.00 | Yes |
| **Fiduciary Liability** | Federal Insurance Company | 4/1/2010 - 4/1/2011 | $11,447.00 | Yes |
| **Crime/ERISA** | Federal Insurance Company | 4/1/2010 - 4/1/2013 | $500.00 | Yes |
| **D&O - Primary layer** | XL Specialty Insurance Company | 11/08/2009 -11/8/2010 | $300,000.00 | Yes |
| **D&O - 1st layer** | ACE American Insurance Company | 11/08/2009 -11/8/2010 | $190,000.00 | Yes |
| **D&O - 2nd layer (side A)** | National Union Fire Insurance Company of Pittsburgh, PA | 11/08/2009 -11/8/2010 | $82,503.00 | Yes |
| **D&O – Canada** | ENCON Group Inc. | 4/12/2010 – 4/12/2011 | $14,575.00[1] | Yes |
| **Life, AD&D, STD, LTD** | Standard Insurance Company | 01/01/2010-12/31/2010 | $134,000.00 | Yes |
| **Satellite launch & In-orbit** | TOTAL | 7/1/2010 – 6/30/2011 | $3,149,189.00 | Yes |
| | Tokio – 3.75% | | | |
| | Mitsui – 2.5% | | | |

---

[1] The ENCON Group Canadian D&O policy is listed in Canadian dollars. All other policies are listed in U.S. dollars.

| Type of Policy | Insurance Company | Term | Annual Premium | Subject to Audit |
|---|---|---|---|---|
| | Inter-Aero – 10% | | | |
| | LRS – 2.5% | | | |
| | XL – 7.5% | | | |
| | ElseCo – 2.5% | | | |
| | Asia Cap Re – 1% | | | |
| | Chaucer – 1.25% | | | |
| | Global – 5% | | | |
| | Munich Re – 17.5% | | | |
| | Inter Hannover – 2.5% | | | |
| | Sciemus – 7.5% | | | |
| | Watkins – 4.0% | | | |
| | Scor – 3.75% | | | |
| | Kiln – 1% | | | |
| | Hiscox – 2.5% | | | |
| | Glacier Re – 5% | | | |
| | Satec – 2.5% | | | |
| | Atrium – 7.5% | | | |
| | ElseCo – 1.75% | | | |
| | Brit – 6.0% | | | |
| | Paris Re – 2.5% | | | |