AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)
Ira S. Dizengoff
Arik Preis
Ashleigh L. Blaylock

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| TERRESTAR NETWORKS INC., *et al.*,[1] | ) Case No. 10-[_____] ( ) |
| | ) |
| Debtors. | ) Joint Administration Requested |
| | ) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER DETERMINING**
**ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES**

The above-captioned debtors and debtors in possession (collectively, the "***Debtors***") seek

entry of an order, substantially in the form attached hereto as Exhibit A, determining adequate

assurance of payment for future utility services. In support of this motion, the Debtors submit

the Declaration of Jeffrey W. Epstein, Chief Executive Officer of TerreStar Networks Inc., in

Support of First Day Pleadings (the "***First Day Declaration***"). In further support of this motion,

the Debtors respectfully state as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: TerreStar New York Inc. (6394); TerreStar Networks Inc. (3931); Motient Communications Inc. (3833); Motient Holdings Inc. (6634); Motient License Inc. (2431); Motient Services Inc. (5106); Motient Ventures Holding Inc. (6191); MVH Holdings Inc. (9756); TerreStar License Inc. (6537); TerreStar National Services Inc. (6319); TerreStar Networks Holdings (Canada) Inc. (1337); TerreStar Networks (Canada) Inc. (8766) and 0887729 B.C. Ltd. (1345).

## Jurisdiction

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.     Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The statutory basis for the relief requested herein is section 366 of title 11 of the United States Code (the "***Bankruptcy Code***").

## Background

4.     On October 19, 2010 (the "***Petition Date***"), each of the Debtors filed a petition with this Court under chapter 11 of the Bankruptcy Code.  The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases and no statutory committees have been appointed or designated.

5.     Contemporaneously with the filing of this motion, the Debtors have sought procedural consolidation and joint administration of these chapter 11 cases under the case of TerreStar Networks Inc.  A description of the Debtors' business, the reasons for filing these chapter 11 cases and the relief sought from this Court to allow for a smooth transition into operations under chapter 11 is set forth in the First Day Declaration, which is being filed contemporaneously with this motion.

## Basis for Relief

### A.     The Utility Providers

6.     As described in the First Day Declaration, in the ordinary course of their business, the Debtors incur utility expenses for electric, water, telephone, internet, fuel and other similar utility services.  Approximately 60 utility providers (collectively, the "***Utility Providers***") provide these services through approximately 70 accounts.  A list of the Utility Providers

rendering services to the Debtors as of the Petition Date (the "**_Utility Service List_**") is attached hereto as <u>Exhibit B</u>.[2]  On average, the Debtors spend approximately $180,000 each month on utility costs.

7.      The Utility Providers service the Debtors' corporate headquarters, network gateways, calibration earth stations and operation centers.  Preserving utility services on an uninterrupted basis is essential to the Debtors' ongoing operations and, therefore, to the success of their reorganization.  Indeed, any interruption in utility services, even for a brief period of time, would disrupt the Debtors' ability to continue operations.  Such a result could seriously jeopardize the Debtors' reorganization efforts and, ultimately, value and creditor recoveries.  It is critical that utility services continue uninterrupted during these chapter 11 cases.

**B.      The Proposed Adequate Assurance**

8.      The Debtors intend to pay postpetition obligations owed to the Utility Providers in a timely manner.  Contemporaneously herewith, the Debtors have filed a motion seeking approval to enter into a $75 million debtor-in-possession credit facility (the "**_Proposed DIP Facility_**").  The Debtors expect that cash flows from operations and borrowings under the Proposed DIP Facility will be sufficient to pay postpetition obligations related to its utility services.

9.      Nevertheless, to provide additional assurance of payment for future services to the Utility Providers, the Debtors propose to deposit $90,000 - which represents an amount equal to the estimated aggregate cost for two weeks of utility service, calculated based on the historical

---

[2]    Although the Debtors believe that the Utility Service List includes all of their Utility Providers, the Debtors reserve the right to supplement the list if they inadvertently have omitted any Utility Provider.  Additionally, the listing of any entity on the Utility Service List is not an admission that such entity is a utility within the meaning of section 366 of the Bankruptcy Code, and the Debtors reserve the right to contest any such characterization in the future.

average over the past 12 months (the "***Adequate Assurance Deposit***") – into a newly created, segregated interest-bearing account (the "***Utility Deposit Account***") for the benefit of Utility Providers on or before the date that is 21 days after the Petition Date.[3]

10.     In the event that the Debtors amend the Utility Service List to add one or more additional Utility Providers, the Debtors shall promptly add to the Adequate Assurance Deposit in the Utility Deposit Account the estimated amount equivalent to two weeks of utility services for each subsequently-added Utility Provider.

11.     The Debtors submit that the Adequate Assurance Deposit, in conjunction with the Debtors' demonstrated ability to pay for future utility services in the ordinary course of business (together, the "***Proposed Adequate Assurance***"), constitutes sufficient adequate assurance to the Utility Providers in full satisfaction of section 366 of the Bankruptcy Code.

**C.     The Proposed Adequate Assurance Procedures**

12.     Notwithstanding the Proposed Adequate Assurance, if a Utility Provider is not satisfied that the establishment of the Utility Deposit Account and the Adequate Assurance Deposit provide adequate assurance of future payment, any such Utility Provider may make additional requests for adequate assurance pursuant to the procedures set forth herein (the "***Adequate Assurance Procedures***" a copy of which are also attached hereto as <u>Exhibit C</u>). Specifically, the Debtors propose that any Utility Provider that desires to request additional or different adequate assurance of future payment (each, an "***Additional Assurance Request***") must do so in accordance with the Adequate Assurance Procedures, as follows:

---

[3]  The Debtors further request that any Adequate Assurance Deposit required by, and deposited into the Utility Deposit Account on behalf of any Utility Provider, be returned to the Debtors at the conclusion of these chapter 11 cases, if not applied earlier by the Utility Providers.

a. Any Additional Assurance Request must be sent so that it is received by the following parties: (i) TerreStar Networks Inc., 12010 Sunset Hills Road, 6th Flr., Reston, Virginia 20190, Attn: Doug Brandon, Esq.; and (ii) proposed counsel to the Debtors, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036, Attn: Ira S. Dizengoff, Esq. and Arik Preis, Esq. (together, the "**Notice Parties**").

b. Any Additional Assurance Request must (i) be made in writing, (ii) set forth the location for which utility services are provided, (iii) include a summary of the Debtors' payment history relevant to the affected account(s), including any security deposits, and (iv) set forth why the Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

c. Any Additional Assurance Request must be made and **actually received** by all the Notice Parties listed above by no later than 30 days after entry of an order by this Court approving this motion. If a Utility Provider fails to file and serve a timely Additional Assurance Request, it shall be: (i) forbidden to discontinue, alter, or refuse service to, or discriminate against, the Debtors on account of any unpaid prepetition charges, or require additional assurance of payment other than the two-week Proposed Adequate Assurance; and (ii) deemed to have received adequate assurance of payment in compliance with section 366 of the Bankruptcy Code.

d. Upon the Debtors' receipt of any Additional Assurance Request at the addresses set forth above, the Debtors shall have the greater of (i) 20 days from the receipt of such Additional Assurance Request or (ii) 30 days from the Petition Date (collectively, the "**Resolution Period**") to negotiate with such Utility Provider to resolve such Utility Provider's Additional Assurance Request.

e. The Debtors may, in their discretion, resolve any Additional Assurance Request by mutual agreement with the Utility Provider and without further order of the Court, and may, in connection with any such agreement, in their discretion, provide a Utility Provider with additional adequate assurance of future payment, including but not limited to cash deposits, prepayments or other forms of security, without further order of this Court if the Debtors believe such additional assurance is reasonable.

f. If the Debtors determine that the Additional Assurance Request is not reasonable and are not able to reach an alternative resolution with the Utility Provider during the Resolution Period, the Debtors, during or immediately after the Resolution Period, will request a hearing before this Court to determine the adequacy of assurances of payment with respect to a particular Utility Provider (the "**Determination Hearing**") pursuant to section 366(c)(3) of the Bankruptcy Code.

g. Pending resolution of such dispute at the Determination Hearing, the relevant Utility Provider shall be restrained from discontinuing, altering or refusing service to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

13. The Debtors request that all Utility Providers who do not timely file an objection or make an Additional Assurance Request pursuant to the Adequate Assurance Procedures be deemed to consent to the Proposed Adequate Assurance and be bound by any order entered by this Court granting this motion.

**D. Subsequent Modifications**

14. The Debtors have made an extensive and good faith effort to identify their Utility Providers and include them on the Utility Service List. Nonetheless, to the extent that the Debtors subsequently identify additional Utility Providers, the Debtors seek authority, in their sole discretion, to amend the Utility Service List to add or remove any Utility Provider. The Debtors propose to have the terms of the order apply to any such subsequently identified Utility Provider. Moreover, for those Utility Providers that are subsequently added to the Utility Service List, the Debtors will serve a copy of this motion and the order (if entered) on such Utility Provider. Such subsequently added entity shall then have until 14 days from the date of service of such materials to serve an Additional Assurance Request upon the Notice Parties.

<u>**Relief Requested**</u>

15. By this motion, the Debtors seek entry of an order, pursuant to section 366 of the Bankruptcy Code: (a) determining that the Utility Providers have been provided with adequate assurance of payment within the meaning of section 366 of the Bankruptcy Code by virtue of the Proposed Adequate Assurance being provided by the Debtors, as described herein; (b) approving the Adequate Assurance Procedures; (c) prohibiting the Utility Providers from altering, refusing or discontinuing services on account of prepetition amounts outstanding and on account of any

perceived inadequacy of the Adequate Assurance Procedures; and (d) determining that the Debtors are not required to provide any additional adequate assurance beyond what is proposed by this motion.

**Supporting Authority**

16.     Congress enacted section 366 of the Bankruptcy Code to protect debtors from utility service cutoffs upon a bankruptcy filing while providing utility companies with adequate assurance that the debtors will pay for postpetition services. *See* H.R. Rep. No. 95-595, at 350 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6306. Accordingly, section 366 of the Bankruptcy Code protects debtors by prohibiting utilities from altering, refusing or discontinuing services to a debtor solely on account of unpaid prepetition amounts for a period of 30 days after a chapter 11 filing. At the same time, it protects utilities by permitting them to alter, refuse or discontinue service after 30 days if the debtor has not furnished "adequate assurance" of payment in a form "satisfactory" to the utility.

17.     As revised by the Bankruptcy Abuse Prevention and Consumer Protection Act ("*BAPCPA*"), section 366(c) of the Bankruptcy Code restricts the factors that a court can consider when determining whether an adequate assurance payment is, in fact, adequate. Specifically, courts may no longer consider (a) the absence of a security deposit before a debtor's petition date, (b) a debtor's history of timely payments or (c) the availability of an administrative expense priority when determining the amount of a deposit. Notwithstanding these changes, it does not appear that Congress intended to, or did, abrogate the bankruptcy court's ability to determine the amount of adequate assurance necessary or change the fundamental requirement that assurance of payment must simply be "adequate."

18.     Thus, while section 366(c) of the Bankruptcy Code limits the factors a court can consider when determining whether a debtor has provided adequate assurance of payment, it

does not limit a court's ability to determine the amount of payment necessary, if any, to provide adequate assurance. Instead, section 366(c) of the Bankruptcy Code gives courts the same discretion in determining the amount of payment necessary for adequate assurance that they previously had under section 366(b) of the Bankruptcy Code. *Compare* 11 U.S.C. § 366(b) (2005) ("On request of a party in interest and after notice and a hearing, the court may order reasonable modification of the amount of the deposit or other security necessary to provide adequate assurance of payment.") *with* 11 U.S.C. § 366(c)(3)(A) (2005) ("On request of a party in interest and after notice and a hearing, the court may order modification of the amount of an assurance payment under paragraph (2).").

19.     In addition, it is well established that section 366(b) of the Bankruptcy Code permits a court to find that no adequate assurance payment at all is necessary to provide a utility with adequate assurance of payment. *See Va. Elec. & Power Co. v. Caldor, Inc.*, 117 F.3d 646, 650 (2d Cir. 1997) ("Even assuming that 'other security' should be interpreted narrowly, . . . a bankruptcy court's authority to 'modify' the level of the 'deposit or other security' provided for under § 366(b), includes the power to require 'no deposit or other security' where none is necessary to provide a utility supplier with 'adequate assurance of payment.'"). This principle may be applicable in cases where the debtor has made prepetition deposits or prepayments for services that utilities will ultimately render postpetition. *See* 11 U.S.C. § 366(c)(1)(A)(v) (recognizing a prepayment for postpetition services as adequate assurance). Accordingly, even after the recent revisions to section 366 of the Bankruptcy Code, courts continue to have discretion to determine the amount of adequate assurance payments and, where appropriate, to determine that no such payment is necessary.

20. Finally, section 366(c) of the Bankruptcy Code, like section 366(b) of the Bankruptcy Code, requires only that a utility's assurance of payment be "adequate." Courts recognize that adequate assurance of performance does not constitute an absolute guarantee of a debtor's ability to pay. *See, e.g.*, *Steinebach v. Tuscon Elec. Power Co. (In re Steinebach)*, 303 B.R. 634, 641 (Bankr. D. Ariz. 2004) ("Adequate assurance of payment is not, however, absolute assurance . . . 'a Bankruptcy Court is not required to give a utility company the equivalent of a guarantee of payment, but must only determine that the utility is not subject to any unreasonable risk of non-payment for postpetition services.'") (quoting *In re Adelphia Bus. Solutions, Inc.*, 280 B.R. 63, 80 (Bankr. S.D.N.Y. 2002)); *see also In re Caldor, Inc.*, 199 B.R. 1, 3 (S.D.N.Y. 1996) (section 366(b) "does not require an 'absolute guarantee of payment'") (citation omitted), *aff'd sub nom. Va. Elec. & Power Co.*, 117 F.3d at 646. Courts have also recognized that, in determining the requisite level of adequate assurance, bankruptcy courts should "focus upon the need of the utility for assurance, and to require that the debtor supply no more than that, since the debtor almost perforce has a conflicting need to conserve scarce financial resources." *Va. Elec. & Power Co.*, 117 F.2d at 650 (emphasis in original); *see also In re Penn Cent. Transp. Co.*, 467 F.2d 100, 103-04 (3d Cir. 1972) (affirming bankruptcy court's ruling that no utility deposits were necessary where such deposits would likely "jeopardize the continuing operation of the [debtor] merely to give further security to suppliers who already are reasonably protected"). Accordingly, demands by a Utility Provider for a guarantee of payment should be refused when the Debtors' specific circumstances already afford adequate assurance of payment.

21. Based upon the foregoing, the Debtors believe that most, if not all, of their Utility Providers have adequate assurance of payment even without the Adequate Assurance Deposit. Contemporaneously herewith, the Debtors are seeking interim approval of the Proposed DIP

Facility that will enable them to pay their operating costs, including utility costs, as they come due. The Debtors anticipate having sufficient resources to pay, and intend to pay, all valid postpetition obligations for utility services in a timely manner, particularly considering that the aggregate amount of the Debtors' utility obligations is not overwhelming. In addition, the Debtors' reliance on utility services for the operation of their business provides them with a powerful incentive to stay current on their utility obligations. These factors, which the Court may (and should) consider when determining the amount of any adequate assurance payments, justify a finding that no adequate assurance payments are required in these chapter 11 cases. In light of the foregoing, the Debtors respectfully submit that the Debtors' Proposed Adequate Assurance is more than sufficient to assure the Utility Providers of future payment.

22.     As discussed, section 366 of the Bankruptcy Code recognizes the necessity of continuous utility services and prohibits the Utility Providers from altering, refusing or discontinuing utility services to, or discriminating against, a debtor due to either its bankruptcy filing or any outstanding prepetition obligations for a period of 30 days after the filing. At the conclusion of that 30 day period, however, a utility company may discontinue services if a debtor has not furnished adequate assurance of payment. 11 U.S.C. § 366(c)(2).

23.     Absent the approval of the procedures proposed in this motion, Utility Providers could discontinue service, without warning, 30 days from the Petition Date, if they claim they have not yet received a "satisfactory" adequate assurance payment. However, in accordance with the Adequate Assurance Procedures, if a Utility Provider fails to timely file an Additional Assurance Request, such Utility Provider shall be deemed to consent to the Adequate Assurance Procedures and shall be bound by the order. *See In re Syroco Inc.*, 374 B.R. 60, 62 (Bankr. D.P.R. 2007) (a utility provider's lack of objection, response or counter-demand after receiving

notice of hearing on utilities motion, notice of interim order and notice of final hearing constitutes tacit acceptance of the debtor's proposed two-week cash deposit as adequate assurance of payment as such term is used in section 366 of the Bankruptcy Code).

24.     The proposed Adequate Assurance Procedures are necessary for the Debtors to carry out their reorganization efforts.  If they are not approved, the Debtors could be forced to address numerous requests by their Utility Providers in a disorganized manner at a critical point in their reorganization.  Moreover, the Debtors could be blindsided by a Utility Provider unilaterally deciding—on or after the 30th day following the Petition Date—that it is not adequately protected and discontinuing service or making an exorbitant demand for payment to continue service.  Such discontinuation of utility service could put the Debtors' reorganization efforts in jeopardy.

25.     Under the circumstances of these cases, the Debtors believe that the establishment of a cash reserve, in an amount that is substantially relative to the Debtors' estimated monthly utilities consumption, constitutes adequate assurance of payment under section 366(c) of the Bankruptcy Code.  Courts in this district have regularly approved similar adequate assurance deposits and procedures in other chapter 11 cases filed after BAPCPA became effective.  *See*, *e.g.*, *In re Uno Rest. Holdings Corp.,* No. 10-10209 (Bankr. S.D.N.Y. Mar. 10, 2010) (approving deposit equal to two weeks of utility service, calculated based on the historical average over the 12 months before the Petition Date, as adequate assurance and opt-out procedures); *In re ION Media Networks, Inc.,* No. 09-13125 (Bankr. S.D.N.Y. June 25, 2009) (same); *In re DBSD N. Am. Inc.,* No. 09-13061 (Bankr. S.D.N.Y. June 5, 2009) (same); *In re Chemtura Corp.*, No. 09-11233 (Bankr. S.D.N.Y. Apr. 1, 2009) (same).

## Waiver of Bankruptcy Rules 6004(a) and 6004(h)

26.     To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14 day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).  Pursuant to Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise."  As set forth above, the payments proposed herein are essential to prevent potentially irreparable damage to the Debtors' operations, value, and ability to reorganize.  Accordingly, the Debtors submit that ample cause exists to justify a waiver of the 14 day stay imposed by Bankruptcy Rule 6004(h), to the extent it applies.

## Reservation Of Rights

27.     Nothing contained herein is intended or should be construed as an admission as to the validity of any claim against the Debtors, a waiver of the Debtors' rights to dispute any claim, or an approval or assumption of any agreement, contract or lease under section 365 of the Bankruptcy Code.  The Debtors expressly reserve their rights to contest any claims under applicable non-bankruptcy law.  Likewise, if this Court grants the relief sought herein, any deposit made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

## Motion Practice

28.     This motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated, and a discussion of their application to this motion.  Accordingly, the Debtors submit that this motion satisfies Rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York.

## Notice

29.     The Debtors have provided notice of this Motion to: (a) the Office of the United States Trustee for the Southern District of New York; (b) the entities listed on the Consolidated List of Creditors Holding the 30 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (c) The Bank of New York Mellon as agent for the Debtors' proposed postpetition debtor-in-possession financing; (d) Emmet, Marvin & Martin LLP as counsel to the agent for the Debtors' proposed postpetition debtor-in-possession financing; (e) U.S. Bank National Association as Collateral Agent for the Debtors' purchase money credit facility and Harbinger Capital Partners Master Fund I, Ltd., Harbinger Capital Partners Special Situations Fund, L.P. and EchoStar Corporation as Lenders thereunder; (f) Weil, Gotshal & Manges LLP as counsel to Harbinger Capital Partners Master Fund I, Ltd. and Harbinger Capital Partners Special Situations Fund, L.P. in their capacity as Lenders under the Debtors' purchase money credit facility; (g) Willkie Farr & Gallagher LLP as counsel to EchoStar Corporation in its capacity as Lender under the Debtors' purchase money credit facility and Initial Lender under the Debtors' proposed postpetition debtor-in-possession financing; (h) U.S. Bank National Association as Indenture Trustee for the Debtors' 15% Senior Secured Notes; (i) U.S. Bank National Association as Indenture Trustee for the Debtors' 6.5% Senior Exchangeable Notes; (j) Quinn Emanuel Urquhart & Sullivan, LLP as counsel to an Ad Hoc group of the Debtors' 6.5% Senior Exchangeable Notes; (k) the Internal Revenue Service; (l) the Securities and Exchange Commission; (m) the United States Attorney for the Southern District of New York; and (n) the Federal Communications Commission. In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the order, substantially in the form attached hereto as <u>Exhibit A</u>, (i) determining that their Utility Providers have been provided with adequate assurance of payment within the meaning of section 366 of the Bankruptcy Code, (ii) approving the Adequate Assurance Procedures, (iii) prohibiting the Utility Providers from altering, refusing or discontinuing services on account of prepetition amounts outstanding and on account of any perceived inadequacy of the Adequate Assurance Procedures, and (iv) determining that the Debtors are not required to provide any additional adequate assurance beyond what is proposed by this motion and (b) grant such other relief as is just and proper.

New York, New York
Dated: October 19, 2010

*/s/ Ira S. Dizengoff*
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)
Ira S. Dizengoff
Arik Preis
Ashleigh L. Blaylock

*Proposed Counsel to the Debtors and Debtors in Possession*

**EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| TERRESTAR NETWORKS INC., *et al.*,[1] | ) Case No. 10-[_____] (   ) |
| | ) |
| Debtors. | ) Joint Administration Requested |
| | ) |

## ORDER DETERMINING ADEQUATE
## ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES

Upon the motion (the "***Motion***")[2] of the above-captioned debtors (collectively, the

"***Debtors***") for entry of an order determining adequate assurance of payment for future utility

services; and upon the First Day Declaration; and it appearing that this Court has jurisdiction

over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a

core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding

and this Motion in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing

that the relief requested is in the best interests of the Debtors' estates, their creditors, and other

parties in interest; and notice of the Motion appearing to be adequate and appropriate under the

circumstances; and any objections to the requested relief having been withdrawn or overruled on

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: TerreStar New York Inc. (6394); TerreStar Networks Inc. (3931); Motient Communications Inc. (3833); Motient Holdings Inc. (6634); Motient License Inc. (2431); Motient Services Inc. (5106); Motient Ventures Holding Inc. (6191); MVH Holdings Inc. (9756); TerreStar License Inc. (6537); TerreStar National Services Inc. (6319); TerreStar Networks Holdings (Canada) Inc. (1337); TerreStar Networks (Canada) Inc. (8766) and 0887729 B.C. Ltd. (1345).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1.　　The Motion is granted to the extent set forth herein.

2.　　All Utility Providers are prohibited from altering, refusing or discontinuing service on account of any unpaid prepetition charges or the commencement of these chapter 11 cases.

3.　　All Utility Providers are prohibited from requiring additional adequate assurance of payment other than pursuant to the procedures (the "***Adequate Assurance Procedures***") described herein.

4.　　On or before the date that is 21 days after the Petition Date, the Debtors shall deposit the Adequate Assurance Deposit, in the amount of $90,000, into the Utility Deposit Account.

5.　　The Adequate Assurance Deposit attributable for each Utility Provider shall be returned to the Debtors on the earlier of (a) the Debtors' termination of services from such provider and (b) the conclusion of these chapter 11 cases, if not applied earlier.

6.　　The Adequate Assurance Deposit, in conjunction with the Debtors' demonstrated ability to pay for future utility services in the ordinary course of business and the Debtors' incentive to stay current on their utility obligations, is hereby approved and is deemed adequate assurance of payment as the term is used in section 366 of the Bankruptcy Code.

7.　　A Utility Provider desiring additional assurances of payment in the form of deposits, prepayments or otherwise must serve an Additional Assurance Request in accordance with the Adequate Assurance Procedures upon the Debtors and the United States Trustee at the following addresses: (i) TerreStar Networks Inc., 12010 Sunset Hills Road, 6th Flr., Reston,

Virginia 20190, Attn: Doug Brandon, Esq.; and (ii) proposed counsel to the Debtors, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036, Attn: Ira S. Dizengoff, Esq. and Arik Preis, Esq. (together, the "***Notice Parties***").

8.      Any Additional Assurance Request must (a) be made in writing, (b) set forth the location for which utility services are provided, (c) include a summary of the Debtors' payment history relevant to the affected account(s), including any security deposits, and (d) explain why the Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

9.      Upon the Debtors' receipt of any Additional Assurance Request, the Debtors shall have the greater of (a) 20 days from the receipt of the Additional Assurance Request and (b) 30 days from the date on which the Debtors commenced these chapter 11 cases (collectively, the "***Resolution Period***") to negotiate with the Utility Provider to resolve the Utility Provider's Additional Assurance Request.

10.     The Debtors may, in their discretion, resolve any Additional Assurance Request by mutual agreement with the Utility Provider and without further order of the Court, and may, in connection with any such agreement, in their sole discretion, provide a Utility Provider with additional adequate assurance of future payment, including, but not limited to, cash deposits, prepayments and other forms of security, without further order of this Court if the Debtors believe additional assurance is reasonable.

11.     If the Debtors determine that an Additional Assurance Request is not reasonable and they are not able to reach an alternative resolution with the Utility Provider filing the Additional Assurance Request during the Resolution Period, the Debtors, during or immediately after the Resolution Period, will request a hearing before the Court on proper notice to determine

the adequacy of assurances of payment with respect to a particular Utility Provider (the "***Determination Hearing***") pursuant to section 366(c)(3) of the Bankruptcy Code.

12.     Pending resolution of such dispute at the Determination Hearing, the Utility Provider filing the Additional Assurance Request shall be prohibited from altering, refusing or discontinuing service to the Debtors on account of unpaid charges for prepetition services, on account of the commencement of these chapter 11 cases or on account of any objections to the Proposed Adequate Assurance.

13.     A Utility Provider shall be deemed to have adequate assurance of payment within the meaning of section 366 of the Bankruptcy Code unless and until (a) the Debtors, in their sole discretion, agree to an alternative assurance of payment with the Utility Provider or (b) the Court enters an order requiring that additional adequate assurance of payment be provided.

14.     The Debtors are authorized, in their sole discretion, to amend the Utility Service List attached as <u>Exhibit B</u> to the Motion to add or delete any Utility Provider, and the Order shall apply to any Utility Provider that is subsequently added to the Utility Service List.

15.     For those Utility Providers that are subsequently added to the Utility Service List, the Debtors will serve a copy of the Motion on the subsequently added Utility Provider. Subsequently added entities would then have 14 days from the date of service of the Motion to make an objection.

16.     Any Utility Provider who fails to request additional assurance in accordance with the Adequate Assurance Procedures is deemed to consent to the Adequate Assurance Procedures and shall be bound by this Order.

17.     Notwithstanding any provision herein to the contrary, the Debtors shall not be authorized to make any payments under this Order from any amounts loaned to the Debtors

pursuant to the debtor-in-possession financing unless such payments or disbursements are included in the budget contained therein or otherwise authorized to be paid pursuant to the debtor-in-possession financing agreement.

18.     Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall constitute, nor is it intended to constitute (a) an admission to the validity or priority of any claim against the Debtors; (b) a waiver of the Debtors rights to dispute any claim; or (c) an approval or assumption of any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code.

19.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

20.     Notwithstanding the possible applicability of Bankruptcy Rules 6004(a) and 6004(h), or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

21.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

New York, New York
Date: _____, 2010

_____
United States Bankruptcy Judge

**<u>EXHIBIT B</u>**

**Utility Service List**

# Utility Service List

| Utility Provider | Address | Type of Service |
|---|---|---|
| 1800 WE ANSWER COMMUNICATIONS | 545 8th Avenue, Suite 401 New York, NY 10018 | Telephone |
| AT&T MOBILITY | P.O. Box 6463 Carol Stream, IL 60197-6463 | Telephone |
| ABC PROPANE INC./DBA AWC PROPANE | P.O. Box 490 Roswell, NM 88202 | Fuel |
| ALENCO COMMUNICATIONS INC | P.O. Box 1000 Joshua, TX 76058 | Telephone |
| AMERIGAS PROPANE | 2317 N. University Avenue Lafayette, LA 70507 | Fuel |
| APPALACHIAN POWER COMPANY | P.O. Box 2440 Canton, OH 44701 | Electric |
| APPTIX ACQUISITION SUBSIDIARY | 8000 Peters Road, Suite A-100 Fort Lauderdale, FL 33324 | Telephone |
| ARIZONA PUBLIC SERVICE COMPANY | 9657 North 5th Street MS Phoenix, AZ 85004 | Electric |
| AT&T SERVICES, INC. | 175 E. Houston Street, Room 8-H-60 San Antonio, TX 78205 | Telephone |
| BC HYDRO | P.O. Box 6500 Prince George, BC V2N 2K4 | Electric |
| BELL CANADA | P.O. Box 3650 Station Don Mills Toronto, ON M3C 3X9 and P.O. Box 9000 Station Don Mills North York, ON M3C 2X7 | Telephone |
| CANBY TELECOM ASSOCIATION | 185 SE 1st Avenue P.O. Box 880 Canby, OR 97013-0880 | Telephone |
| CANBY UTILITY BOARD | 154 NW 1st Avenue P.O. Box 1070 Canby, OR 97013 | Electric |
| CLECO POWER LLC | 2030 Donahue Ferry Road Pineville, LA 71360 | Electric |
| COMED | P.O. Box 805376 Chicago, IL 60680-5376 | Electric |
| CORE 180, INC. | 2 Hudson Place, 4th Floor Hoboken, NJ 07030 | Telephone |
| DIRECT ENERGY REGULATED SERVICES | P.O. Box 2427 Edmonton, AB T5J 2V6 | Electric |
| DUKE ENERGY | P.O. Box 1007 Charlotte, NC 28201 | Electric |
| NUVOX / WINDSTREAM f/k/a EMBARQ FLORIDA, INC. | 6500 Sprint Parkway Overland Park, KS 66251 | Telephone |
| FARMERS UNION OIL | 600 Highway 2 West Devils Lake, ND 58301-2837 | Fuel |
| FERRELLGAS | 326 NC Highway 42 West Ahoskie, NC 27910 | Fuel |

| Utility Provider | Address | Type of Service |
|---|---|---|
| FILGO OIL CO | 5021 Bernal Drive<br>Dallas, TX 75212 | Fuel |
| FLORIDA POWER & LIGHT COMPANY | 700 Universe Boulevard<br>Juno Beach, FL 33408 | Electric |
| HYDRO ONE NETWORKS INC. | 255 Burwood Road Box 10309<br>Thunder Bay, ON P7B 6T8 | Electric |
| INTERCALL | P.O. Box 281866<br>Atlanta, GA 30384-1866 | Telephone |
| INTERNET SERVICES | 6421 NW 42nd Court<br>Coral Springs, FL 33067 | Telephone |
| KELLY'S FUEL | P.O. Box 1447<br>Peterborough, ON K9J 7H6 | Fuel |
| LEVEL 3 COMMUNICATIONS, LLC | 1025 El Dorado Boulevard<br>Broomfield, CO 80021 | Telephone |
| MEDINA ELECTRIC COOPERATIVE INC. | P.O. Box 370<br>Hondo, TX 78861 | Electric |
| NEUFELD PETROLEUM AND PROPANE LTD. | 101 14125-99 Street<br>Grande Prairie, AB T8V 7G2 | Fuel |
| NEVADA ENERGY | 610 Nell Road<br>P.O. Box 30065<br>Reno, NV 89511 | Electric |
| NODAK ELECTRIC COOPERATIVE | 4000 32nd Avenue South<br>P.O. Box 13000<br>Grand Forks, ND 58208 | Electric |
| NORTH DAKOTA TELEPHONE COMPANY | 211 22nd Street NW<br>P.O. Box 180<br>Devils Lake, ND 58301-0180 | Telephone |
| NORTH WELLINGTON CO-OPERATIVE SERVICE | 56 Margaret Street<br>P.O. Box 700<br>Harriston, ON N0G 1Z0 | Fuel |
| NUVOX COMMUNICATION | 2 North Main Street<br>Greenville, SC 29601 | Telephone |
| OTERO COUNTY ELECTRIC COOPERATIVE I | P.O. Box 227<br>Cloudcroft, NM 88317-0227 | Electric |
| PACER PORTLAND PROPANE LLC | P.O. Box 573<br>Molalla, OR 97038-0573 | Fuel |
| PACIFIC / ROCKY MTN POWER / PACIFIC | 825 NE Multnomah Street, Suite 700<br>Portland, OR 97232 | Electric |
| PEDERNALES ELECTRIC COOPERATIVE, INC. | P.O. Box 1<br>Johnson City, TX 78636 | Electric |
| PENASCO VALLEY TELECOM | 4011 West Main<br>Artesia, NM 88210-9566 | Telephone |
| PUBLIC UTILITY DISTRICT OF GRANT CO. | P.O. Box 878<br>Ephraya, WA 98823 | Electric |
| QUESTAR GAS COMPANY | 180 East 100 South<br>Salt Lake City, UT 84139 | Fuel |
| QWEST CORPORATION | 1801 California Street, 25th Floor<br>Denver, CO 80202 | Telephone |

K&E 14269064.19

| Utility Provider | Address | Type of Service |
|---|---|---|
| ROANOKE ELECTRIC | 518 NC 561 West<br>P.O. Box 1326<br>Ahoskie, NC 27910 | Electric |
| ROTATE D.B.A | 140 Rafter O Ranch Road<br>Junction, TX 76849 | Fuel |
| SASK TEL | 210 York Road West<br>Yorkton, SK S3N 3N4 | Telephone |
| SASKATCHEWAN POWER CORPORATION | 2025 Victoria Avenue<br>Regina, SK S4P 0S1 | Electric |
| SUBURBAN PROPANE | P.O. Box 1239<br>Bransford, FL 32008 | Fuel |
| SUPERIOR PROPANE | Highway 17 West<br>Thunder Bay, ON P7B 6T8 | Fuel |
| SYNIVERSE TECHNOLOGIES INC. | 8125 Highwoods Palm Way<br>Tampa, FL 33647 | Telephone |
| TELCOVE OF VIRGINIA | 712 North Main Street<br>Coudersport, PA 16915 | Telephone |
| TELUS | P.O. Box 7575<br>Vancouver, ON V6B 8N9 | Telephone |
| TOM MATTHEISEN DBA MONTANA SATELLITE | 523 East Cottonwood Drive<br>Kalispell, MT 59901 | Telephone |
| JUST ENERGY | 5333 West Heimer Road<br>Houston, TX 77056 | Electric |
| UNION GAS | 603 Kumpf Drive<br>P.O Box 340<br>Waterloo, ON N2J 4A4 | Fuel |
| THE UNITED TELEPHONE COMPANY | 100 Centurytel Drive<br>Monro, LA 71203 | Telephone |
| VERIZON | P.O. Box 17577<br>Baltimore, MD 21297-0513 | Telephone |
| WASTE MANAGEMENT | P.O. Box 4648<br>Carol Stream, IL 60197-4648 | Garbage |
| XO COMMUNICATIONS SERVICES, INC. | 11111 Sunset Hills Road,<br>Reston, VA 20190 | Fuel |

K&E 14269064.19

# EXHIBIT C

## Adequate Assurance Procedures

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)
Ira S. Dizengoff
Arik Preis
Ashleigh L. Blaylock

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TERRESTAR NETWORKS INC., *et al.*,[1] | ) | Case No. 10-[_____] ( ) |
| | ) | |
| Debtors. | ) | Joint Administration Requested |
| | ) | |

## ADEQUATE ASSURANCE PROCEDURES

On October 19, 2010 (the "***Petition Date***"), the above-captioned debtors (collectively, the "***Debtors***") filed chapter 11 petitions commencing chapter 11 cases under title 11 of the United States Code (the "***Bankruptcy Code***"), in the United States Bankruptcy Court for the Southern District of New York (the "***Bankruptcy Court***"). On the Petition Date, the Debtors filed their Motion for Entry of Order Determining Adequate Assurance of Payment for Future Utility Services **[Docket No.___]** (the "***Motion***"). On **[DATE]**, the Bankruptcy Court entered the Order Determining Adequate Assurance of Payment for Future Utility Services **[Docket No.___]** (the "***Order***").

### A.     Proposed Adequate Assurance

The Debtors propose to deposit $90,000 - which represents an amount equal to the estimated aggregate cost for two weeks of utility service, calculated as a historical average over the past twelve months (the "***Adequate Assurance Deposit***" and in conjunction with the Debtors' ability to pay for future utility services in the ordinary

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: TerreStar New York Inc. (6394); TerreStar Networks Inc. (3931); Motient Communications Inc. (3833); Motient Holdings Inc. (6634); Motient License Inc. (2431); Motient Services Inc. (5106); Motient Ventures Holding Inc. (6191); MVH Holdings Inc. (9756); TerreStar License Inc. (6537); TerreStar National Services Inc. (6319); TerreStar Networks Holdings (Canada) Inc. (1337); TerreStar Networks (Canada) Inc. (8766) and 0887729 B.C. Ltd. (1345).

course of business, the "***Proposed Adequate Assurance***") – into a newly created, segregated interest-bearing account (the "***Utility Deposit Account***") for the benefit of utility providers (the "***Utility Providers***") on or before the date that is 21 days after the Petition Date.

**B.** **Adequate Assurance Procedures**

1.  Any Utility Provider desiring additional assurances of payment in the form of deposits, prepayments or otherwise must serve a request (an "***Additional Assurance Request***") so that it is received by the Debtors and the United States Trustee at the following addresses: (i) TerreStar Networks Inc., 12010 Sunset Hills Road, 6th Flr., Reston, Virginia 20190, Attn: Doug Brandon, Esq.; and (ii) proposed counsel to the Debtors, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036, Attn: Ira S. Dizengoff, Esq. and Arik Preis, Esq. (together, the "***Notice Parties***"). The Additional Assurance Request must be sent to all of the above Notice Parties to be deemed valid.

2.  Any Additional Assurance Request must (a) be made in writing, (b) set forth the location for which utility services are provided, (c) include a summary of the Debtors' payment history relevant to the affected account(s), including any security deposits, and (d) set forth why the Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

3.  Any Additional Assurance Request must be made and **actually received** by all the Notice Parties listed above by no later than 30 days after entry of the Order by this Court. If a Utility Provider fails to file and serve a timely Additional Assurance Request, it shall be: (a) forbidden to discontinue, alter, or refuse service to, or discriminate against, the Debtors on account of any unpaid prepetition charges, or require additional assurance of payment other than the two-week Proposed Adequate Assurance; and (b) deemed to have received adequate assurance of payment in compliance with section 366 of the Bankruptcy Code.

4.  Upon the Debtors' receipt of any Additional Assurance Request at the addresses set forth above, the Debtors shall have the greater of (a) 20 days from the receipt of the Additional Assurance Request or (b) 30 days from the Petition Date (collectively, the "***Resolution Period***") to negotiate with the Utility Provider to resolve the Utility Provider's Additional Assurance Request.

5.  The Debtors may, in their discretion, resolve any Additional Assurance Request by mutual agreement with the Utility Provider and without further order of the Court, and may, in connection with any such agreement, in their discretion, provide a Utility Provider with additional adequate assurance of future payment, including but not limited to cash deposits, prepayments or other forms of security, without further order of this Court if the Debtors believe additional assurance is reasonable.

6.      If the Debtors determine that the Additional Assurance Request is not reasonable and are not able to reach an alternative resolution with the Utility Provider during the Resolution Period, the Debtors, during or immediately after the Resolution Period, will request a hearing before this Court to determine the adequacy of assurances of payment with respect to a particular Utility Provider (the "***Determination Hearing***") pursuant to section 366(c)(3) of the Bankruptcy Code.

7.      Pending resolution of such dispute at the Determination Hearing, the relevant Utility Provider shall be restrained from discontinuing, altering or refusing service to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

## C.      Subsequent Modifications

The terms of the Order apply to any subsequently identified Utility Provider.  For those Utility Providers that are subsequently added to __Exhibit B__ attached to the Motion (the "***Utility Service List***"), the Debtors will serve a copy of the Motion on the subsequently added Utility Provider.  Subsequently added entities would then have 14 days from service of the Motion to make an objection (the "***Subsequent Objection Deadline***" and with the Objection Deadline, the "***Deadlines***").