AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)
Ira S. Dizengoff
Arik Preis
Ashleigh L. Blaylock

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| TERRESTAR NETWORKS INC., *et al.*,[1] | Case No. 10-[＿＿＿＿] ( ) |
| Debtors. | Joint Administration Requested |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND COMPENSATION OF CERTAIN PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS

The above-captioned debtors and debtors in possession (collectively, the "***Debtors***") seek

entry of an order, substantially in the form attached hereto as <u>Exhibit A</u>, authorizing the Debtors

to retain and compensate certain professionals utilized in the ordinary course of the Debtors'

business. In support of this motion, the Debtors submit the Declaration of Jeffrey W. Epstein,

Chief Executive Officer of TerreStar Networks Inc., in Support of First Day Pleadings (the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: TerreStar New York Inc. (6394); TerreStar Networks Inc. (3931); Motient Communications Inc. (3833); Motient Holdings Inc. (6634); Motient License Inc. (2431); Motient Services Inc. (5106); Motient Ventures Holding Inc. (6191); MVH Holdings Inc. (9756); TerreStar License Inc. (6537); TerreStar National Services Inc. (6319); TerreStar Networks Holdings (Canada) Inc. (1337); TerreStar Networks (Canada) Inc. (8766) and 0887729 B.C. Ltd. (1345).

"***First Day Declaration***").  In further support of this motion, the Debtors respectfully state as follows:

## Jurisdiction

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.     Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The statutory bases for the relief requested herein are sections 327, 328, 330 and 331 of title 11 of the United States Code (the "***Bankruptcy Code***").

## Background

4.     On October 19, 2010 (the "***Petition Date***"), each of the Debtors filed a petition with this Court under chapter 11 of the Bankruptcy Code.  The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases and no statutory committees have been appointed or designated.

5.     Contemporaneously with the filing of this motion, the Debtors have sought procedural consolidation and joint administration of these chapter 11 cases under the case of TerreStar Networks Inc.  A description of the Debtors' business, the reasons for filing these chapter 11 cases and the relief sought from this Court to allow for a smooth transition into operations under chapter 11 is set forth in the First Day Declaration, which is being filed contemporaneously with this motion.

## Basis for Relief

### A.     The Ordinary Course Professionals

6.     As described in the First Day Declaration, the Debtors employ various attorneys in the ordinary course of their business (each, an "***OCP***" and, collectively, the "***OCPs***").  The

2

OCPs provide services for the Debtors in a variety of matters unrelated to these chapter 11 cases, including legal services with regard to specialized areas of the law, such as securities, tax, corporate governance and Federal Communications Commission ("*FCC*") regulation. A list of the Debtors' current OCPs is attached hereto as Exhibit B.[2]

7. The Debtors also employ, in the ordinary course of business, professional service providers (the "*Service Providers*").[3] Although some of the Service Providers have professional degrees and certifications, they provide services to the Debtors that are integral to the day-to-day operation of the Debtors' business and do not directly relate to or materially affect the administration of these chapter 11 cases.

8. The Debtors submit that the continued employment and compensation of the OCPs and Service Providers is in the best interests of their estates, creditors and other parties in interest. Although the Debtors anticipate that the OCPs and Service Providers will wish to continue to represent the Debtors during these chapter 11 cases, many would not be in a position to do so if the Debtors could not pay them on a regular basis. Without the background knowledge, expertise and familiarity that the OCPs and Service Providers have relative to the

---

[2] The Debtors continue to review the list of OCPs and, to the extent of any changes, will supplement such list with separate filings on the Court's docket.

[3] For purposes of this motion, trial experts are excluded from the definition of OCPs and are treated as Service Providers. Courts have recognized that retention of trial experts as professionals is not required and would subject a debtor's litigation strategy to unwarranted disclosure and scrutiny. *See, e.g.*, *In re Napolean*, 233 B.R. 910, 913 (Bankr. D.N.J. 1999) (holding that environmental, legal malpractice and financial experts hired to assist in the prosecution of a state court malpractice action did not play "integral role[s] in the administration of the bankruptcy case" and were therefore not considered "'professional person[s]' under § 327(a)"); *Elstead v. Nolden* (*In re That's Entm't Mktg. Group Inc.*), 168 B.R. 226, 230-31 (N.D. Cal. 1994) (holding that an "accountant who is retained solely to testify as an expert witness in collateral litigation does not assume a 'central role in the administration of the bankruptcy'" and, therefore, is "not subject to the requirements of § 327 and Rule 2014"); *In re Babcock Dairy Co. of Ohio, Inc.*, 70 B.R. 691, 692 (Bankr. N.D. Ohio 1987) (holding that an expert witness retained by a chapter 7 trustee was not a "professional person" as such term is used in section 327 of the Bankruptcy Code because the expert's services were not central to the administration of the estate).

Debtors and their operations, the Debtors undoubtedly would incur additional and unnecessary expenses in educating and retaining replacement professionals. Accordingly, the Debtors' estates and their creditors are best served by avoiding any disruption in the professional services that are required for the day-to-day operation of the Debtors' business. Moreover, in light of the substantial number of OCPs and Service Providers, and the significant costs associated with the preparation of employment applications for professionals who will receive relatively modest fees, the Debtors submit that it would be impractical, inefficient and extremely costly for the Debtors and their legal advisors to prepare and submit individual applications and proposed retention orders for each OCP and Service Provider.

9. Although some of the OCPs and Service Providers may hold relatively small unsecured claims against the Debtors in connection with services rendered to the Debtors prepetition, the Debtors do not believe that any of the OCPs or Service Providers have an interest materially adverse to the Debtors, their creditors or other parties in interest.

**B.     The Proposed OCP Procedures**

10. The Debtors have designed streamlined procedures for retention and compensation of OCPs after the Petition Date, as reflected on Exhibit 1 to Exhibit A attached hereto (the "***OCP Procedures***"). Briefly, the OCP Procedures will permit the Debtors to employ OCPs upon the filing of a declaration of disinterestedness, substantially in the form attached hereto as Exhibit 2 to Exhibit A (the "***Declaration of Disinterestedness***"), and a brief objection period for certain parties, including the United States Trustee for the Southern District of New York and any statutory committee appointed in these chapter 11 cases (collectively, the "***Notice Parties***"). Among other things, each Declaration of Disinterestedness will state that the respective OCP does not have any material interest adverse to the Debtors or their estates.

18276828 v16

11.     The OCP Procedures further provide that all OCP fees and expenses, excluding costs and disbursements, do not exceed $50,000 per month (the "***OCP Monthly Cap***") and that each OCP's fees, excluding costs and disbursements, do not exceed $300,000 in the aggregate for these chapter 11 cases (the "***OCP Case Cap***").  Additionally, the Debtors seek to reserve the right to retain additional OCPs from time to time during these cases by (a) including such OCPs on an amended version of Exhibit B attached hereto, to be filed with the Court and served on the Notice Parties and (b) having such OCPs comply with the OCP Procedures.[4]

## Relief Requested

12.     By this motion, the Debtors seek authority to continue, in their sole discretion, to retain and compensate the OCPs on a postpetition basis in accordance with the OCP Procedures, without the need for each OCP to file formal applications for retention and compensation pursuant to sections 327, 328, 330 and 331 of the Bankruptcy Code.

## Supporting Authority

13.     In determining whether an entity is a "professional" within the meaning of section 327 of the Bankruptcy Code and, therefore, must be retained by express approval of the court, courts generally consider whether such entity is involved in the actual reorganization effort, rather than a debtor's ongoing business operations.  *See, e.g.*, *Comm. of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 619 (Bankr. S.D.N.Y. 1986) ("[T]he phrase 'professional persons,' as used in § 327(a), is a term of art reserved for those persons who play an intimate role in the reorganization of a debtors's estate."); *In re Drexel Burnham Lambert Group Inc.*, 112 B.R. 584, 587 (Bankr. S.D.N.Y. 1990) (same).

---

[4]   For the avoidance of doubt, except as authorized by the Court, the OCP Procedures shall not apply to professionals retained by the Debtors pursuant to separate orders of the Court.

18276828 v16

Courts often consider the following factors in determining whether an entity is a "professional" within the meaning of section 327 of the Bankruptcy Code:

a. whether the entity controls, manages, administers, invests, purchases or sells assets that are significant to the debtor's reorganization;

b. whether the entity is involved in negotiating the terms of a plan of reorganization;

c. whether the entity is directly related to the type of work carried out by the debtor or to the routine maintenance of the debtor's business operations;

d. whether the entity is given discretion or autonomy to exercise his or her own professional judgment in some part of the administration of the debtor's estate;

e. the extent of the entity's involvement in the administration of the debtor's estate; and

f. whether the entity's services involve some degree of special knowledge or skill, such that it can be considered a "professional" within the ordinary meaning of the term.

*See*, *e.g.*, *In re First Merchs. Acceptance Corp.*, No. 97-1500, 1997 WL 873551, at *3 (D. Del. Dec. 15, 1997) (listing factors); *In re Sieling Assocs. Ltd. P'ship*, 128 B.R. 721, 723 (Bankr. E.D. Va. 1991) (authorizing the debtor to retain an environmental consultant in the ordinary course of business); *In re Riker Indus., Inc.*, 122 B.R. 964, 973 (Bankr. N.D. Ohio 1990) (not requiring section 327 of the Bankruptcy Code approval of the fees of a management and consulting firm that performed only "routine administrative functions" and whose "services were not central to [the] bankruptcy case"); *In re Fretheim*, 102 B.R. 298, 299 (Bankr. D. Conn. 1989) (only those professionals involved in the actual reorganization effort, rather than debtor's ongoing business, require approval under section 327 of the Bankruptcy Code).

14. The foregoing factors must be considered as a whole when determining if an entity is a "professional" within the meaning of section 327 of the Bankruptcy Code. None of the factors alone is dispositive. Considering all of the factors, the Debtors do not believe that the

18276828 v16

OCPs are "professionals" requiring a full retention under section 327 of the Bankruptcy Code. The OCPs will not be involved in the administration of these chapter 11 cases. Instead, the OCPs will provide services in connection with the Debtors' ongoing business operations, which services are ordinarily provided by non-bankruptcy professionals. Nevertheless, to provide clarity and an opportunity for oversight, the Debtors seek the relief requested herein to establish clear mechanisms for retention and payment of the OCPs and thereby avoid any subsequent controversy with respect thereto.

15. Courts in this district regularly grant relief similar to that requested herein. *See, e.g., In re ION Media Networks, Inc.,* No. 09-13125 (Bankr. S.D.N.Y. June 26, 2009) (approving $50,000 monthly cap); *In re DBSD N. Am. Inc.,* No. 09-13061 (Bankr. S.D.N.Y. June 5, 2009) (same); *In re Chemtura Corp.,* No. 09-11233 (Bankr. S.D.N.Y. Apr. 13, 2009) (same).

16. The Debtors and their estates would be well served by continued retention of the OCPs because of their established relationships with the Debtors and understanding of the Debtors and their operations. Additionally, because the Service Providers are not acting as "professional persons" under the Bankruptcy Code they should be treated on terms consistent with other ordinary course vendors because the Service Providers are providing day-to-day operational assistance to the Debtors' business.

17. In light of the substantial number of OCPs and Service Providers, and the significant costs associated with the preparation of retention applications for professionals who will receive relatively modest fees, the Debtors submit that it would be impractical, inefficient and extremely costly for the Debtors and their legal advisors to prepare and submit individual applications and proposed retention orders for each OCP and Service Provider. Therefore, the Debtors submit it is in the best interest of all creditors and parties in interest to avoid any

disruption in the professional services that are required for the day-to-day operation of the Debtors' business by (a) retaining and compensating the OCPs in accordance with the Compensation Procedures and (b) continuing to employ and compensate the Service Providers in the Debtors' discretion within the ordinary course of their business.

### Waiver of Bankruptcy Rules 6004(a) and 6004(h)

18.     To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14 day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).  Pursuant to Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise."  As set forth above, the payments proposed herein are essential to prevent potentially irreparable damage to the Debtors' operations, value, and ability to reorganize.  Accordingly, the Debtors submit that ample cause exists to justify a waiver of the 14 day stay imposed by Bankruptcy Rule 6004(h), to the extent it applies.

### Motion Practice

19.     This motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated, and a discussion of their application to this motion.  Accordingly, the Debtors submit that this motion satisfies Rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York.

### Notice

20.     The Debtors have provided notice of this Motion to:  (a) the Office of the United States Trustee for the Southern District of New York; (b) the entities listed on the Consolidated List of Creditors Holding the 30 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (c) The Bank of New York Mellon as agent for the Debtors' proposed postpetition

18276828 v16

debtor-in-possession financing; (d) Emmet, Marvin & Martin LLP as counsel to the agent for the Debtors' proposed postpetition debtor-in-possession financing; (e) U.S. Bank National Association as Collateral Agent for the Debtors' purchase money credit facility and Harbinger Capital Partners Master Fund I, Ltd., Harbinger Capital Partners Special Situations Fund, L.P. and EchoStar Corporation as Lenders thereunder; (f) Weil, Gotshal & Manges LLP as counsel to Harbinger Capital Partners Master Fund I, Ltd. and Harbinger Capital Partners Special Situations Fund, L.P. in their capacity as Lenders under the Debtors' purchase money credit facility; (g) Willkie Farr & Gallagher LLP as counsel to EchoStar Corporation in its capacity as Lender under the Debtors' purchase money credit facility and Initial Lender under the Debtors' proposed postpetition debtor-in-possession financing; (h) U.S. Bank National Association as Indenture Trustee for the Debtors' 15% Senior Secured Notes; (i) U.S. Bank National Association as Indenture Trustee for the Debtors' 6.5% Senior Exchangeable Notes; (j) Quinn Emanuel Urquhart & Sullivan, LLP as counsel to an *Ad Hoc* group of the Debtors' 6.5% Senior Exchangeable Notes; (k) the Internal Revenue Service; (l) the Securities and Exchange Commission; (m) the United States Attorney for the Southern District of New York; and (n) the Federal Communications Commission.  In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

18276828 v16

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter an order, substantially in the form attached hereto as Exhibit A, authorizing the Debtors to retain and compensate OCPs in accordance with the OCP Procedures and (b) grant such other and further relief as is just and proper.

New York, New York
Dated: October 19, 2010

/s/ Ira S. Dizengoff
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)
Ira S. Dizengoff
Arik Preis
Ashleigh L. Blaylock

*Proposed Counsel to the Debtors and Debtors in Possession*

18276828 v16

## **EXHIBIT A**

**Proposed Order**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| TERRESTAR NETWORKS INC., *et al.*,[1] | ) | Case No. 10-[_____] ( ) |
| | ) | |
| Debtors. | ) | Joint Administration Requested |
| | ) | |

**ORDER AUTHORIZING THE DEBTORS' RETENTION AND COMPENSATION OF
CERTAIN PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

Upon the motion (the "***Motion***")[2] of the above-captioned debtors (collectively, the

"***Debtors***") for entry of an order authorizing the Debtors to retain and compensate certain

professionals utilized in the ordinary course of the Debtors' business; and upon the First Day

Declaration; and it appearing that the relief requested is in the best interests of the Debtors'

estates, their creditors and other parties in interest; and the Court having jurisdiction to consider

the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and

consideration of the Motion and the relief requested therein being a core proceeding pursuant to

28 U.S.C. § 157(b); and venue being proper before this court pursuant to 28 U.S.C. §§ 1408 and

1409; and notice of the Motion appearing to be adequate and appropriate under the

circumstances; and any objections to the requested relief having been withdrawn or overruled on

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: TerreStar New York Inc. (6394); TerreStar Networks Inc. (3931); Motient Communications Inc. (3833); Motient Holdings Inc. (6634); Motient License Inc. (2431); Motient Services Inc. (5106); Motient Ventures Holding Inc. (6191); MVH Holdings Inc. (9756); TerreStar License Inc. (6537); TerreStar National Services Inc. (6319); TerreStar Networks Holdings (Canada) Inc. (1337); TerreStar Networks (Canada) Inc. (8766) and 0887729 B.C. Ltd. (1345).

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The Motion is granted to the extent set forth herein.

2. The Debtors are authorized, in their discretion, to retain and pay reasonable fees and expenses for the services of attorneys in the ordinary course of their business.

3. The procedures for the retention and compensation of OCPs set forth on <u>Exhibit 1</u> attached hereto, including the form of the Declaration of Disinterestedness attached hereto as <u>Exhibit 2</u>, are hereby approved in their entirety.

4. The Debtors are authorized, but not required, to employ and pay reasonable fees and expenses for the services of the Service Providers. Such Service Providers shall include all such parties who are necessary to assist and advise the Debtors in the ordinary course of the Debtors' business.

5. Notwithstanding any provision herein to the contrary, the Debtors shall not be authorized to make any payments under this Order from any amounts loaned to the Debtors pursuant to the debtor-in-possession financing unless such payments or disbursements are included in the budget contained therein or otherwise authorized to be paid pursuant to the debtor-in-possession financing agreement.

6. Notwithstanding the possible applicability of Rules 6004(a) and 6004(h) of the Federal Rules of Bankruptcy Procedure, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

18276828 v16

8.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

New York, New York

Date: _____, 2010     _____

United States Bankruptcy Judge

# **EXHIBIT 1**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| TERRESTAR NETWORKS INC., *et al.*,[1] | ) Case No. 10-_____ ( ) |
| | ) |
| Debtors. | ) Joint Administration Requested |
| | ) |

**RETENTION AND COMPENSATION**
**PROCEDURES FOR ORDINARY COURSE PROFESSIONALS**

The following procedures (the "*OCP Procedures*") shall govern the retention of professionals retained by the above-captioned debtors (collectively, the "*Debtors*") in the ordinary course of business (each, an "*OCP*," and collectively, the "*OCPs*"):[2]

a. Each OCP shall file with the Court and serve a declaration of disinterestedness (each, a "*Declaration of Disinterestedness*") substantially in the form attached hereto as <u>Exhibit 2</u> upon: (i) proposed counsel to the Debtors, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036, Attn: Ira S. Dizengoff, Esq., and Arik Preis, Esq.; (ii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004; (iii) Bank of New York Mellon as agent for the Debtors' proposed postpetition debtor-in-possession financing; and (iv) counsel for any statutory committee appointed in these chapter 11 cases (collectively, the "*Notice Parties*").

b. The Notice Parties shall have 10 days after the filing and service of a Declaration of Disinterestedness to object to the retention of the OCP filing such declaration (the "*Objection Deadline*"). Any objecting party shall serve its objection upon the Notice Parties and the relevant OCP on or before the Objection Deadline. If an objection cannot be resolved

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: TerreStar New York Inc. (6394); TerreStar Networks Inc. (3931); Motient Communications Inc. (3833); Motient Holdings Inc. (6634); Motient License Inc. (2431); Motient Services Inc. (5106); Motient Ventures Holding Inc. (6191); MVH Holdings Inc. (9756); TerreStar License Inc. (6537); TerreStar National Services Inc. (6319); TerreStar Networks Holdings (Canada) Inc. (1337); TerreStar Networks (Canada) Inc. (8766) and 0887729 B.C. Ltd. (1345).

[2] Except as authorized by the Court, the OCP Procedures shall not apply to professionals retained by the Debtors pursuant to separate orders of the Court.

within 10 days after the Objection Deadline, then the retention of the OCP that is the subject of the objection shall be scheduled for hearing by the Debtors at the next regularly scheduled omnibus hearing date that is no less than 15 days from that date or on a date otherwise agreed to by the parties. The Debtors shall not be authorized to retain and pay such OCP until all outstanding objections have been withdrawn, resolved or overruled by order of the Court.

c. If no objection is received from any of the Notice Parties by the Objection Deadline with respect to an OCP, the Debtors shall be authorized to retain and pay that OCP in accordance with these OCP Procedures.

d. The Debtors are authorized to pay any retained OCP, without formal application to the Court, 100% of fees and disbursements upon submission of an appropriate invoice setting forth in reasonable detail the nature of the services rendered after the Petition Date and the fees and disbursements related thereto; *provided*, *however*, that each OCP's fees, excluding costs and disbursements, do not exceed (i) $50,000 per month (the "***OCP Monthly Cap***") or (ii) an aggregate of $300,000 while these chapter 11 cases are pending (the ***"OCP Case Cap"***).

e. To the extent that fees payable to any OCP exceed the OCP Monthly Cap set forth in paragraph (d) above, the OCP shall file a fee application (a "***Fee Application***") with the Court for the amount in excess of the OCP Monthly Cap in accordance with sections 330 and 331 of title 11 of the United States Code (the "***Bankruptcy Code***"), the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, the Fee Guidelines promulgated by the Executive Office of the United States Trustee, and any applicable orders of the Court, unless the United States Trustee agrees otherwise.

f. If an OCP exceeds the OCP Case Cap set forth in paragraph (d) above, the OCP shall file a retention application with the Court pursuant to section 327 of the Bankruptcy Code, unless the United States Trustee and counsel for any statutory committee appointed in these cases agrees otherwise.

g. At three-month intervals during the pendency of these chapter 11 cases beginning on October 19, 2010 through December 31, 2010 and for each three month period thereafter (each, a "***Quarter***"), the Debtors shall file with the Court and serve on the Notice Parties, no later than 30 days after the end of such Quarter, a statement that shall include the following information for each OCP: (i) the name of the OCP; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that OCP during the reported Quarter; (iii) all postpetition payments made to that OCP to date; and (iv) a general description of the services rendered by that OCP.

2

h.	The Debtors may retain additional OCPs from time to time during these chapter 11 cases by (i) including each additional OCPs on an amended version of <u>Exhibit B</u> attached to the Motion that shall be filed with the Court and served on the Notice Parties and (ii) having such additional OCP otherwise comply with the OCP Procedures.

18276828 v16

# EXHIBIT 2

**Form Declaration of Disinterestedness**

| | )<br>) | |
|---|---|---|
| In re: | )<br>) | Chapter 11 |
| TERRESTAR NETWORKS INC., *et al.*,[1] | )<br>) | Case No. 10-_____ (   ) |
| Debtors. | )<br>)<br>) | Joint Administration Requested |

**DECLARATION OF DISINTERESTEDNESS OF
[OCP] IN SUPPORT OF RETENTION AS ORDINARY COURSE PROFESSIONAL**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct:

1.      I am a _____ of_____, located at _____ (the "***Firm***").

2.      The above-captioned debtors (collectively, the "***Debtors***") have requested that the Firm provide [service description] services to the Debtors, and the Firm has consented to provide such services.

3.      The Firm may have performed services in the past, may currently perform services and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases. The Firm does not perform services for any such person in connection with these chapter 11 cases, or have any relationship with any such person, their attorneys, or accountants that would be adverse to the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: TerreStar New York Inc. (6394); TerreStar Networks Inc. (3931); Motient Communications Inc. (3833); Motient Holdings Inc. (6634); Motient License Inc. (2431); Motient Services Inc. (5106); Motient Ventures Holding Inc. (6191); MVH Holdings Inc. (9756); TerreStar License Inc. (6537); TerreStar National Services Inc. (6319); TerreStar Networks Holdings (Canada) Inc. (1337); TerreStar Networks (Canada) Inc. (8766) and 0887729 B.C. Ltd. (1345).

Debtors or their estates, except as follows: [PROFESSIONAL TO INSERT DISCLOSURE OF ANY NON-MATERIAL POTENTIALLY ADVERSE INTEREST TO THE DEBTORS.]

4.     [As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be retained by the Debtors, claimants and parties in interest in these chapter 11 cases.]

5.     Neither I nor any principal, partner, director or officer of, or professional retained by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Firm.

6.     Neither I nor any principal, partner, director or officer of, or professional retained by, the Firm, insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which this Firm is to be retained, except as follows: [PROFESSIONAL TO INSERT DISCLOSURE OF ANY NON-MATERIAL POTENTIALLY ADVERSE INTEREST TO THE DEBTORS.]

7.     The Debtors owe the Firm $[_____] for prepetition services, the payment of which is subject to limitations contained in the Bankruptcy Code.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

18276828 v16

8.       The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its retention, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

Executed on
Date: _____, 2010

_____
Name:
Title:

# EXHIBIT B

## List of Ordinary Course Professionals

| Names | Address | Vendor # | Description of Services | Monthly Fees (average) | Balance Owed | Terms of Payment |
|---|---|---|---|---|---|---|
| GOLDBERG, GODLES, WIENER & WRIGHT | 1229 Nineteenth Street NW, Washington, DC 20036 | 800086 | Regulatory Counsel | $ 15,000.00 | $ - | Net 30 |
| HOGAN & HARTSON LLP | 7930 Jones Branch Drive, Suite 900, Mclean, VA 22102 | 800093 | Corporate Counsel | $ 30,000.00 | $ - | Net 30 |
| PILLSBURY WINTHROP SHAW PITTMAN LLP | 2300 N Street NW, Washington, DC 20037-1128 | 800143 | Export Counsel | $ 10,000.00 | $ - | Net 30 |
| RICHARDS, LAYTON & FINGER | One Rodney Square, Wilmington, DE 19899 | 800259 | Delaware Counsel | $ 10,000.00 | $ - | Net 30 |
| WEIL, GOTSHAL & MANGES, LLP | 767 Fifth Avenue, New York, NY 10153-0019 | 800326 | Litigation Counsel | $15,000.00 | $ - | Net 30 |
| CROWELL & MORING LLP | 1001 Pennsylvania Ave, NW, Washington, DC 20004-2595 | 800615 | Government Procurement Counsel | $ 1,000.00 | $ - | Net 30 |
| WILKINSON BARKER KNAUER,LLP | 2300 N. Street NW, Suite 700, Washington, DC 20037 | 800769 | Regulatory Counsel | $ 10,000.00 | $ - | Net 30 |
| KAYE SCHOLER LLP | 901 Fifteenth Street NW, Washington, DC 20005 | 800854 | Government Contracting Counsel | $ 2,000.00 | $ - | Net 30 |