Philip D. Anker (PA 7833)
George W. Shuster Jr. (GS 7306)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
399 Park Avenue
New York, New York 10022
Telephone:  (212) 230-8800
Facsimile:   (212) 230-8888

*Attorneys for Marathon Asset Management, L.P.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                       :

In re                            :          Chapter 11
                                         :

TERRASTAR NETWORKS, <u>et al.</u>,[1]   :          Case No. 10-15446 (SHL)
                                       :

                  Debtors.    :          (Jointly Administered)
                                         :
-------------------------------------------------------------x

**JOINDER BY MARATHON ASSET MANAGEMENT, L.P. IN THE MOTION BY SERIES B CUMULATIVE CONVERTIBLE PREFERRED STOCKHOLDERS' PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a) AND 1112(b) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 1017(a), TO DISMISS CHAPTER 11 CASES OF MOTIENT HOLDINGS INC., MVH HOLDINGS INC., TERRESTAR NEW YORK INC., MOTIENT COMMUNICATIONS INC., MOTIENT SERVICES INC., <u>MOTIENT VENTURES HOLDING INC., AND MOTIENT LICENSE INC.</u>**

Marathon Asset Management, L.P., on behalf of one or more of its affiliated managed

funds ("Marathon"),[2] hereby joins and incorporates the Motion of the Series B Cumulative

Convertible Preferred Stockholders of TerreStar Corporation (the "Series B Preferred

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal taxpayer identification number, are: TerreStar New York Inc. (6394); TerreStar Networks Inc. (3931); Motient Communications Inc. (3833); Motient Holdings Inc. (6634); Motient License Inc. (2431); Motient Services Inc. (5106); Motient Ventures Holding Inc. (6191); MVH Holdings Inc. (9756); TerreStar License Inc. (6537); TerreStar National Services Inc. (6319); TerreStar Networks Holdings (Canada) Inc. (1337); TerreStar Networks (Canada) Inc. (8766); and 0887729 B.C. Ltd. (1345) (collectively, the "Debtors").

[2] Marathon is a large shareholder of common stock of TerreStar Corporation, the ultimate, non-debtor parent of all the Debtors in these cases, including the Above-the-Line Debtors.

Stockholders"), Pursuant to Bankruptcy Code Sections 105(a) and 1112(b) and Federal Rule of Bankruptcy Procedure 1017(a), to Dismiss Chapter 11 Cases of Motient Holdings Inc., MVH Holdings, Inc., TerreStar New York, Inc., Motient Communications Inc., Motient Services Inc., Motient Venture Holding Inc., and Motient License Inc. (collectively, the "Above-the-Line Debtors"), filed on November 1, 2010 (the "Motion"), and states as follows:

As described in the Motion, "cause" exists to dismiss the Chapter 11 cases of the Above-the-Line Debtors under Bankruptcy Code Sections 1112(b) and 105(a) because there is no valid purpose for their Chapter 11 filings. Rather, these filings, which appear to have no necessity to the restructuring of TerreStar Networks, Inc. and its subsidiaries (the "Below-the-Line Debtors"), appear to be part of a strategy by EchoStar Corporation ("EchoStar") improperly to extract excessive value from the Above-the-Line Debtors to the detriment of other parties in interest, including Marathon, with legitimate claims and rights to that value. For the reasons described in the Motion, the Chapter 11 cases of the Above-the-Line Debtors should be dismissed. But it is also important for the Court to appreciate the significance of the Above-the-Line Debtors' Chapter 11 filings in the bigger picture of these cases, in which one party in interest—EchoStar, an insider—is seeking to gain a stranglehold on the considerable value of the Debtors and their non-debtor affiliates for its own, sole benefit, and to avoid any meaningful review of its own pre-petition (and post-petition) actions.

One element of EchoStar's apparent strategy is the inclusion of the Above-the-Line Debtors in the DIP Financing arrangement with EchoStar. The Above-the-Line Debtors appear to be obtaining no cash or other benefit from their inclusion in that facility, yet they are poised to guarantee the facility and pledge their assets to secure the indebtedness of the Below-the-Line Debtors incurred under it. The only logical explanation for the inclusion of the Above-the-Line Debtors in the DIP Financing arrangement is as a pretense for EchoStar to grab control of these

entities and their assets, to the detriment of the Above-the-Line Debtors' creditors and direct and indirect shareholders.

A second, and related, element of EchoStar's evident strategy is the inclusion of the Above-the-Line Debtors in the Restructuring Support Agreement that the Debtors seek to assume. Under the restructuring plan described in that agreement, all of the assets of the Above-the-Line Debtors will be transferred to TerreStar Networks, Inc., a *subsidiary* in the capital structure, rather than what corporate and bankruptcy law require: making certain that the value of those assets inure to the benefit of the creditors and shareholders of the Above-the-Line Debtors, not to the benefit of a *subsidiary* of the Above-the-Line Debtors and, through that subsidiary, to the benefit of EchoStar.

Finally, a third element of EchoStar's apparent strategy is the isolation of the assets in which EchoStar appears to have a particular interest, the assets of the Above-the-Line Debtors and Below-the-Line Debtors, from other assets within the broader organizational structure of TerreStar Corporation (a nondebtor) and its debtor and nondebtor subsidiaries. Allowing EchoStar to pick-and-choose the particular entities and assets over which it would like ownership and control, including the assets of the Above-the-Line Debtors that do not appear to have any necessary connection to the restructuring of the Below-the-Line Debtors, will enable EchoStar to chill acquisition interest from other potential buyers that may wish to own and control different combinations of TerreStar assets and may be willing to provide greater value to the stakeholders in such assets.

Because the Chapter 11 cases of the Above-the-Line Debtors are driven by, and are part and parcel of, EchoStar's improper value-extraction strategy, and because there is no other, valid purpose for these Chapter 11 cases to continue, cause exists to dismiss the Chapter 11 cases of the Above-the-Line Debtors.

WHEREFORE, Marathon requests (a) entry of an order, substantially in the form annexed to the Motion as Exhibit A, dismissing the Above-the-Line Debtors' chapter 11 cases, and (b) granting such other and further relief as may be appropriate.

Date:   New York, New York
        November 5, 2010

                                              /s/ George W. Shuster, Jr.
                                    WILMER CUTLER PICKERING
                                      HALE AND DORR LLP
                                    Philip D. Anker (PA 7833)
                                    George W. Shuster Jr. (GS 7306)
                                    399 Park Avenue
                                    New York, New York 10022
                                    Telephone:  (212) 230-8800
                                    Facsimile:   (212) 230-8888

                                    *Attorneys for Marathon Asset Management, L.P., on behalf of one or more of its affiliated managed funds*