Presentment Date & Time: November 15, 2010 at 12:00 p.m. EST
Objection Deadline: November 12, 2010 at 5:00 p.m. EST
Hearing Date and Time (Only if Objection Filed): November 16, 2010 at 10:00 a.m. EST

QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
Susheel Kirpalani (SK-8926)
Scott C. Shelley (SS-1013)
Daniel S. Holzman (DH-5770)
51 Madison Avenue, 22nd Floor
New York, New York 10010

*Counsel to Solus Alternative Asset*
*Management LP and Millennium*
*International Management LP*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
In re:                                             : Chapter 11
                                                   :
                                                   : Case No. 10-15446 (SHL)
TERRESTAR NETWORKS INC., *et al.*,[1]              :
                                                   : (Jointly Administered)
         Debtors.                                  :
                                                   :
-----------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF STIPULATION, AGREEMENT AND ORDER
RESOLVING SERIES B CUMULATIVE CONVERTIBLE PREFERRED
STOCKHOLDERS' MOTION TO DISMISS CHAPTER 11 CASES OF MOTIENT
HOLDINGS INC., MVH HOLDINGS INC., TERRESTAR NEW YORK INC., MOTIENT
COMMUNICATIONS INC., MOTIENT SERVICES INC., MOTIENT VENTURES
<u>HOLDING INC., AND MOTIENT LICENSE INC.</u>**

**PLEASE TAKE NOTICE** that the undersigned will present the annexed Stipulation, Agreement and Order Resolving Series B Cumulative Convertible Preferred Stockholders' Motion to Dismiss Chapter 11 Cases of Motient Holdings Inc., MVH Holdings, Inc., TerreStar New York, Inc., Motient Communications Inc., Motient Services Inc., Motient Ventures Holding

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal taxpayer identification number, are: TerreStar New York Inc. (6394); TerreStar Networks Inc. (3931); Motient Communications Inc. (3833); Motient Holdings Inc. (6634); Motient License Inc. (2431); Motient Services Inc. (5106); Motient Ventures Holding Inc. (6191); MVH Holdings Inc. (9756); TerreStar License Inc. (6537); TerreStar National Services Inc. (6319); TerreStar Networks Holdings (Canada) Inc. (1337); TerreStar Networks (Canada) Inc. (8766); and 0887729 B.C. Ltd. (1345) (collectively, the "Debtors").

Inc., and Motient License Inc. (the "Stipulation"), among Solus Alternative Asset Management LP, Millennium International Management LP, Harbinger Capital Partners LLC on behalf of its managed and affiliated funds, Highland Capital Management L.P. on behalf of its managed and affiliated funds, TerreStar Networks Inc. and its affiliated debtors and debtors in possession (the "Debtors"), and EchoStar Corporation to the Honorable Sean H. Lane, United States Bankruptcy Judge, for signature on **November 15, 2010 at 12:00 p.m. EST**.

**PLEASE TAKE FURTHER NOTICE** that unless a written objection to the Stipulation, with proof of service, is served and filed with the Clerk of the Court and a courtesy copy is delivered to the Bankruptcy Judge's chambers and the undersigned so as to be received by **November 12, 2010 at 5:00 p.m. EST**, there will not be a hearing and the Stipulation may be approved by the Court.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely served and filed, a hearing (the "Hearing") will be held to consider the Stipulation on **November 16, 2010 at 10:00 a.m. EST** before the Honorable Sean H. Lane, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 701, One Bowling Green, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: November 8, 2010
New York, New York

> QUINN EMANUEL URQUHART
>   & SULLIVAN, LLP
>
>   */s/   Susheel Kirpalani*
> Susheel Kirpalani
> susheelkirpalani@quinnemanuel.com
>
> 51 Madison Avenue, 22nd Floor
> New York, New York 10010
> Telephone: (212) 849-7000
> Facsimile: (212) 849-7100
>
> *Counsel to Solus Alternative Asset*
> *Management LP and Millennium*
> *International Management LP*

Presentment Date & Time: November 15, 2010 at 12:00 p.m. EST
Objection Deadline: November 12, 2010 at 5:00 p.m. EST
Hearing Date and Time (Only if Objection Filed): November 16, 2010 at 10:00 a.m. EST

QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
Susheel Kirpalani (SK-8926)
Scott C. Shelley (SS-1013)
Daniel S. Holzman (DH-5770)
51 Madison Avenue, 22nd Floor
New York, New York 10010

*Counsel to Solus Alternative Asset*
*Management LP and Millennium*
*International Management LP*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re:

TERRESTAR NETWORKS INC., *et al.*,[1]

       Debtors.
---------------------------------------------------------------x

Chapter 11

Case No. 10-15446 (SHL)

(Jointly Administered)

**STIPULATION, AGREEMENT AND ORDER RESOLVING SERIES B CUMULATIVE CONVERTIBLE PREFERRED STOCKHOLDERS' MOTION TO DISMISS CHAPTER 11 CASES OF MOTIENT HOLDINGS INC., MVH HOLDINGS INC., TERRESTAR NEW YORK INC., MOTIENT COMMUNICATIONS INC., MOTIENT SERVICES INC., <u>MOTIENT VENTURES HOLDING INC., AND MOTIENT LICENSE INC.</u>**

Solus Alternative Asset Management LP, Millennium International Management LP (collectively, the "<u>Movants</u>"), Harbinger Capital Partners LLC on behalf of its managed and affiliated funds ("<u>Harbinger</u>"), and Highland Capital Management L.P. on behalf of its managed

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal taxpayer identification number, are: TerreStar New York Inc. (6394); TerreStar Networks Inc. (3931); Motient Communications Inc. (3833); Motient Holdings Inc. (6634); Motient License Inc. (2431); Motient Services Inc. (5106); Motient Ventures Holding Inc. (6191); MVH Holdings Inc. (9756); TerreStar License Inc. (6537); TerreStar National Services Inc. (6319); TerreStar Networks Holdings (Canada) Inc. (1337); TerreStar Networks (Canada) Inc. (8766); and 0887729 B.C. Ltd. (1345).

funds ("Highland", and together with Harbinger and the Movants, the "Preferred Stockholders"), TerreStar Networks Inc. ("TSN"), and its affiliated debtors and debtors in possession (collectively, the "Debtors"), and EchoStar Corporation ("EchoStar" and together with the Preferred Stockholders and the Debtors, the "Parties"), by and through their respective counsel, hereby enter into this Stipulation, Agreement and Order (the "Stipulation") and represent and agree as follows:

## RECITALS

WHEREAS, on October 19, 2010 (the "Petition Date"), the Debtors filed with this Court voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

WHEREAS, on the Petition Date, the Debtors filed with this Court their Motion (the "DIP Motion") for Interim and Final Orders (I) Authorizing the Debtors to Obtain Postpetition Financing (the "DIP Financing"); (II) Authorizing Debtors to Use Cash Collateral; (III) Granting Adequate Protection to Prepetition Secured Parties; and (IV) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c);

WHEREAS, on the Petition Date, the Debtors filed with this Court their Motion (the "PSA Motion") for an Order (A) Authorizing the Debtors to Assume a Restructuring Support Agreement and (B) Granting Related Relief, which seeks to assume the Plan Support Agreement (the "PSA") among the Debtors, TerreStar Corporation ("TSC"), TerreStar Holdings Inc. ("TS Holdings"), and EchoStar;

WHEREAS, pursuant to the PSA, EchoStar, the Debtors, TSC, and TS Holdings have committed to support a plan of reorganization consistent with the Restructuring Term Sheet attached to the PSA (the "Plan");

WHEREAS, on November 1, 2010, the Movants filed their Motion (the "Motion to Dismiss"), Pursuant to Bankruptcy Code Sections 105(a) and 1112(b) and Federal Rule of Bankruptcy Procedure 1017, to Dismiss Chapter 11 Cases of Motient Holdings Inc., MVH Holdings, Inc., TerreStar New York, Inc., Motient Communications Inc., Motient Services Inc., Motient Ventures Holding Inc., and Motient License Inc. (collectively, the "ATL Debtors");

WHEREAS the Parties have agreed to enter into this Stipulation upon the terms and conditions stated herein;

**AGREED ORDER**

IT IS THEREFORE AGREED AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:

1. TSC and the ATL Debtors shall remain parties to the PSA, and the PSA shall be deemed amended as follows: (a) the assets, property, and stock of the ATL Debtors and any direct or indirect subsidiary of TSC (other than (1) TSN or any of TSN's direct or indirect subsidiaries (the "TSN Debtors") or (2) any assets that the ATL Debtors have in the TSN Debtors, including, without limitation, the common stock of TSN held by Motient Ventures Holding Inc.) will not be restructured and/or distributed pursuant to the Plan; (b) TSC, TS Holdings, and the ATL Debtors shall not be liable for any monetary damages for any alleged breach of the PSA, and the only remedy that shall be available to the other parties thereunder for any such breach shall be specific performance; and (c) TSC, TS Holdings, and the ATL Debtors shall not be required to vote any claims or interests they have against TSN or any subsidiary of TSN in favor of or against the Plan.

2. None of the ATL Debtors shall be party to any plan of reorganization that restructures or reorganizes the TSN Debtors, unless either (i) the Preferred Stockholders holding

3

a majority of each of the aggregate number of shares then outstanding of TSC's Series A Cumulative Convertible Preferred Stock and the aggregate number of shares then outstanding of TSC's Series B Cumulative Convertible Preferred Stock (TSC's Series A Cumulative Convertible Preferred Stock and Series B Cumulative Convertible Preferred Stock collectively, the "Preferred Stock") held by such Preferred Stockholders consent, which consent shall not be unreasonably withheld or delayed, or (ii) such ATL Debtor determines in good faith that its fiduciary duties require such action.

3. The Debtor In Possession Credit, Security & Guaranty Agreement, by and among the Debtors, EchoStar and any lender parties thereto, and The Bank of New York Mellon (as amended from time to time, the "DIP Credit Agreement"), shall be amended to provide that, upon repayment to Echostar, in full and in cash of all principal and accrued interest, of any funds owed by the ATL Debtors under the DIP Credit Agreement (such repayment, the "ATL Funds Repayment"), the ATL Debtors shall be removed as Loan Parties (as defined in the DIP Credit Agreement) from the DIP Credit Agreement without penalty or requirement to provide guaranties, provided that any funding needs required by the ATL Debtors will be provided through a loan to be made available to TSC and the ATL Debtors upon the date of the ATL Funds Repayment by certain of the Preferred Stockholders (the "TSC Loan"), subject to the TSC Loan documentation being in form and substance reasonably satisfactory to TSC, the ATL Debtors, and the lenders thereunder. For the avoidance of doubt, the ATL Debtors shall not be removed as Loan Parties and guarantors under the DIP Credit Agreement unless and until the ATL Funds Repayment occurs. The Debtors and EchoStar hereby agree (i) not to advance, or allow to be advanced, more than $15,000 in the aggregate to the ATL Debtors under the DIP Credit Agreement and (ii) not to amend the DIP Credit Agreement at any time after the ATL

Funds Repayment to provide that the ATL Debtors shall be added as Loan Parties to the DIP Credit Agreement.

4. From and after the closing date of the TSC Loan (the "TSC Closing Date") until the earliest of (i) 75 days after the TSC Closing Date, (ii) the time either TSC or TS Holdings enters into an agreement regarding postpetition financing for one or both of TSC and TS Holdings, and (iii) the date TSC and/or TS Holdings files a petition under the Bankruptcy Code or commences any similar insolvency proceeding, provided no event of default under the TSC Loan shall have occurred, each of the Preferred Stockholders shall forbear from exercising rights and remedies under the certificates of designations (the "Certificates of Designations") with respect to the Preferred Stock, including the right to appoint or elect board members. During such forbearance period, the Certificates of Designations, and the protections therein in favor of the Preferred Stockholders, shall remain in effect.

5. The Preferred Stockholders, solely in their capacity as preferred stockholders, agree not to object to (or cause another holder of Preferred Stock to object to or support another holder of Preferred Stock's objection to) the relief requested in the DIP Motion or the PSA Motion.

6. The Movants shall hold their Motion to Dismiss (including any discovery which was filed in connection therewith on any of the parties hereto) in abeyance as of the date of this stipulation. The Movants will withdraw their Motion to Dismiss (including any discovery which was filed in connection therewith on any of the parties hereto) without prejudice upon approval of this Stipulation by the Bankruptcy Court. Each of the other Preferred Stockholders agrees that, absent any ATL Debtor becoming party to any plan of reorganization that restructures or reorganizes any or all of the TSN Debtors without first having obtained the

5

consent of the Preferred Stockholders in accordance with paragraph 2 of this Order, it shall not bring an action or file a motion seeking any of the relief requested (or any similar relief) in the Motion to Dismiss (and will not cause to be filed or support any motion filed by any other party with regard to such relief).

7. In the event TSC and/or TS Holdings becomes a debtor in a chapter 11 case and moves to assume the PSA, each of the Preferred Stockholders agrees not to object to such motion (and will not cause to be filed or support an objection filed by any party with regard to such assumption).

8. The Debtors hereby acknowledge and agree, and Echostar hereby agrees not to object (and will not cause to be filed or support an objection by any party), that TSC's intercompany loan (the "<u>TSC IC Loan</u>") to TSN, evidenced by those certain notes dated June 8, 2009, July 6, 2009, August 4, 2009, August 26, 2009, and September 21, 2009, in the face amount of $50 million (plus interest) is an allowed, undisputed, and non-contingent claim in TSN's chapter 11 cases, and the Debtors agree that the TSC IC Loan will be listed on TSN's schedule of assets and liabilities as such, without prejudice to the rights of other parties in interest. The Debtors and TSC agree not to amend or modify any of the terms of the TSC IC Loan unless each of a majority of the aggregate number of shares then outstanding of TSC's Series A Cumulative Convertible Preferred Stock and a majority of the aggregate number of shares then outstanding of TSC's Series B Cumulative Convertible Preferred Stock held by the Preferred Stockholders consent, which consent shall not be unreasonably withheld or delayed.

9. This Stipulation may be executed in counterparts, each of which shall be an original, with the same effect as if the signatures thereto were on the same instrument, and

such counterparts shall be construed together as one instrument.  Facsimile or pdf signatures shall be deemed original signatures.

        10.     Each Party agrees that this Stipulation constitutes the entire agreement between the Parties and supersedes all prior or contemporaneous written or oral communications, understandings, and agreements with respect to the subject matter hereof.  It is expressly understood and agreed that this Stipulation may not be altered, amended, modified or otherwise changed in any respect whatsoever except by a writing duly executed by each Party or the authorized representatives of each of the Parties.

[*Signature page follows*]

Dated: November 8, 2010

| | |
|---|---|
| **SOLUS ALTERNATIVE ASSET MANAGEMENT LP AND MILLENNIUM INTERNATIONAL MANAGEMENT LP** | **ECHOSTAR CORPORATION** |

*By their attorneys* / *By its attorneys*

**SOLUS ALTERNATIVE ASSET MANAGEMENT LP AND MILLENNIUM INTERNATIONAL MANAGEMENT LP**

*By their attorneys*

  /s/  Susheel Kirpalani
Susheel Kirpalani
susheelkirpalani@quinnemanuel.com
Scott C. Shelley
scottshelley@quinnemanuel.com
Daniel S. Holzman
danielholzman@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone:  (212) 849-7000
Fax:  (212) 849-7100

**TERRESTAR NETWORKS INC., AND ITS AFFILIATED DEBTORS AND DEBTORS IN POSSESSION**

*By their attorneys*

  /s/  Ira S. Dizengoff
Ira S. Dizengoff
idizengoff@akingump.com
Arik Preis
apreis@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Telephone:  (212) 872-1000
Fax:  (212) 872-1002

**ECHOSTAR CORPORATION**

*By its attorneys*

  /s/  Rachel C. Strickland
Rachel C. Strickland
rstrickland@willkie.com
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 728-8000
Fax:  (212) 728-8111

**HARBINGER CAPITAL PARTNERS LLC ON BEHALF OF ITS MANAGED AND AFFILIATED FUNDS**

*By its attorneys*

  /s/  Debra A. Dandeneau
Debra A. Dandeneau
debra.dandeneau@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone:  (212) 310-8000
Fax:  (212) 310-8007

**HIGHLAND CAPITAL MANAGEMENT, L.P. ON BEHALF OF ITS MANAGED FUNDS**

*By its attorneys*

  /s/  Scott K. Charles
Scott K. Charles
SKCharles@wlrk.com
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, New York  10019
Telephone:  (212) 403-1000
Fax:  (212) 403-2000

Dated: November __, 2010  SO ORDERED:
       New York, New York

       _____
       Honorable Sean H. Lane
       United States Bankruptcy Judge