# EXHIBIT A

# SECOND AMENDMENT TO DEBTOR-IN-POSSESSION CREDIT, SECURITY & GUARANTY AGREEMENT

This Second Amendment, dated as of December 14, 2010 (this "Amendment"), to the Debtor-in-Possession Credit, Security & Guaranty Agreement, dated as of October 21, 2010, by and among:

(i) TerreStar Networks Inc., a Delaware corporation (the "Borrower");

(ii) Motient Holdings Inc., a Delaware corporation, Motient Communications Inc., a Delaware corporation, Motient License Inc., a Delaware corporation, Motient Services Inc., a Delaware corporation, TerreStar New York Inc., a New York corporation, MVH Holdings Inc., a Delaware corporation, and Motient Ventures Holding Inc., a Delaware corporation (collectively the "Non-Subsidiary Guarantors"); TerreStar National Services, Inc., a Delaware corporation, and TerreStar License Inc., a Delaware corporation (together the "Domestic Subsidiary Guarantors");

(iii) TerreStar Networks Holdings (Canada) Inc., an Ontario corporation, TerreStar Networks (Canada) Inc., an Ontario corporation ("TerreStar Canada"), and 0887729 B.C. LTD., a British Columbia corporation (collectively the "Canadian Guarantors" and together with the Non-Subsidiary Guarantors, the Domestic Subsidiary Guarantors and such other guarantors from time to time party thereto, the "Guarantors" and together with the Borrower, the "Loan Parties");

(iv) the Lenders from time to time party thereto (the "Lenders"); and

(v) The Bank of New York Mellon, as administrative agent and collateral agent (in such capacities, the "Administrative Agent") (as amended by the First Amendment to Debtor-in-Possession Credit, Security & Guaranty Agreement, dated as of November 12, 2010, the "Credit Agreement");

is entered into by and among the Loan Parties and the Lenders.

WHEREAS, Loan Parties and the Lenders are parties to the Credit Agreement;

WHEREAS, the Loan Parties have requested that the Lenders consent to modification of the Credit Agreement to, under the circumstances set forth herein, change the definition of Milestone Requirement;

WHEREAS, the Lender party hereto constitutes the only Lender party to the Credit Agreement;

WHEREAS, pursuant to Section 9.08(b) of the Credit Agreement, except as set forth therein, the Credit Agreement may be amended pursuant to an agreement in writing entered into by the Borrower and the Required Lenders; and

WHEREAS, in connection with such request, the Loan Parties and the Lender have agreed to amend the Credit Agreement in certain respects, subject to the terms and conditions contained herein.

NOW, THEREFORE, the Lender and the Loan Parties hereby agree as follows:

1. <u>Definitions</u>. Any capitalized term used herein and not defined herein shall have the meaning assigned to it in the Credit Agreement.

2. <u>Amendments to Credit Agreement</u>. Effective as of the Amendment Effective Date (as defined below):

(a) The definition of Milestone Requirement in Section 1.01 of the Credit Agreement is amended in its entirety to read as follows:

""<u>Milestone Requirement</u>" shall mean the requirement that the Loan Parties, other than the Non-Subsidiary Guarantors, shall meet the following deadlines; <u>provided</u> <u>however</u>, that in the case of clauses (b), (f) and (g) below, the deadlines shall be met by all Loan Parties (which, for the avoidance of doubt, exclude the Non-Subsidiary Guarantors from and after the Repayment Date): (a) filing an Acceptable Plan by November 5, 2010, (b) filing, jointly with any person required by the FCC or Industry Canada, (i) all necessary applications for approval of the transfers of control over all the FCC Licenses, and the transfer of control over, transfer or assignment of all the Industry Canada Licenses within the terms and conditions thereof, and related authorizations held by any Loan Party that are contemplated by any Acceptable Plan and (ii) all required notifications to the FCC and Industry Canada, in each case by December 22, 2010, (c) receiving Bankruptcy Court approval of a disclosure statement by December 22, 2010, (d) commencement of a hearing by the Bankruptcy Court on confirmation of an Acceptable Plan by February 14, 2011, (e) entry of a final, non-appealable order by the Bankruptcy Court confirming such Acceptable Plan by February 28, 2011, (f) within 7 days after request of the Administrative Agent (acting at the written request of the Required Lenders), with respect to any order of the Bankruptcy Court, a corresponding recognition order, in form and substance reasonably acceptable to the Required Lenders shall have been entered in the Canadian Court, which order shall have become final and non-appealable within twenty-one (21) days after entry of such order by the Canadian Court, and (g) the Final DIP Order and Final Recognition Order shall have become final and non-appealable within 60 and 63 days of the date of the entry of the Interim DIP Order and Initial Recognition Order, respectively."

(b) The last sentence of Section 2.01 is amended in its entirety to read as follows: "Notwithstanding any provision of this Agreement to the contrary, the first Subsequent Funding Date is December 23, 2010 and the Loan made thereon shall be in an amount not in excess of $6,000,000."

2

3. <u>Representations and Warranties</u>. The Loan Parties hereby represent and warrant to the Lender, after giving effect to the amendment set forth herein, as follows:

(a) The representations and warranties contained herein, in the Credit Agreement and in each certificate or other writing delivered to the Lender or the Administrative Agent pursuant hereto on or prior to the date hereof are true and correct in all material respects on and as of the date hereof as though made on such date (except to the extent that such representations and warranties relate solely to an earlier date, in which case, such representations and warranties are true and correct in all material respects on and as of such earlier date).

(b) No Default or Event of Default has occurred and is continuing as of the date of this Amendment.

4. <u>Conditions to Effectiveness</u>. This Amendment shall become effective as of the first date (the "<u>Amendment Effective Date</u>") on which the Lender shall have received duly executed counterparts hereof that, when taken together, bear the authorized signatures of the Loan Parties.

5. <u>Miscellaneous</u>.

(a) <u>Continued Effectiveness of the Credit Agreement</u>. This Amendment shall be effective only in this specific instance for the specific purpose set forth herein. Except as otherwise expressly provided herein, the Credit Agreement is, and shall continue to be, in full force and effect and is hereby ratified and confirmed in all respects and the each Loan Party hereby reaffirms all obligations of the such Loan Party under the Credit Agreement. Except as expressly provided herein, the execution, delivery and effectiveness of this Amendment shall not operate as an amendment or waiver of any right, power or remedy of the Lenders under the Credit Agreement, nor constitute an amendment or waiver of any provision of the Credit Agreement or any other Loan Document, nor constitute a waiver of, or consent to, any Default or Event of Default now existing or hereafter arising under the Credit Agreement or any other Loan Document, and the Lenders expressly reserve all of their rights and remedies under the Credit Agreement and the other Loan Documents, under applicable law or otherwise.

(b) <u>Counterparts</u>. This Amendment may be executed in any number of counterparts and by different parties hereto in separate counterparts, each of which shall be deemed to be an original, but all of which taken together shall constitute one and the same agreement. Delivery of an executed counterpart of this Amendment by telefacsimile or other electronic method of transmission shall be equally as effective as delivery of an original executed counterpart of this Amendment.

(c) <u>Headings</u>. Section headings herein are included for convenience of reference only and shall not constitute a part of this Amendment for any other purpose.

(d) <u>Costs and Expenses</u>. The Borrower agrees to pay on demand all fees, costs and expenses in connection with the preparation, execution and delivery of this Amendment

(e) <u>Reference to Credit Agreement</u>. On and after the Amendment Effective Date, each reference in the Credit Agreement to "this Agreement", "hereunder", "hereof", "herein" or words of like import referring to the Credit Agreement, and each reference in the other Loan Documents to the "Credit Agreement", "thereunder", "thereof" or words of like import referring to the Credit Agreement shall mean and be a reference to the Credit Agreement as amended by this Amendment.

(f) <u>Amendment as Loan Document</u>. The Loan Parties acknowledge and agree that this Amendment constitutes a "Loan Document" under the Credit Agreement. Accordingly, it shall be an Event of Default under the Credit Agreement (i) if any representation or warranty made by the Loan Parties under or in connection with this Amendment shall have been untrue, false or misleading in any material respect when made or (ii) subject to the applicable grace periods set forth in the Credit Agreement, if any Loan Party fails to comply with any covenant or agreement set forth herein.

(g) <u>Governing Law</u>. **THIS AGREEMENT SHALL BE CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK AND GOVERNED BY THE LAWS OF THE STATE OF NEW YORK AND, AS APPLICABLE, THE BANKRUPTCY CODE.**

(h) <u>Waiver of Jury Trial</u>. **EACH PARTY HERETO HEREBY WAIVES, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, ANY RIGHT IT MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY LITIGATION DIRECTLY OR INDIRECTLY ARISING OUT OF, UNDER OR IN CONNECTION WITH THIS AGREEMENT OR ANY OF THE OTHER LOAN DOCUMENTS. EACH PARTY HERETO (A) CERTIFIES THAT NO REPRESENTATIVE, AGENT OR ATTORNEY OF ANY OTHER PARTY HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT SUCH OTHER PARTY WOULD NOT, IN THE EVENT OF LITIGATION, SEEK TO ENFORCE THE FOREGOING WAIVER AND (B) ACKNOWLEDGES THAT IT AND THE OTHER PARTIES HERETO HAVE BEEN INDUCED TO ENTER INTO THIS AGREEMENT AND THE OTHER LOAN DOCUMENTS, AS APPLICABLE, BY, AMONG OTHER THINGS, THE MUTUAL WAIVERS AND CERTIFICATIONS IN THIS SECTION 5(g).**

[Remainder of page intentionally left blank.]

IN WITNESS WHEREOF, the parties hereto have caused this Amendment to be duly executed by their respective authorized officers as of the day and year first above written.

TERRESTAR NETWORKS INC.,
debtor and debtor-in-possession, as the Borrower

By: /s/ Douglas Brandon
Name: Douglas Brandon
Title: General Counsel + Secretary

*Signature Page to Amendment to Debtor-in-Possession Credit Agreement*

MOTIENT HOLDINGS INC.
MOTIENT COMMUNICATIONS INC.
MOTIENT LICENSE INC.
MOTIENT SERVICES INC.
TERRESTAR NEW YORK INC.
MVH HOLDING INC.
MOTIENT VENTURES HOLDING INC.
TERRESTAR NATIONAL SERVICES, INC.
TERRESTAR LICENSE INC.,
each a debtor and debtor-in-possession, as
Guarantors

By: _____
Name: Douglas Branden
Title: Secretary


0887729 B.C. LTD.,
each a debtor and debtor-in-possession, as Canadian
Guarantors

By: _____
Name: Douglas Branden
Title: Secretary

TERRESTAR NETWORKS HOLDINGS
(CANADA) INC.
TERRESTAR NETWORKS (CANADA) INC.
each a debtor and debtor-in-possession, as Canadian
Guarantors

By: _____
Name:
Title:

*Signature Page to Amendment to Debtor-in-Possession Credit Agreement*

ECHOSTAR CORPORATION,
as Lender

By: /s/ David J. Rayner
Name: David J. Rayner
Title: CFO