AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036

(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)
Ira S. Dizengoff
Arik Preis
Ashleigh L. Blaylock

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TERRESTAR NETWORKS INC., *et al.*,[1] | ) | Case No. 10-15446 (SHL) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## NOTICE OF FILING OF THIRD AND FOURTH AMENDMENTS TO DEBTOR-IN-POSSESSION CREDIT, SECURITY & GUARANTY AGREEMENT

**PLEASE TAKE NOTICE** that on October 19, 2010, the above captioned debtors and debtors in possession (collectively, the "***Debtors***") filed the *Motion of the Debtors for Interim and Final Orders Under Sections 105, 361, 362, 363(c), 364(c)(1), 364(c)(2), 364(c)(3), 364(e) and 507 of the Bankruptcy Code and Bankruptcy Rules 2002, 4001 and 9014: (i) Authorizing Debtors to Obtain Postpetition Financing; (ii) Authorizing the Debtors to Use Cash Collateral; (iii) Granting Adequate Protection to Prepetition Secured Parties; and (iv) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c)* [Docket No. 13] (the "***DIP Motion***") to which the Debtor-in-Possession Financing Agreement (the "***DIP Agreement***") was attached as Exhibit B.

**PLEASE TAKE FURTHER NOTICE** that on October 20, 2010, the Court approved the *Interim Order Signed On 10/20/2010, Under Sections 105, 361, 362, 363(c), 364(c)(1), 364(c)(2), 364(c)(3), 364(e) and 507 of the Bankruptcy Code and Bankruptcy Rules 2002, 4001 and 9014: (I) Authorizing Debtors to Obtain Postpetition Financing; (II) Authorizing the Debtors to Use Cash Collateral; (III) Granting Adequate Protection to Prepetition Secured*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: TerreStar New York Inc. (6394), TerreStar Networks Inc. (3931), Motient Communications Inc. (3833), Motient Holdings Inc. (6634), Motient License Inc. (2431), Motient Services Inc. (5106), Motient Ventures Holding Inc. (6191), MVH Holdings Inc. (9756), TerreStar License Inc. (6537), TerreStar National Services Inc. (6319), TerreStar Networks Holdings (Canada) Inc. (1337), TerreStar Networks (Canada) Inc. (8766), and 0887729 B.C. Ltd. (1345).

*Parties; and (IV) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c)* [Docket No. 35] (the "***Interim DIP Order***").

**PLEASE TAKE FURTHER NOTICE** that on November 12, 2010, the Debtors entered into the first Amendment to the Debtor-in-Possession Credit, Security & Guaranty Agreement [Docket No. 153] (the "***First DIP Amendment***").

**PLEASE TAKE FURTHER NOTICE** that on November 18, 2010, the Court approved the *Final Order signed on 11/18/2010 Under Sections 105, 361, 362, 363(c), 364(c)(1), 364(c)(2), 364(c)(3), 364(e) and 507 of the Bankruptcy Code and Bankruptcy Rules 2002, 4001 and 9014: (I) Authorizing Debtors to Obtain Postpetition Financing; (II) Authorizing the Debtors to Use Cash Collateral; (III) Granting Adequate Protection to Prepetition Secured Parties* [Docket No. 181] (the "***Final DIP Order***").

**PLEASE TAKE FURTHER NOTICE** that on December 14, 2010, the Debtors entered into the second Amendment to the Debtor-in-Possession Credit, Security & Guaranty Agreement [Docket No. 270] (the "***Second DIP Amendment***").

**PLEASE TAKE FURTHER NOTICE** that on January 5, 2011, the Debtors entered into the third Amendment to the Debtor-in-Possession Credit, Security & Guaranty Agreement (the "***Third DIP Amendment***") attached hereto as <u>Exhibit A</u>.

**PLEASE TAKE FURTHER NOTICE** that on February 3, 2011, the Debtors entered into the fourth Amendment to the Debtor-in-Possession Credit, Security & Guaranty Agreement (the "***Fourth DIP Amendment***") attached hereto as <u>Exhibit B.</u>

**PLEASE TAKE FURTHER NOTICE** that the Debtors reserve all rights to further amend, revise or supplement the Third and Fourth DIP Amendments in accordance with the terms of the DIP Agreement.

**PLEASE TAKE FURTHER NOTICE** that the DIP Motion, the DIP Agreement, the Interim DIP Order, the First DIP Amendment, the Final DIP Order, the Second DIP Amendment, the Third DIP Amendment and the Fourth DIP Amendment (collectively, the "***DIP Documents***") are available on the Court's internet website at http://www.nysb.uscourts.gov.  A login and password to the Court's Public Access to Court Electronic Records ("***PACER***") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov.  A copy of the DIP Documents may also be examined

between the hours of 9:30 a.m. and 4:30 p.m., Monday through Friday, at the Office of the Clerk of the Bankruptcy Court, One Bowling Green, Room 511, New York, New York 10004-1408 or online at http://www.terrestarinfo.com.

New York, New York
Dated: February 3, 2011

*/s/ Ira S. Dizengoff*

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)
Ira S. Dizengoff
Arik Preis
Ashleigh L. Blaylock

*Counsel to the Debtors and Debtors in Possession*

<u>**Exhibit A**</u>

**Third DIP Amendment**

## THIRD AMENDMENT AND WAIVER TO DEBTOR-IN-POSSESSION CREDIT, SECURITY & GUARANTY AGREEMENT

This Third Amendment and Waiver, dated as of January 5, 2011 (this "Amendment"), to the Debtor-in-Possession Credit, Security & Guaranty Agreement, dated as of October 21, 2010, by and among:

(i) TerreStar Networks Inc., a Delaware corporation (the "Borrower");

(ii) Motient Holdings Inc., a Delaware corporation, Motient Communications Inc., a Delaware corporation, Motient License Inc., a Delaware corporation, Motient Services Inc., a Delaware corporation, TerreStar New York Inc., a New York corporation, MVH Holdings Inc., a Delaware corporation, Motient Ventures Holding Inc., a Delaware corporation, TerreStar National Services, Inc., a Delaware corporation, and TerreStar License Inc., a Delaware corporation;

(iii) TerreStar Networks Holdings (Canada) Inc., an Ontario corporation, TerreStar Networks (Canada) Inc., an Ontario corporation, and 0887729 B.C. LTD., a British Columbia corporation;

(iv) the Lenders from time to time party thereto (the "Lenders"); and

(v) The Bank of New York Mellon, as administrative agent and collateral agent (in such capacities, the "Administrative Agent") (as amended by the First Amendment to Debtor-in-Possession Credit, Security & Guaranty Agreement, dated as of November 12, 2010, and the Second Amendment to Debtor-in-Possession Credit, Security & Guaranty Agreement, dated as of December 14, 2010, the "Credit Agreement");

is entered into by and among the Loan Parties and the Lenders.

WHEREAS, Loan Parties and the Lenders are parties to the Credit Agreement;

WHEREAS, a Default under Sections 6.11 and 6.12 of the Credit Agreement with respect to December 31, 2010 has occurred and is continuing (the "Specified Default");

WHEREAS, the Loan Parties have requested that the Lenders permanently waive the Specified Default (the "Requested Waiver") and consent to modification of the Credit Agreement as set forth herein;

WHEREAS, the Lender party hereto constitutes the only Lender party to the Credit Agreement;

WHEREAS, pursuant to Section 9.08(b) of the Credit Agreement, except as set forth therein, provisions of the Credit Agreement may be waived and the Credit Agreement may

be amended pursuant to an agreement in writing entered into by the Borrower and the Required Lenders; and

WHEREAS, in connection with such requests, the Lender agrees to grant the Requested Waiver and the Loan Parties and the Lender have agreed to amend the Credit Agreement in certain respects, subject to the terms and conditions contained herein.

NOW, THEREFORE, the Lender and the Loan Parties hereby agree as follows:

1.  <u>Definitions</u>. Any capitalized term used herein and not defined herein shall have the meaning assigned to it in the Credit Agreement.

2.  <u>Waiver</u>. Effective as of the Amendment Effective Date (as defined below):

(a)  The Lender hereby permanently waives the Specified Default.

(b)  Except as expressly provided in Section 2(a) above, the Lender has not waived, and is not waiving, any Default or Event of Default that may exist on the date hereof or any other Default or Event of Default that may occur after the date hereof, and nothing contained herein shall be deemed to constitute any such waiver. The waiver provided in Section 2(a) above is limited solely to the Default of the covenants contained in Sections 6.11 and 6.12 arising from the Loan Parties failure to comply with such covenants on December 31, 2010 and does not constitute a waiver of any Default or Event of Default arising from any Loan Party's failure to comply with such covenants on any other previous or future date. No action or acquiescence by the Lender, including, without limitation, the acceptance of any payments under the Credit Agreement or the making of any advance or other financial accommodation shall be deemed to constitute any such waiver. Until such time as the Lender agrees in writing to a waiver of such Defaults or Events of Default, there shall be no such waiver. No delay by the Lender in exercising such rights or remedies shall be deemed nor shall constitute any waiver of any such rights or remedies.

3.  <u>Amendments to Credit Agreement</u>. Effective as of the Amendment Effective Date (as defined below):

(a)  The definition of Milestone Requirement in Section 1.01 of the Credit Agreement is amended in its entirety to read as follows:

""<u>Milestone Requirement</u>" shall mean the requirement that the Loan Parties, other than the Non-Subsidiary Guarantors, shall meet the following deadlines; provided however, that in the case of clauses (b), (f) and (g) below, the deadlines shall be met by all Loan Parties (which, for the avoidance of doubt, exclude the Non-Subsidiary Guarantors from and after the Repayment Date): (a) filing an Acceptable Plan by November 5, 2010, (b) filing, jointly with any person required by the FCC or Industry Canada, (i) all necessary applications for approval of the transfers of control over all the FCC Licenses, and the transfer of control over, transfer or assignment of all the Industry Canada Licenses within the terms and conditions thereof, and related authorizations held by any Loan Party

2

that are contemplated by any Acceptable Plan and (ii) all required notifications to the FCC and Industry Canada, in each case by December 23, 2010, (c) receiving Bankruptcy Court approval of a disclosure statement by December 22, 2010, (d) commencement of a hearing by the Bankruptcy Court on confirmation of an Acceptable Plan by March 7, 2011, (e) entry of a final, non-appealable order by the Bankruptcy Court confirming such Acceptable Plan by March 25, 2011, (f) within 7 days after request of the Administrative Agent (acting at the written request of the Required Lenders), with respect to any order of the Bankruptcy Court, a corresponding recognition order, in form and substance reasonably acceptable to the Required Lenders shall have been entered in the Canadian Court, which order shall have become final and non-appealable within twenty-one (21) days after entry of such order by the Canadian Court, and (g) the Final DIP Order and Final Recognition Order shall have become final and non-appealable within 60 and 63 days of the date of the entry of the Interim DIP Order and Initial Recognition Order, respectively."

(b)     The following is added after the last sentence of Section 2.01: "Notwithstanding any provision of this Agreement to the contrary, the second Subsequent Funding Date shall be January 14, 2011 and the Loan made thereon shall be in an amount not in excess of $2,800,000."

4.     <u>Representations and Warranties</u>. The Loan Parties hereby represent and warrant to the Lender, after giving effect to the waiver and the amendments set forth herein, as follows:

(a)     The representations and warranties contained herein, in the Credit Agreement and in each certificate or other writing delivered to the Lender or the Administrative Agent pursuant hereto on or prior to the date hereof are true and correct in all material respects on and as of the date hereof as though made on such date (except to the extent that such representations and warranties relate solely to an earlier date, in which case, such representations and warranties are true and correct in all material respects on and as of such earlier date).

(b)     No Default or Event of Default has occurred and is continuing as of the date of this Amendment.

5.     <u>Conditions to Effectiveness</u>. This Amendment shall become effective as of the first date (the "<u>Amendment Effective Date</u>") on which the Lender shall have received duly executed counterparts hereof that, when taken together, bear the authorized signatures of the Loan Parties.

6.     <u>Miscellaneous</u>.

(a)     <u>Continued Effectiveness of the Credit Agreement</u>. This Amendment shall be effective only in this specific instance for the specific purposes set forth herein. Except as otherwise expressly provided herein, the Credit Agreement is, and shall continue to be, in full force and effect and is hereby ratified and confirmed in all respects and the each Loan Party hereby reaffirms all obligations of the such Loan Party under the Credit Agreement. Except as expressly provided herein, the execution, delivery and effectiveness of

3

this Amendment shall not operate as an amendment or waiver of any right, power or remedy of the Lenders under the Credit Agreement, nor constitute an amendment or waiver of any provision of the Credit Agreement or any other Loan Document, nor constitute a waiver of, or consent to, any Default or Event of Default now existing or hereafter arising under the Credit Agreement or any other Loan Document, and the Lenders expressly reserve all of their rights and remedies under the Credit Agreement and the other Loan Documents, under applicable law or otherwise.

(b)     Counterparts.  This Amendment may be executed in any number of counterparts and by different parties hereto in separate counterparts, each of which shall be deemed to be an original, but all of which taken together shall constitute one and the same agreement.  Delivery of an executed counterpart of this Amendment by telefacsimile or other electronic method of transmission shall be equally as effective as delivery of an original executed counterpart of this Amendment.

(c)     Headings.  Section headings herein are included for convenience of reference only and shall not constitute a part of this Amendment for any other purpose.

(d)     Costs and Expenses.  The Borrower agrees to pay on demand all fees, costs and expenses in connection with the preparation, execution and delivery of this Amendment

(e)     Reference to Credit Agreement.  On and after the Amendment Effective Date, each reference in the Credit Agreement to "this Agreement", "hereunder", "hereof", "herein" or words of like import referring to the Credit Agreement, and each reference in the other Loan Documents to the "Credit Agreement", "thereunder", "thereof" or words of like import referring to the Credit Agreement shall mean and be a reference to the Credit Agreement as amended by this Amendment.

(f)     Amendment as Loan Document.  The Loan Parties acknowledge and agree that this Amendment constitutes a "Loan Document" under the Credit Agreement. Accordingly, it shall be an Event of Default under the Credit Agreement (i) if any representation or warranty made by the Loan Parties under or in connection with this Amendment shall have been untrue, false or misleading in any material respect when made or (ii) subject to the applicable grace periods set forth in the Credit Agreement, if any Loan Party fails to comply with any covenant or agreement set forth herein.

(g)     Governing Law.  **THIS AGREEMENT SHALL BE CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK AND GOVERNED BY THE LAWS OF THE STATE OF NEW YORK AND, AS APPLICABLE, THE BANKRUPTCY CODE.**

(h)     Waiver of Jury Trial.  **EACH PARTY HERETO HEREBY WAIVES, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, ANY RIGHT IT MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY LITIGATION DIRECTLY OR INDIRECTLY ARISING OUT OF, UNDER OR IN CONNECTION WITH THIS AGREEMENT OR ANY OF THE OTHER LOAN DOCUMENTS.  EACH**

PARTY HERETO (A) CERTIFIES THAT NO REPRESENTATIVE, AGENT OR ATTORNEY OF ANY OTHER PARTY HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT SUCH OTHER PARTY WOULD NOT, IN THE EVENT OF LITIGATION, SEEK TO ENFORCE THE FOREGOING WAIVER AND (B) ACKNOWLEDGES THAT IT AND THE OTHER PARTIES HERETO HAVE BEEN INDUCED TO ENTER INTO THIS AGREEMENT AND THE OTHER LOAN DOCUMENTS, AS APPLICABLE, BY, AMONG OTHER THINGS, THE MUTUAL WAIVERS AND CERTIFICATIONS IN THIS SECTION 5(g).

[Remainder of page intentionally left blank.]

ECHOSTAR CORPORATION,
as Lender

By:
Name: Robert Kehg
Title: SUP

IN WITNESS WHEREOF, the parties hereto have caused this Amendment to be duly executed by their respective authorized officers as of the day and year first above written.

TERRESTAR NETWORKS INC.,
debtor and debtor-in-possession, as the Borrower

By: _____
Name: Douglas Brandon
Title: General Counsel & Secretary

TERRESTAR NATIONAL SERVICES, INC.
TERRESTAR LICENSE INC.,
each a debtor and debtor-in-possession, as
Guarantors

By:
Name: Douglas Brandon
Title: Secretary


0887729 B.C. LTD.,
each a debtor and debtor-in-possession, as Canadian
Guarantors

By:
Name: Douglas Brandon
Title: Secretary

TERRESTAR NETWORKS HOLDINGS
(CANADA) INC.
TERRESTAR NETWORKS (CANADA) INC.
each a debtor and debtor-in-possession, as Canadian
Guarantors

By:_____
Name:
Title:

**Fourth DIP Amendment**

## FOURTH AMENDMENT AND WAIVER TO DEBTOR-IN-POSSESSION CREDIT, SECURITY & GUARANTY AGREEMENT

This Fourth Amendment and Waiver, dated as of February 3, 2011 (this "Amendment"), to the Debtor-in-Possession Credit, Security & Guaranty Agreement, dated as of October 21, 2010, by and among:

(i) TerreStar Networks Inc., a Delaware corporation (the "Borrower");

(ii) Motient Holdings Inc., a Delaware corporation, Motient Communications Inc., a Delaware corporation, Motient License Inc., a Delaware corporation, Motient Services Inc., a Delaware corporation, TerreStar New York Inc., a New York corporation, MVH Holdings Inc., a Delaware corporation, Motient Ventures Holding Inc., a Delaware corporation, TerreStar National Services, Inc., a Delaware corporation, and TerreStar License Inc., a Delaware corporation;

(iii) TerreStar Networks Holdings (Canada) Inc., an Ontario corporation, TerreStar Networks (Canada) Inc., an Ontario corporation, and 0887729 B.C. LTD., a British Columbia corporation;

(iv) the Lenders from time to time party thereto (the "Lenders"); and

(v) The Bank of New York Mellon, as administrative agent and collateral agent (in such capacities, the "Administrative Agent") (as amended by the First Amendment to Debtor-in-Possession Credit, Security & Guaranty Agreement, dated as of November 12, 2010, and the Second Amendment to Debtor-in-Possession Credit, Security & Guaranty Agreement, dated as of December 14, 2010, and by the Third Amendment to Debtor-in-Possession Credit Security & Guaranty Agreement, dated as of January 5, 2011, the "Credit Agreement");

is entered into by and among the Loan Parties and the Lenders.

WHEREAS, Loan Parties and the Lenders are parties to the Credit Agreement;

WHEREAS, a Default under Sections 6.11 and 6.12 of the Credit Agreement with respect to January 31, 2011 has occurred and is continuing (the "Specified Default");

WHEREAS, the Loan Parties have requested that the Lenders permanently waive the Specified Default (the "Requested Waiver") and consent to modification of the Credit Agreement as set forth herein;

WHEREAS, the Lender party hereto constitutes the only Lender party to the Credit Agreement;

WHEREAS, pursuant to Section 9.08(b) of the Credit Agreement, except as set forth therein, provisions of the Credit Agreement may be waived and the Credit Agreement may be amended pursuant to an agreement in writing entered into by the Borrower and the Required Lenders; and

WHEREAS, in connection with such requests, the Lender agrees to grant the Requested Waiver and the Loan Parties and the Lender have agreed to amend the Credit Agreement in certain respects, subject to the terms and conditions contained herein.

NOW, THEREFORE, the Lender and the Loan Parties hereby agree as follows:

1.    Definitions. Any capitalized term used herein and not defined herein shall have the meaning assigned to it in the Credit Agreement.

2.    Waiver. Effective as of the Amendment Effective Date (as defined below):

(a)    The Lender hereby permanently waives the Specified Default.

(b)    Except as expressly provided in Section 2(a) above, the Lender has not waived, and is not waiving, any Default or Event of Default that may exist on the date hereof or any other Default or Event of Default that may occur after the date hereof, and nothing contained herein shall be deemed to constitute any such waiver. The waiver provided in Section 2(a) above is limited solely to the Default of the covenants contained in Sections 6.11 and 6.12 arising from the Loan Parties failure to comply with such covenants on January 31, 2011 and does not constitute a waiver of any Default or Event of Default arising from any Loan Party's failure to comply with such covenants on any other previous or future date. No action or acquiescence by the Lender, including, without limitation, the acceptance of any payments under the Credit Agreement or the making of any advance or other financial accommodation shall be deemed to constitute any such waiver. Until such time as the Lender agrees in writing to a waiver of such Defaults or Events of Default, there shall be no such waiver. No delay by the Lender in exercising such rights or remedies shall be deemed nor shall constitute any waiver of any such rights or remedies.

3.    Amendments to Credit Agreement. Effective as of the Amendment Effective Date (as defined below):

(a)    The definition of Agreed Budget in Section 1.01 of the Credit Agreement is amended in its entirety to read as follows:

""Agreed Budget" shall mean Exhibit A to the Second Agreed Budget Letter Agreement, dated February 3, 2011, by and between the Borrower and Lender party thereto, subject to modification pursuant to Section 5.11(a)."

4.    Representations and Warranties. The Loan Parties hereby represent and warrant to the Lender, after giving effect to the waiver and the amendments set forth herein, as follows:

(a)    The representations and warranties contained herein, in the Credit Agreement and in each certificate or other writing delivered to the Lender or the Administrative Agent pursuant hereto on or prior to the date hereof are true and correct in all material respects on and as of the date hereof as though made on such date (except to the extent that such representations and warranties relate solely to an earlier date, in which case, such representations

2

and warranties are true and correct in all material respects on and as of such earlier date).

(b) No Default or Event of Default has occurred and is continuing as of the date of this Amendment.

5. <u>Conditions to Effectiveness</u>. This Amendment shall become effective as of the first date (the "<u>Amendment Effective Date</u>") on which the Lender shall have received duly executed counterparts hereof that, when taken together, bear the authorized signatures of the Loan Parties.

6. <u>Miscellaneous</u>.

(a) <u>Continued Effectiveness of the Credit Agreement</u>. This Amendment shall be effective only in this specific instance for the specific purposes set forth herein. Except as otherwise expressly provided herein, the Credit Agreement is, and shall continue to be, in full force and effect and is hereby ratified and confirmed in all respects and the each Loan Party hereby reaffirms all obligations of the such Loan Party under the Credit Agreement. Except as expressly provided herein, the execution, delivery and effectiveness of this Amendment shall not operate as an amendment or waiver of any right, power or remedy of the Lenders under the Credit Agreement, nor constitute an amendment or waiver of any provision of the Credit Agreement or any other Loan Document, nor constitute a waiver of, or consent to, any Default or Event of Default now existing or hereafter arising under the Credit Agreement or any other Loan Document, and the Lenders expressly reserve all of their rights and remedies under the Credit Agreement and the other Loan Documents, under applicable law or otherwise.

(b) <u>Counterparts</u>. This Amendment may be executed in any number of counterparts and by different parties hereto in separate counterparts, each of which shall be deemed to be an original, but all of which taken together shall constitute one and the same agreement. Delivery of an executed counterpart of this Amendment by telefacsimile or other electronic method of transmission shall be equally as effective as delivery of an original executed counterpart of this Amendment.

(c) <u>Headings</u>. Section headings herein are included for convenience of reference only and shall not constitute a part of this Amendment for any other purpose.

(d) <u>Costs and Expenses</u>. The Borrower agrees to pay on demand all fees, costs and expenses in connection with the preparation, execution and delivery of this Amendment

(e) <u>Reference to Credit Agreement</u>. On and after the Amendment Effective Date, each reference in the Credit Agreement to "this Agreement", "hereunder", "hereof", "herein" or words of like import referring to the Credit Agreement, and each reference in the other Loan Documents to the "Credit Agreement", "thereunder", "thereof" or words of like import referring to the Credit Agreement shall mean and be a reference to the Credit Agreement as amended by this Amendment.

(f) <u>Amendment as Loan Document</u>. The Loan Parties acknowledge

3

and agree that this Amendment constitutes a "Loan Document" under the Credit Agreement. Accordingly, it shall be an Event of Default under the Credit Agreement (i) if any representation or warranty made by the Loan Parties under or in connection with this Amendment shall have been untrue, false or misleading in any material respect when made or (ii) subject to the applicable grace periods set forth in the Credit Agreement, if any Loan Party fails to comply with any covenant or agreement set forth herein.

(g)    Governing Law.  **THIS AGREEMENT SHALL BE CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK AND GOVERNED BY THE LAWS OF THE STATE OF NEW YORK AND, AS APPLICABLE, THE BANKRUPTCY CODE.**

(h)    Waiver of Jury Trial.  **EACH PARTY HERETO HEREBY WAIVES, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, ANY RIGHT IT MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY LITIGATION DIRECTLY OR INDIRECTLY ARISING OUT OF, UNDER OR IN CONNECTION WITH THIS AGREEMENT OR ANY OF THE OTHER LOAN DOCUMENTS. EACH PARTY HERETO (A) CERTIFIES THAT NO REPRESENTATIVE, AGENT OR ATTORNEY OF ANY OTHER PARTY HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT SUCH OTHER PARTY WOULD NOT, IN THE EVENT OF LITIGATION, SEEK TO ENFORCE THE FOREGOING WAIVER AND (B) ACKNOWLEDGES THAT IT AND THE OTHER PARTIES HERETO HAVE BEEN INDUCED TO ENTER INTO THIS AGREEMENT AND THE OTHER LOAN DOCUMENTS, AS APPLICABLE, BY, AMONG OTHER THINGS, THE MUTUAL WAIVERS AND CERTIFICATIONS IN THIS SECTION 5(g).**

[Remainder of page intentionally left blank.]

IN WITNESS WHEREOF, the parties hereto have caused this Amendment to be duly executed by their respective authorized officers as of the day and year first above written.

TERRESTAR NETWORKS INC.,
debtor and debtor-in-possession, as the Borrower

By:
Name: Douglas Brandon
Title: General Counsel & Secretary

TERRESTAR NATIONAL SERVICES, INC.
TERRESTAR LICENSE INC.,
each a debtor and debtor-in-possession, as
Guarantors

By: _____
Name: Douglas Brandon
Title: Secretary


0887729 B.C. LTD.,
each a debtor and debtor-in-possession, as Canadian
Guarantors

By: _____
Name: Douglas Brandon
Title: Secretary

TERRESTAR NETWORKS HOLDINGS
(CANADA) INC.
TERRESTAR NETWORKS (CANADA) INC.
each a debtor and debtor-in-possession, as Canadian
Guarantors

By: Jacques Leduc
Name:
Title:

ECHOSTAR CORPORATION,
as Lender

By: _____
Name: DAVID RAYNER
Title: CFO