**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| TERRESTAR NETWORKS INC., *et al.*,[1] | ) ) ) | Case No. 10-15446 (SHL) |
| Debtors. | ) ) | Jointly Administered |

### ORDER APPROVING DEBTORS' MOTION TO SHORTEN THE TIME FOR NOTICE OF THE HEARING TO CONSIDER THE DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO ENTER INTO THE STALKING HORSE AGREEMENT AND (II) APPROVING CERTAIN BID PROTECTIONS IN CONNECTION THEREWITH

Upon the motion (the "***Motion***")[2] of the above-captioned debtors and debtors in possession (collectively, the "***Debtors***") for entry of an order pursuant to Rules 2002 and 9006(c) of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), Rule 9006-1(b) of the Local Bankruptcy Rules for the Southern District of New York (the "***Local Rules***") shortening the notice under Bankruptcy Rule 2002 with respect to the hearing to approve the *Debtors' Motion For Entry of an Order (i) Authorizing the Debtors to Enter into the Stalking Horse Agreement and (ii) Approving Certain Bid Protections in Connection Therewith* (the "***Stalking Horse Motion***"); and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409;

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are: TerreStar Networks Inc. (3931); TerreStar License Inc. (6537); TerreStar National Services Inc. (6319); TerreStar Networks Holdings (Canada) Inc. (1337); TerreStar Networks (Canada) Inc. (8766) and 0887729 B.C. Ltd. (1345).

[2] All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Stalking Horse Motion.

and the Court having considered the Motion and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; and that, pursuant to Bankruptcy Rules 2002 and 9006(c), it appears that cause exists to shorten the notice period under Bankruptcy Rule 2002 and due and proper notice of the Motion having been provided under the circumstances, and it appearing that no other or further notice need be provided; and the Debtors having previously informed the Court and parties of the potential need for shortened notice to consider the authorization of a stalking horse; and after due deliberation and sufficient cause appearing therefore, it is HEREBY ORDERED THAT:

1. The Motion is granted to the extent set forth herein.

2. The notice period required by Rule 2002(a) with respect to the Stalking Horse Motion hearing is hereby modified as follows:

   a. The hearing on the Stalking Horse Motion shall be held on **Tuesday, June 21, 2011 at 2:00 p.m.** (prevailing Eastern Time). The hearing to consider the Stalking Horse Motion may be continued from time to time by the Court or the Debtors without further notice other than by such adjournment being announced in open court or by notice of adjournment filed with the Court and served on the list of all parties required to be notified under Rule 2002 of the Bankruptcy Rules and Local Rule 9006-1(b) and other parties entitled to notice.

   b. Objections, if any, to the adequacy of the Stalking Horse Motion or the relief sought at the hearing to consider the Stalking Horse Motion in connection therewith must be filed with the Court (contemporaneously with a proof of service) and served upon the appropriate parties on or before the hearing objection deadline of **Friday, June 17, 2011 at 5:00 p.m.** (prevailing Eastern Time).

3. The Debtors shall mail notice of the hearing on the Stalking Horse Motion and corresponding objection deadline by overnight mail and electronic mail to all entities required under the Bankruptcy Rules within one (1) day after entry of this Order by this Court.

4. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

6. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

New York, New York  
Date: **June 15, 2011**

*/s/ Sean H. Lane*  
Honorable Sean H. Lane  
United States Bankruptcy Judge