**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| TERRESTAR NETWORKS, INC., *et al.* | Case No. 10-15446 (SHL) |
| Reorganized Debtors. | Jointly Administered |

-----------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| TERRESTAR CORPORATION, *et al.* | Case No. 11-10612 (SHL) |
| Reorganized Debtors. | Jointly Administered |

-----------------------------------------------------------x

**MEMORANDUM OF DECISION AND**
**ORDER DENYING MOTION FOR RECONSIDERATION**

Before the Court is the *Amended Motion for Reconsideration of Jeffrey M. Swarts and Patricia E. Swarts* [TSC ECF No. 670] (the "Motion), seeking reconsideration of two orders[1] disallowing and expunging the claims filed by Jeffrey M. and Patricia E. Swarts in the above-captioned cases. For the reasons set forth below, the Motion is denied.

**BACKGROUND**

The Motion must be understood in the context of the claims filed by Mr. Swarts in the above-captioned cases.[2] On October 19, 2010, Terrestar Networks, Inc. ("TSN") filed for protection under Chapter 11 of the Bankruptcy Code. Terrestar Corporation ("TSC") followed shortly thereafter, filing for Chapter 11 on February 16, 2011. While TSN and TSC are related entities, for reasons not relevant to this opinion, these cases are separately administered.

---

[1] The Motion seeks reconsideration of the following orders: (i) *Order Granting TSC Debtors' Objection to Claim of Jeffrey M. and Patricia E. Swarts (Claim No. 142)*, dated April 6, 2012 [TSC ECF No. 455], and (ii) *Order Granting TSN Debtors' Objection to Claim of Jeffrey M. and Patricia E. Swarts (Claim No. 129)*, dated April 6, 2012 [TSN ECF No. 963].

[2] While both the claims and the Motion were filed on behalf of Jeffrey M. Swarts and Patricia E. Swarts, they were signed only by Jeffrey M. Swarts. Furthermore, the Court has dealt only with Mr. Swarts on the various motions that he has filed in the above-captioned cases. For purposes of convenience, the Court refers only to Mr. Swarts, but the holding of this Order applies equally to Jeffrey M. and Patricia E. Swarts.

On May 13, 2011,[3] Mr. Swarts filed nearly identical proof of claims against both TSC and TSN (together, the "Claims").[4] While the Claims identified Mr. Swarts as the holder of 30,000 shares of TSC common stock, they did not purport to be based on ownership of TSC stock or on any direct relationship between Mr. Swarts and any Terrestar entity. Instead, Mr. Swarts asserted that the Claims were "derivative,"[5] and were based on amounts allegedly owed to him by Loral Space & Communications ("Loral")[6] in connection with Loral's long concluded Chapter 11 case.[7] Loral was a creditor of TSN,[8] and Mr. Swarts reasoned that any recovery Loral received on its claim should go directly to him as compensation for the harms he allegedly suffered during the Loral bankruptcy. These allegations were raised by Mr. Swarts during Loral's bankruptcy proceeding, in which Mr. Swarts was an active participant.

---

[3]    Mr. Swarts' claim in the TNS case was late filed, as the last date for filing proofs of claim in the TSN bankruptcy case was December 10, 2010.

[4]    The claim filed against TSC was designated as claim number 142 in the TSC bankruptcy case, while the claim filed against TSN was designated as claim number 129 in the TSN bankruptcy case.

[5]    The basis of the Claims was listed as "unsecured claim /derivative v. SS/L." It is the Court's understanding that "SS/L" refers to Space Systems Loral, a debtor in the Loral Chapter 11 case. Attached to the Claims were numerous statements for investment accounts of Jeffrey M. Swarts and/or Patricia E. Swarts relating to Loral Space & Communications stock.

[6]    In attachments to the Claims, Mr. Swarts stated:

> I declare that my wife and I are owed derivative claims offset against the unsecured claims of Loral Space & Communications in the Terrestar bankruptcy proceedings, based upon the previously described fraudulent transfer of equity claims to the former creditors of Old Loral. Loral has filed an unsecured claim against the debtors for three unpaid invoices totaling 16,512,722 01 [sic] seeking payment for TS-2, the debtors' spare satellite. Another claim by Loral has been filed as an Unsecured Non-priority Claim against Terrestar's estate in the amount of 35,647,804.11 [sic]. I believe that portions of these claims are owed to as compensation for the unjust losses we incurred in LORBQ (LORB) and LRLSQ (LOR) stocks. Although we are hopeful that Terrestar's estate will bring sufficient value in the §363 auction to provide a distribution to common shareholders, I believe that our derivative claims against Loral are a separate matter[.] I believe, based upon the actual current value of Loral, that Loral's claim against Terrestar is yet another example of the company's former creditors seeking additional value that rightfully belongs to the equity holders of Old Loral.

(Claims at 3-4.) The Claims also engaged in an extensive discussion of valuation issues related to the Loral bankruptcy proceeding and confirmation of the Loral plan of reorganization.

[7]    Loral filed for bankruptcy protection on July 15, 2003 and subsequently emerged from bankruptcy on November 21, 2005.

[8]    Loral filed an unsecured claim against TSN (Claim No. 43) for over $35.6 million, but was not a creditor of TSC.

TSC and TSN each filed separate objections seeking to disallow and expunge the Claims. Mr. Swarts filed numerous pleadings opposing the Debtors' objections, including thousands of pages of exhibits. (*See* TSC ECF Nos. 363, 417, 423, 427, 429, 430, 433, 446; TSN ECF Nos. 940, 948, 951, 952, 953, 957.) The majority of the material submitted by Mr. Swarts were copies of pleadings filed in the Loral bankruptcy proceeding or documents relating directly to Loral. A hearing on the Debtors' objections to the Claims was held on March 16, 2012, at which time Mr. Swarts appeared and argued on his own behalf.

On March 30, 2012, the Court issued a bench decision granting the Debtors' objections to the Claims. (*See* Hr'g Tr., March 30, 2012, TSC ECF No. 504.) The Court noted that while Mr. Swarts was ostensibly an equity holder of TSC, he was not a creditor of either the TSC or the TSN Debtors. As to the derivative nature of the Claims, the Court noted that being a creditor in the Loral bankruptcy and being dissatisfied with the result in that case did not give Mr. Swarts standing to assert a claim against the Terrestar Debtors. The Court reiterated the well-settled law that a creditor of a creditor in a chapter 11 case does not have a standing in the underlying chapter 11 case. *See, e.g., In re Comcoach Corp.*, 698 F.2d 571, 574 (2d Cir. 1983) (stating that "a judgment creditor of a creditor of the bankrupt was not a 'party in interest' because the judgment creditor was not itself a direct creditor of the bankrupt."); *In re Ritter Ranch Dev., L.L.C.*, 255 B.R. 760, 765 (B.A.P. 9th Cir. 2000) ("A creditor, under the Code, is one who has a claim against the debtor or the estate. The concept does not … encompass a creditor of one of the debtor's creditors."). The Court also held that the TSN Claim was filed after the bar date and that Mr. Swarts had failed to meet the excusable neglect standard to allow a late-filed claim. Finally, the Court made clear to Mr. Swarts that it did not have jurisdiction to revisit matters previously decided in the Loral bankruptcy proceedings and would not entertain further argument on those issues. On April 6, 2012, the Court entered the orders disallowing and expunging the Claims.

## DISCUSSION

Mr. Swarts moves for relief under Rules 59(e) and 60(b)(1),(2),(3) of the Federal Rules of Civil Procedure, which are made applicable in this case through Bankruptcy Rules 9023 and 9024, respectively. The Motion is also governed by Section 502(j) of the Bankruptcy Code, Federal Bankruptcy Rule 3008 and Local Bankruptcy Rule 3008-1, which relate to the reconsideration of claims that were previously disallowed.[9] *See In re Best Payphones, Inc.*, 2008 Bankr. LEXIS 2555, at *5 (Bankr. S.D.N.Y. July 3, 2008).

Under Section 502(j), "[a] claim that has been allowed or disallowed may be reconsidered for cause." 11 U.S.C. § 502(j). "Cause" is not defined by the Bankruptcy Code, but

> when deciding a motion under section 502(j) of the Bankruptcy Code -- a motion for reconsideration of a prior order -- the court should apply the same analysis that it would to a motion under Fed. R. Bankr. P. 9023 (incorporating Fed. R. Civ. P. 59) or Fed. R. Bankr. P. 9024 (incorporating Fed. R. Civ. P. 60), depending on whether the movant, as here, sought reconsideration within ten[10] days after the entry of the order disallowing the claim, or did so only later.

*In re Coudert Bros. LLP*, 2009 Bankr. LEXIS 2602, *5-*6 (Bankr. S.D.N.Y. Sept. 8, 2009), *rev'd on other grounds*, 673 F.3d 180, 2012 U.S. App. LEXIS 4019 (2d Cir. 2012) (citing *In re Enron Corp.*, 352 B.R. 363, 367-68 (Bankr. S.D.N.Y. 2006) (if a motion to reconsider an order disallowing a claim is filed within ten days after entry of the order, it is analogous to a motion under Fed. R. Bankr. P. 9023 and should be governed by the same principles as a motion under Fed. R. Civ. P. 59; if filed later, it should be considered as if it were a motion under Fed. R. Civ. P. 60); *In re Aguilar*, 861 F.2d 873, 875 (5th Cir. 1988); *In re Pt-1*

---

[9] Local Bankruptcy Rule 3008-1 states that "[n]o oral argument shall be heard on a motion to reconsider an order of allowance or disallowance of a claim unless the Court grants the motion and specifically orders that the matter be reconsidered upon oral argument. If a motion to reconsider is granted, notice and a hearing shall be afforded to parties in interest before the previous action taken with respect to the claim may be vacated or modified." Local Bankr. R.3008-1. The Court decides the Motion based on the papers before it and concludes that oral argument is not appropriate.

[10] Fed. R. Bankr. P. was subsequently amended to require that "[a] motion . . . to alter or amend a judgment shall be filed . . . no later than 14 days after entry of judgment." Fed. R. Bankr. P. 9023.

*Communs., Inc.*, 412 B.R. 85, 2009 Bankr. LEXIS 2389, at *5 (Bankr. E.D.N.Y. Aug. 28, 2009); *In re Best Payphones*, 2008 Bankr. LEXIS 2555 at *6-8; *In re Wyatt, Inc.*, 168 B.R. 520, 522 n.2 (Bankr. D. Conn. 1994)). Reconsideration of a claim lies within the discretion of the court. *See id.* (quoting Fed. R. Bankr. P. 3008 advisory committee's note (1983)); *see also Colley v. National Bank of Texas (In re Colley)*, 814 F.2d 1008, 1010 (5th Cir.)).

As noted above, Mr. Swarts moves for reconsideration under both Federal Rules 59(e) and 60(b). But Bankruptcy Rule 9023, which incorporates Federal Rule 59, requires that "[a] motion . . . to alter or amend a judgment . . . be filed . . . no later than 14 days after entry of judgment." Fed. R. Bankr. P. 9023. Mr. Swarts filed the Motion approximately six months after the Court entered the orders expunging the Claims, which prevents Mr. Swarts from obtaining relief under Federal Rule 59.

In any event, Mr. Swarts' Motion also fails on the merits. The standard for granting a motion to alter or amend a judgment under Federal Rule 59(e) is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995)). Such request for relief "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Tonga Partners*, 684 F.3d at 52 (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998). Thus, "[m]otions for reconsideration and to amend or alter judgment serve a limited function—to correct manifest errors of law or fact or to present newly discovered evidence." *In re Pothoven*, 84 B.R. 579, 582 (Bankr. S.D. Iowa 1988); *see also In re Crozier Bros., Inc.*, 60 B.R. 683, 687 (Bankr.S.D.N.Y.1986). Reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health*

*Management Sys. Inc. Sec. Litig.*, 113 F.Supp.2d 613, 614 (S.D.N.Y.2000).  The burden rests with the movant.  *See Crozier*, 60 B.R. at 688.

Rule 60(b) provides that the Court may relieve a party from a final judgment, order or proceeding due to:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  "A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances."  *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001)   "The burden of proof is on the party seeking relief from judgment."  *Id.*  Whether to grant a motion for relief under Rule 60(b) is within the discretion of the court.  *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (citing *Montco, Inv. V. Barr (In re Emergency Beacon Corp.*, 666 F.2d 754, 760 (2d Cir. 1981)).  Rule 60(b) "'is not a substitute for a timely appeal. . . .'"  *Frankel v. ICD Holdings S.A.*, 939 F. Supp. 1124, 1127 (S.D.N.Y. 1996) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)).  Additionally, "Rule 60(b) may not be used to 'relitigate matters settled by the original judgment.'"  *Frankel*, 939 F. Supp. at 1127 (quoting *Donovan v. Sovereign Security, Ltd.*, 726 F.2d 55, 60 (2d Cir. 1984)).

Mr. Swarts argues that the Court should reconsider its prior orders because he has been the victim of manifest injustice through the alleged fraudulent activities and collusion perpetrated by Loral, TSC and their respective fiduciaries and advisors, activities which Mr. Swarts alleges were facilitated by the SDNY courts and federal regulators.  (Motion ¶ 17.)  These allegations

are essentially based upon two assertions, both of which have previously been argued by Mr. Swarts and rejected by this Court. First, Mr. Swarts argues that the valuations of the Terrestar assets were inaccurate and used inappropriate methodologies. Mr. Swarts was given a full opportunity during the TSC Debtors' confirmation hearing held on October 10, 2012, to put on any and all evidence that he has with respect to valuation in connection with his objection to confirmation. Mr. Swarts actively participated in that hearing, submitting exhibits to the Court and cross-examining Mr. Steven Zelin, a Senior Managing Director with Blackstone Advisory Partners L.P., the financial advisor retained by the TSC Debtors and the witness that the TSC Debtors offered on valuation. The Court overruled Mr. Swarts' valuation arguments in connection with confirmation of the TSC plan of reorganization. (*See* TSC Hr'g Tr., 121:7-136:6, October 10, 2012, ECF No. 675.) Mr. Swart's second argument relates to wrongs that he perceives were committed against him during the Loral bankruptcy proceeding. But as the Court has repeatedly told Mr. Swarts at many hearings in these cases, this Court is not the proper forum for raising arguments about the Loral bankruptcy. (*See, e.g.,* Hr'g Tr., March 30, 2012, TSC ECF No. 504.)

      Mr. Swarts' Motion makes clear that he wishes to revisit the issues previously addressed by this Court:

> [T]he court, in its orders of April 6, 2012, disallowed the Swarts Claims. The court was persuasive in its bench ruling of March 30, 2012. Although I intended to file an appeal if the Swarts Claims were denied, I did not, having been persuaded by the court in its ruling. However, recent events have convinced me that I should put this issue before the court once again.

(Motion ¶ 19.) But "a motion for reconsideration is neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." *Associated Press v. U.S. Dep't of Def.*, 395 F.Supp.2d 17, 19 (S.D.N.Y.2005)); *see also Fleming v. New York University*, 865 F.2d 478, 484-485 (2d Cir. N.Y.

1989) ("Rule 60(b)(3) motion cannot be granted absent clear and convincing evidence of material misrepresentations and cannot serve as an attempt to relitigate the merits.")  Most importantly, "[i]n no circumstances . . . may a party use a Rule 60(b) motion as a substitute for an appeal it failed to take in a timely fashion."  *Stevens*, 676 F.3d at 67 (citing *United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009)).  The Court therefore declines to revisit its prior decisions on the issues of valuation and the Loral bankruptcy proceeding in the context of a motion to reconsider the Claims

Mr. Swarts also argues that he has recently obtained new information through discovery he received from the Debtors in connection with his objection to confirmation of the TSC plan of reorganization.  But new evidence alone is not enough to overturn this Court's prior decision under Rule 60(b).

> The movant must demonstrate that (1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding, (2) *the movant must have been justifiably ignorant of them despite due diligence*, (3) the evidence must be admissible *and of such importance that it probably would have changed the outcome*, and (4) the evidence must not be merely cumulative or impeaching.

*Frankel*, 939 F. Supp. at 1127 (emphasis added).  The Court has examined the documents that Mr. Swarts submitted with the Motion.  The vast majority relate to Loral.  Several of the documents were available at the time the claims objection was briefed and argued, and many of them were previously submitted by Mr. Swarts in connection with the various motions he has filed in these cases.  The few new documents that Mr. Swarts included with the Motion were materials that Mr. Swarts submitted in connection with his objection to confirmation of the TSC plan of reorganization.  These documents do not change the Court's original analysis with respect to its decision to grant the motion objecting to the Claims.

## **CONCLUSION**

The arguments made by Mr. Swarts' Motion have previously been addressed in these bankruptcy proceedings. Additionally, Mr. Swarts has failed to present any evidence – whether newly discovered or previously overlooked by the Court – that would change the outcome of the Court's decision to expunge the Claims. Accordingly, the Court denies the Motion.

IT IS SO ORDERED.

Dated: New York, New York
       February 28, 2013

                                    */s/ Sean H. Lane*
                                    UNITED STATES BANKRUPTCY JUDGE